**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| SONOS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 6:20-cv-00881-ADA |
| | § | |
| GOOGLE LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |
| | § | |

**CASE READINESS STATUS REPORT**

Plaintiff Sonos, Inc. ("Sonos" or "Plaintiff") and Defendant Google LLC ("Google" or "Defendant") hereby provide the following status report in advance of the initial Case Management Conference.

## FILING AND EXTENSIONS

Plaintiff's Complaint was filed on September 29, 2020. One extension for a total of 30 days was requested, unopposed and granted.

## RESPONSE TO THE COMPLAINT

Google responded to the Complaint on November 19, 2020 by filing a Rule 12(b)(3) Motion to Stay or Dismiss Pursuant to the First-to-File Rule. Dkt. 22 ("Google's Motion to Dismiss").

## PENDING MOTIONS

Google filed its Motion to Dismiss on November 19, 2020. Sonos's opposition is currently due December 3, 2020. However, the parties include additional information regarding that briefing in the "Meet and Confer Status," *infra*.

## RELATED CASES IN THIS JUDICIAL DISTRICT

None known.

## IPR, CBM, AND OTHER PGR FILINGS

There are no known IPR, CBM or other PGR filings.

## NUMBER OF ASSERTED PATENTS AND CLAIMS

Sonos asserted 5 patents and identified a total of 5 asserted claims in the Complaint. Sonos intends to assert around 97 claims when it serves its Preliminary Infringement Contentions.

## APPOINTMENT OF A TECHNICAL ADVISER

Sonos requests that a technical adviser be appointed to the case to assist the Court with claim construction or other technical issues.

Google does not oppose Sonos's request.

## MEET AND CONFER STATUS

Plaintiff and Defendant met and conferred. The parties identified the following pre-

*Markman* issues to raise at the CMC:

> Google's Motion To Stay or Dismiss

*Sonos's Position*:  In its Motion to Dismiss, Google asks this Court to dismiss or stay this action pending what it describes as a "first filed" action in the Northern District of California.  Dkt. 22 at 1.  Since Google filed its motion, Judge Alsup in the Northern District of California stayed the alleged "first filed" action, deferring to this Court's venue determination.  *See* Exhibit A[1] at 4.

Google's Motion to Dismiss discusses at length the "convenience factors typically considered in motions to transfer under 28 U.S.C. § 1404(a)."  Dkt. 22 at 2; *see also id.* at 10-17.  Thus, Google has already briefed the issues relating to venue transfer.  As a result, Sonos believes that the most efficient way forward is to treat Google's motion to dismiss as a motion to transfer under § 1404(a) and proceed accordingly. In fact, Judge Alsup recognized that Google has already filed its 1404 motion and is waiting on this Court's determination of Google's Motion. *See* Exhibit A at 4.  Treating Google's Motion as a motion to transfer is also directly in-line with the Federal Circuit's recent pronouncement that "once a party files a transfer motion, disposing of that motion should unquestionably take top priority." *In re Apple*, -- F.3d -- (Fed. Cir. 2020), 2020 WL 6554063, at *2 (Fed. Cir. 2020). Allowing Google to refile a motion, one that it already briefed, is a waste of judicial resources, inefficient, and at odds with the authority cited above.[2]

Consistent with this Court's Standing Order Regarding Venue and Jurisdictional Discovery, Sonos intends to take venue discovery. Accordingly, Sonos proposes that it respond to Google's Motion to Dismiss (as if it were a motion to transfer under 28 U.S.C. § 1404(a)) "two weeks after the completion of venue [] discovery."  In other words, Sonos would not file an opposition to the Motion to Dismiss on the scheduled December 3 deadline (such an opposition would simply point out that the Motion is mooted by Judge Alsup's order).  Instead, Sonos would treat the Motion to Dismiss as a Motion to Transfer under § 1404(a) and would file its opposition

---

[1] Judge Alsup expressly requested that the parties provide this Court with a copy of his order.  Exhibit A at 5-6.
[2] Contrary to Google's suggestion below, Sonos did not invite Google to file a re-do motion.  Google's Motion to Dismiss was filed mere minutes ahead of the hearing before Judge Alsup.  Thus, at the time of the hearing, Sonos was unaware that Google had, in fact, already filed a motion that contained a fulsome discussion of the 1404(a) factors.

once venue discovery closes.

Google indicated that it seeks to present two additional issues that are not present in its current Motion to Dismiss: (1) an argument that forum selection clauses contained in one or more agreements between Google and Sonos allegedly favor transfer and (2) the burden of proof on a motion to transfer. While Sonos disputes that the forum selection clause(s) should affect the venue determination, in the spirit of compromise, it offered to permit Google to file a 5-page supplemental brief discussing these two issues.[3]  Google rejected this offer.

*Google's Position*:  Google filed a Rule 12(b)(3) motion to stay or dismiss.  Google has not filed a motion to transfer under 28 U.S.C. § 1404(a).[4]

Sonos cites no authority (and there is none) for treating Google's motion as something it is not.  It would be erroneous – and prejudicial – for the Court to accept Sonos's self-serving invitation to do so.  *Front Row Technologies, LLC v. NBA Media Ventures, LLC*, 163 F. Supp. 3d 938, 991 (D.N.M. 2016) (declining defendant's invitation to treat plaintiff's Rule 12(b)(6) motion to dismiss as a motion to strike in part because "the movant should be master of its motion"). Indeed, during the argument on its motion to dismiss before the California court, Sonos affirmatively acknowledged that Google still had "the right" to file a 1404(a) motion to transfer in this case if the California court granted its motion to dismiss. Ex. B at 16:12-20 ("Your Honor, by the way, if you grant our motion, they can still do that.  There's nothing about this court declining declaratory judgment jurisdiction that prohibits them from bringing a motion to transfer in front of that court. ***So they absolutely do, if they think this is a more convenient venue, have the right to file a motion to transfer in that district***.  And if they can show that this district is clearly more convenient, which they cannot, then the case would be transferred.") (emphasis added).  Google is entitled to file a motion to transfer pursuant to 28 U.S.C. § 1404(a).

Treating Google's already-filed Rule 12(b)(3) motion as a motion to transfer is not only prejudicial, it is also unworkable for a number of reasons.  *First*, Google's existing motion is a

---

[3] Google already briefed the forum selection clause before Judge Alsup, and took far fewer than 5 pages to do so.
[4] Judge Alsup was mistaken when he stated that Google had filed a 1404(a) motion to transfer.

Motion to Stay or Dismiss based on a first-filed case.  It only addresses the 1404(a) factors as a secondary topic and under an entirely different standard than the one that would be applicable to a motion to transfer.  As the Federal Circuit recently held in *In re Nitro Fluids LLC,* No. 20-142, – F.3d –, 2020 WL 6301719 at *2-3 (Fed. Cir. Oct. 28, 2020), in analyzing the 1404(a) factors in connection with the first-to-file rule, a court analyzes whether the balance of factors favor keeping the case in the second-filed court—here, this District—and the party that filed the second-filed case—here, Sonos—bears the burden of proof.  *Id.* (describing the first-to-file analysis as "backwards" as compared to the transfer analysis).  Under the 1404(a) analysis, by contrast, a court analyzes whether the balance of factors favors ***transfer***—here, to the Northern District of California—and the party moving for transfer—here, Google—bears the burden of proof.  *In re Apple Inc.*, No. 2020-135, – F.3d –, 2020 WL 6554063, at *3 (Fed. Cir. Nov. 9, 2020).  Google's motion to transfer will address the issues and applicable caselaw under the proper standard. *Second*, Google did not necessarily raise all of the issues that bear on the 1404(a) transfer analysis in its Rule 12(b)(3) motion to dismiss.  *See e.g. Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 49 (2013) (a motion to transfer under 28 U.S.C. § 1404(a), rather than a motion to dismiss under Rule 12(b)(3), is the appropriate procedural vehicle to raise a forum selection clause).  *Third*, events have transpired since Google filed its motion to stay or dismiss—namely, Sonos made various statements at the hearing on its motion to dismiss before the California court and Judge Alsup issued an order on that motion.  Google is entitled to take intervening events into account in presenting its motion to transfer.

The Court should not indulge Sonos's attempt to cabin Google's 1404(a) motion to transfer into a five-page supplement to a ***different*** motion.  That proposal makes no sense given Google's undisputed right to file a 1404(a) motion to transfer and the fact that Google has not yet done so.

Google is willing to withdraw its existing Rule 12(b)(3) motion now that it is moot and answer Sonos's Complaint within a reasonable timeframe.  Google has proposed four weeks from today.  Pursuant to this Court's Standing Order Governing Patent Proceedings, Google will file its motion to transfer pursuant to 28 U.S.C. § 1404(a) within two weeks after the parties' case

management conference.

<u>Other Issues</u>

*Google's Position:*

Google anticipates meeting and conferring with Sonos on potential pre-*Markman* discovery.

*Sonos's Position*:

Sonos is unclear what pre-*Markman* discovery issues Google intends to raise, but is happy to meet and confer with Google.

Dated:  November 30, 2020.                     Respectfully submitted,

                                                                    By: */s/ Mark D. Siegmund*_____
Jeffrey L. Johnson
Texas Bar No. 24029638
ORRICK, HERRINGTON & SUTCLIFFE LLP
609 Main Street, 40th Floor
Houston, TX 77002
Telephone:  713.658.6400
Facsimile:  713.658.6401
jj@orrick.com

Clement Seth Roberts (admitted *pro hac vice*)
California Bar No. 209203
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard St.
San Francisco, CA 94105
Telephone:  415.773.5484
Facsimile:  415.773.5759
croberts@orrick.com

Bas de Blank (admitted *pro hac vice*)
California Bar No. 191487
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Blvd.
Menlo Park, CA 94205
Telephone:  650.614.7343
Facsimile:  650.614.7401
bdeblank@orrick.com

Alyssa Caridis (admitted *pro hac vice*)
California Bar No. 260103

ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa St., Suite 3200
Los Angeles, CA 90017
Telephone: 213.612.2372
Facsimile: 213.612.2499
acaridis@orrick.com

George I. Lee (admitted *pro hac vice*)
Illinois Bar No. 6225430
Sean M. Sullivan (admitted *pro hac vice*)
Illinois Bar No. 6230605
Rory P. Shea (admitted *pro hac vice*)
Illinois Bar No. 6290745
J. Dan Smith (admitted *pro hac vice*)
Illinois Bar No. 6300912
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph St., Floor 5W
Chicago, IL 60661
Telephone: 312.754.9602
Facsimile: 312.754.9603
lee@ls3ip.com
sullivan@ls3ip.com
shea@ls3ip.com
smith@ls3ip.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Attorneys for Plaintiff Sonos, Inc.*

DATED:  November 30, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  */s/ Lindsay Cooper*

Charles K. Verhoeven (*pro hac vice* pending)
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice* pending)
melissabaily@quinnemanuel.com
Jordan Jaffe (*pro hac vice* pending)
jordanjaffe@quinnemanuel.com
Lindsay Cooper (*pro hac vice* pending)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875 6600
Facsimile:     (415) 875 6700

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX  78701
Telephone:  (512) 495-6300
Facsimile:  (512) 495-6399
pamstutz@scottdoug.com

*Counsel for Defendant Google LLC*