# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GOOGLE LLC,

    Plaintiff,

v.

SONOS, INC.,

    Defendant.

No. C 20-06754 WHA

**ORDER STAYING CASE**

## INTRODUCTION

In this action for declaratory judgment of patent noninfringement, the patent holder moves to dismiss this case in favor of its own action, filed elsewhere a few hours later. For the following reasons, this case is **STAYED**.

## STATEMENT

This complaint for declaratory relief opens yet another theater in the ongoing global patent war between accused infringer Google LLC and patent owner Sonos, Inc. The specifics of the disputed technology, however, do not come into play on this order.

With our parties already embroiled in the ITC, this district, and in Canada, France, Germany, and the Netherlands, at 12:52 p.m. on September 28, patent owner's counsel sent Google an email:

> Attached please find a courtesy copy of the complaint that we will file Tuesday, September 29th in the United States District Court. In this lawsuit, Sonos will focus on Google's infringement of U.S.

Patents 9,967,615; 10,779,033; 9,344,206; 10,469,966; and 9,219,460....

Enclosed was an eighty-seven page complaint delineating the allegations of infringement to be filed, according to the caption, in the United States District Court for the Western District of Texas, Waco Division. In response, at 11:41 p.m. that evening, Google filed its own thirteen-page complaint for declaratory relief of noninfringement of the same five patents here in the Northern District of California (Dkt. No. 1).

As promised, patent owner filed its complaint a few hours later on September 29 in the Western District of Texas, Waco Division. *Sonos, Inc. v. Google LLC*, No. C 20-00881 ADA (W.D. Tex.) (Judge Alan D. Albright). Patent owner now moves to dismiss this declaratory action in favor of the Texas action. This order follows full briefing and oral argument (held telephonically due to COVID-19).

## ANALYSIS

Our case presents two matters of discretion. On the one hand, the Declaratory Judgment Act provides courts a "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–88 (1995). "[W]ell-founded reasons for declining to entertain a declaratory judgment action" will be found within "the purposes of the Declaratory Judgment Act and the principles of sound judicial administration." *See Comm'cns Test Design, Inc. v. Contec*, LLC, 952 F.3d 1356, 1361 (Fed. Cir. 2020). On the other hand, judicial comity counsels deference (via stay, transfer, or dismissal) to the first-filed of two actions presenting identical parties and issues to avoid conflicting decisions and promote judicial efficiency, unless a party's bad faith or improper purpose, the convenience of the forum, and the "considerations of judicial and litigant economy, and the just and effective disposition of disputes" counsel otherwise. Where these two instances join, "district courts enjoy a 'double dose' of discretion: discretion to decline to exercise jurisdiction over a declaratory judgment action *and* discretion when considering and applying the first-to-file rule and its equitable exceptions." *Id.* at 1362–63; *Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

2

In the acute circumstance apparent here, Google's choice of forum carries no weight, nor does the fact that it managed to file first, for the following reasons.

*First*, the manifest purpose of Google's suit was to beat the clock and defeat the patent owner's choice of venue. On September 28 just after noon, patent owner shared "a courtesy copy of the complaint that we *will* file Tuesday, September 29th in the United States District Court." Leaving no good deed unpunished, Google turned around and filed its own complaint at the twelfth hour, purely to beat patent owner to a courthouse — not even by a full day, but by a matter of hours.

*Second*, Google's complaint utterly fails to meet the standard for obtaining declaratory relief because it does not explain *how* its accused products avoid infringement of the asserted patents. As the undersigned has held consistently since the abrogation of Form 18, a declaratory relief complaint must explain "*how* each accused product or service specifically does not meet at least one claim limitation, such that it does not infringe the asserted patent." *Comcast Cable Comm'cns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 273 (N.D. Cal. 2017); *see also*, *Bot M8 v. Sony*, No. C 19-07027 WHA, 2020 WL 418938, at *1 (N.D. Cal. Jan. 27, 2020); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). True, the Federal Circuit has construed this burden as minimal in a case of "simple technology," a term surely inapplicable here, yet even there the adequate complaint contained *some* factual matter (*e.g.*, photographs of the accused product) to be compared to the claim language. *See Disc Disease Solutions v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

Google's complaint stumbles under this minimal burden. It offers *no* allegations of fact in support of its five claims of noninfringement. This order repeats, to emphasize that this is not an exaggeration, that Google's complaint offers *no allegation of fact* in support of the claims of noninfringement. Five times, the complaint alleges "Google does not directly or indirectly infringe the [relevant] patent, either literally or under the doctrine of equivalents, at least because the Google Accused Products do not comprise [a *word-for-word* recitation of the claim language]."

3

In stark contrast, patent owner's eighty-seven page Texas complaint details *how* the accused products infringe each element of each asserted claim in nearly sixty pages of claim charts. It is again manifest that Google and its attorneys threw this ramshackle complaint together in a matter of hours just to beat the clock and try to "file first" in its hometown.

Google does not seriously contest this. Rather, it contends that patent owner already had notice of the issues in this case, as patent owner started the dispute. That's not good enough, for Google was required to affirmatively explain why its accused products omitted one or more of each claim limitation in suit. Google's argument, in essence, concedes that its declaratory complaint means nothing without reference to patent owner's Texas complaint, which again counsels deference to that proceeding.

* * *

Google's choice of forum is entitled to no weight. Rather, the proper course is to stay this case and defer to Judge Albright's ruling on Google's just-filed motion to transfer under Section 1404 and its factors, such as any forum select clause, the convenience of the parties, the comparative time to trial, the interests of justice, and whether any of the many hundreds of engineers Google apparently employs in the Western District will be called as witnesses. If the judge grants such a motion, the undersigned will take the case. If he denies such motion then our case will remain stayed indefinitely in favor of the Texas action.

It is, of course, certainly possible that Sonos is just as guilty of forum shopping here as Google. At the hearing, counsel for Sonos maintained that they filed in the Western District of Texas because that district has continued to hold patent trials despite the pandemic, whereas our own district has largely ceased holding jury trials. Indeed, counsel represented, Judge Albright had just finished another patent trial in recent weeks. At least at first glance, the Court saw some logic in this response, although by now there may be dozens of patent cases standing in line to Judge Albright's courtroom.

Shortly after the hearing, however, the undersigned learned otherwise by way of a writ of mandamus from the Court of Appeals for the Federal Circuit directing Judge Albright to transfer a case to this district which, coincidentally, has come before the undersigned. The

4

court of appeals, we have now learned, has rejected Sonos's argument that a "court's suggestion that it could more quickly resolve [a] case based on its scheduling order" be given dispositive weight:

> The [court congestion] factor concerns whether there is an appreciable difference in docket congestion between the two forums. Nothing about the court's general ability to set a schedule directly speaks to that issue.

*In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020) (citations omitted). Nevertheless, the proper course remains to stay the present action until Judge Albright can rule on Google's motion to transfer. The judge will no doubt account for the Federal Circuit's recent direction.

In the meantime, Google *shall* amend its complaint. To be clear, this amendment does not cure Google's failures detailed above or alter the analysis of which suit ought to proceed. That would reward Google's litigation gimmick, to anchor venue with a bare bones complaint and then fix it up by amendment. *Cf. Foman v. Davis*, 371 U.S. 178, 182 (1962). Rather, this amendment will ensure that we are prepared to proceed at pace in the event that Judge Albright decides this case should go forward.

## CONCLUSION

This action and the accompanying international campaign are emblematic of the worst aspects of patent litigation. In just nine months, these parties have managed to escalate their dispute seemingly without bound, filing suits in the ITC, twice in this district, in the Central District of California, in the Western District of Texas, in Canada, France, Germany, and the Netherlands, all about home speaker systems. The resources invested into this dispute already are doubtless enormous. By the end, our parties' legal bills will likely have been able to build dozens of schools, pay all the teachers, and provide hot lunches to the children.

This case is STAYED except that Google SHALL move for leave to file a first amended complaint that meets the standard articulated above by DECEMBER 11 AT NOON. That is, Google shall specify, for *every* accused product for which it seeks a declaration of noninfringement, *how* the product fails to satisfy at least one limitation of every challenged claim. Meanwhile, the parties SHALL keep the Court apprised of material updates in the Texas

5

proceedings and promptly provide Judge Albright a copy of this order. A further status conference is SET for MARCH 25, 2021 AT 11:00 A.M.

**IT IS SO ORDERED.**

Dated: November 20, 2020.

                    WILLIAM ALSUP
                    UNITED STATES DISTRICT JUDGE