# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>      Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>      Defendant. | Case No. 6:20-cv-00881-ADA<br><br>JURY TRIAL DEMANDED |

**GOOGLE LLC'S REPLY IN SUPPORT OF RULE 12(B)(3) MOTION TO STAY OR DISMISS PURSUANT TO THE FIRST-TO-FILE RULE**

Google does not oppose an order denying its 12(b)(3) motion to stay or dismiss as moot.

## I.  BACKGROUND

Google filed a Rule 12(b)(3) motion to stay or dismiss this case pursuant to the first-to-file rule on November 19, 2020. Dkt. 22. The following day, the first-filed court stayed the first-filed case and deferred to this Court to consider whether this District or the Northern District of California is a more convenient venue for this case to proceed. Dkt. 25-1 at 4-5. In light of the first-filed court's order staying the first-filed case, Google approached Sonos on November 24 to discuss a reasonable timeline for withdrawing its motion to stay or dismiss and answering Sonos's complaint. Google hoped to submit a joint stipulation and proposed order on this issue, as the Federal Rules do not expressly provide a deadline by which a party must answer if a motion to dismiss is withdrawn by the movant (as opposed to denied or postponed by the court). *See* Fed. R. Civ. P. 12(A)(4)(A). Google raised this issue with Sonos again on November 25, in connection with the parties' meet and confer discussions on the Case Readiness Status Report. Dkt. 25. In both instances, Google told Sonos that it would be willing to withdraw its motion to stay or dismiss and answer Sonos's complaint within four weeks. *Id.* ("Google is willing to withdraw its existing Rule 12(b)(3) motion now that it is moot and answer Sonos's Complaint within a reasonable timeframe. Google has proposed four weeks from today."). Both times, Sonos refused to engage with Google on such an agreement.

After the parties submitted their CRSR on November 30, the Court told the parties on December 1 that it planned to "review the motion to dismiss and [Google's forthcoming] motion to transfer together." Declaration of Lindsay Cooper ("Cooper Decl.") Ex. 1.

## II.  ARGUMENT

Google acknowledges its motion was rendered moot by the first-filed court's order staying the first-filed case. Google was not, however, "wast[ing] the Court's and Sonos's time and

resources by insisting that briefing on its motion go forward," as Sonos contends. Opp. at 1. Twice Google asked Sonos to agree to a schedule for the withdrawal of Google's motion and the filing of an answer. Twice Sonos refused. Without an agreement regarding Google's deadline to file an answer, Google could not withdraw its motion to dismiss.

### III.    CONCLUSION

Google does not oppose an order denying its 12(b)(3) motion to stay or dismiss as moot.

DATED:  December 10, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  */s/ Paige Arnette Amstutz*
Charles K. Verhoeven (*pro hac vice* pending)
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice* pending)
melissabaily@quinnemanuel.com
Jordan Jaffe (*pro hac vice* pending)
jordanjaffe@quinnemanuel.com
Lindsay Cooper (*pro hac vice* pending)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875 6600
Facsimile:     (415) 875 6700

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX  78701
Telephone:  (512) 495-6300
Facsimile:  (512) 495-6399
pamstutz@scottdoug.com

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on December 10, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz
