# EXHIBIT 29

CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>SONOS, INC.,<br><br>                    Defendant. | Case No. 3:20-cv-6754<br><br>**SONOS, INC.'S MOTION TO DISMISS OR TRANSFER TO THE WESTERN DISTRICT OF TEXAS**<br><br>Date:        November 17, 2020<br>Time:        9:30 a.m.<br>Location:    Courtroom B, 15th Floor<br>Judge:       Hon. Laurel Beeler<br><br>Complaint Filed:  September 28, 2020<br>Trial Date:  None Set |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................... ii

NOTICE OF MOTION ................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................. 1

I. INTRODUCTION ............................................................................................... 1

II. FACTUAL BACKGROUND ............................................................................. 2

   A. The Parties Have a Long History. ............................................................ 2

   B. Google Raced to the Courthouse. ............................................................ 3

III. ARGUMENT ...................................................................................................... 4

   A. Google's Duplicative Complaint Should Be Dismissed or Transferred in Favor of Sonos' Suit. ................................................................................................................ 4

      1. This is an improper anticipatory suit. ............................................... 6

      2. The "bad faith" exception requires dismissal or transfer of this suit. ............................... 7

      3. The convenience factors support dismissal. ...................................... 9

         a. The "Plaintiff's" choice of forum does not favor this District. .................................... 10

         b. The convenience to the parties and witnesses, and ease of access to evidence factors are neutral. .................................................................................................... 11

         c. Time to trial favors the Western District of Texas. ..................................................... 13

         d. The local interest factor at most slightly favors the Northern District of California. 14

         e. The remaining factors are neutral. ....................................................... 15

   B. Google's Complaint Should Also Be Dismissed as Inadequately Pled. ............................. 16

IV. CONCLUSION ................................................................................................. 16

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

4

**Cases**

5

*Activision Blizzard Inc. v. Acceleration Bay LLC*,
No. 16-cv-03375-RS, 2016 U.S. Dist. LEXIS 119289 (N.D. Cal. Sep. 1, 2016) ......................5

6

7

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
946 F.2d 622 (9th Cir. 1991) .............................................................................................5, 7

8

*Amgen Inc. v. Sandoz Inc.*,
Case No. 16-cv-2581 (9th Cir. Nov. 22, 2017) ......................................................................13

9

10

*Antonious v. Spalding & Evenflo Cos.*,
275 F.3d 1066 (Fed. Cir. 2002) ..............................................................................................8

11

*Aster Graphics, Inc. v. Static Control Components, Inc.*,
No. SA CV 17-1167-DOC (JDEx), 2018 U.S. Dist. LEXIS 196131 (C.D. Cal.
Feb. 12, 2018) .......................................................................................................................16

12

13

*Audionics Sys. v. AAMP of Fla., Inc.*,
No. CV 12-10763 MMM (JEMx), 2013 U.S. Dist. LEXIS 202488 (C.D. Cal.
Apr. 19, 2013) .....................................................................................................................7, 9

14

15

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
319 F.R.D. 269 (N.D. Cal. 2017) .......................................................................................8, 16

16

17

*Commc'ns Test Design, Inc. v. Contec, LLC*,
952 F.3d 1356 (Fed. Cir. 2020) ..............................................................................................5

18

19

*Date, Inc. v. AMP Plus, Inc.*,
No. 2:18-cv-07090-CAS (GJSx), 2019 U.S. Dist. LEXIS 224636 (C.D. Cal.
Dec. 13, 2019) ......................................................................................................................15

20

21

*DeFeo v. Procter & Gamble Co.*,
831 F. Supp. 776 (N.D. Cal. 1993) .........................................................................................1

22

23

*Doe v. Epic Games, Inc.*,
435 F. Supp. 3d 1024 (N.D. Cal. 2020) ...........................................................................11, 12

24

25

*Easton-Bell Sports, Inc. v. E.I. Dupont De Nemours & Co.*,
No. 13-cv-00283 NC, 2013 U.S. Dist. LEXIS 43832 (N.D. Cal. Mar. 26, 2013) ....................1

26

*Gabriel De La Vega, v. Google LLC*,
No. 6:19-cv-00617-ADA (5th Cir. Dec. 12, 2019) ..................................................................9

27

28

*In re Genentech, Inc.,*
    566 F.3d 1338 (Fed. Cir. 2009)............................................................................13

*Google Inc. v. Eolas Techs., Inc.,*
    No. 3:15-cv-05446-JST (N.D. Cal. Mar. 4, 2016) ......................................................4

*Hammond Dev. Int'l, Inc. v. Google LLC,*
    No. 1:20-cv-00342-ADA, 2020 U.S. Dist. LEXIS 110984 (W.D. Tex. June 24,
    2020) ...........................................................................................10, 11, 12, 14

*Hypermedia Navigation LLC v. Google LLC,*
    No. 4:18-cv-06137-HSG (9th Cir. Jan. 4, 2019)..........................................................9

*Inherent.com v. Martindale-Hubbell,*
    420 F. Supp. 2d 1093 (N.D. Cal. 2006) .....................................................................6

*Intellectual Tech LLC v. Zebra Techs. Corp.,*
    No. 19-cv-628-ADA (5th Cir. Feb. 2, 2020) ............................................................13

*J.M. Smucker Co. v. Promotion in Motion, Inc.,*
    420 F. Supp. 3d 646 (N.D. Ohio 2019) .....................................................................9

*Lax v. Toyota Motor Corp.,*
    65 F. Supp. 3d 772 (N.D. Cal. 2014) ......................................................................10

*Leadsinger, Inc. v. BMG Music Publ'g,*
    512 F.3d 522 (9th Cir. 2008)................................................................................16

*Metricolor LLC v. L'Oreal S.A.,*
    791 F. App'x 183 (Fed. Cir. 2019) .........................................................................16

*Moore v. Kayport Package Express,*
    885 F.2d 531 (9th Cir. 1989)................................................................................16

*MV3 Partners LLC v. Roku, Inc.,*
    No. 18-cv-00308-ADA (5th Cir. 2020)......................................................................14

*Pacesetter Sys., Inc. v. Medtronic, Inc.,*
    678 F.2d 93 (9th Cir. 1982)...................................................................................5

*Payne v. Kennedy Johnson Gallagher LLC,*
    No. CV-10-297-PHX-DGC, 2010 U.S. Dist. LEXIS 50879 (D. Ariz. May 21,
    2010) .....................................................................................................7, 9

*Phigenix, Inc v. Genentech Inc.,*
    No. 15-cv-01238-BLF, 2016 WL 6427884 (N.D. Cal. Oct 31, 2016).......................................8

*Q-Pharma, Inc. v. Andrew Jergens Co.,*
    360 F.3d 1295 (Fed. Cir. 2004)...............................................................................8

*Rice-Sherman v. Big Heart Pet Brands, Inc.*,
   No. 19-cv-03613-WHO, 2020 U.S. Dist. LEXIS 46197 (N.D. Cal. Mar. 16, 2020) ........................................................................................................................11

*Royal Queentex Enters. v. Sara Lee Corp.*,
   No. C 99-4787 MJJ, 2000 U.S. Dist. LEXIS 10139 (N.D. Cal. Mar. 1, 2000) .......................10

*Serco Servs. Co., L.P. v. Kelley Co.*,
   51 F.3d 1037 (Fed. Cir. 1995)...................................................................................5, 10

*Solas Oled Ltd., v. Dell Inc.*,
   No. 19-cv-631-ADA (5th Cir. June 22, 2020) ...............................................................13

*Sonos, Inc. v. Google LLC*,
   No. 6:20-cv-00881-ADA (5th Cir. Sept. 29, 2020) ..........................................................4

*Synopsys Inc. v. Mentor Graphics Corp.*,
   No. C 12-5025 MMC, 2013 U.S. Dist. LEXIS 48544 (N.D. Cal. Apr. 3, 2013)..................12

*Tivo, Inc. v. Dig. Cbt LLC*,
   No. C 12-03866 RS, 2012 U.S. Dist. LEXIS 199573 (N.D. Cal. Oct. 29, 2012) ..................6

*Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*,
   No. 18-cv-06737-JST, 2019 U.S. Dist. LEXIS 26257 (N.D. Cal. Feb. 19, 2019)..................15

*USB Techs., LLC v. Sunvalleytek Int'l, Inc.*,
   No. 17-cv-3869 (9th Cir. Oct. 11, 2017)........................................................................13

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995) ..................................................................................................4, 5

*Z-Line Designs, Inc. v. Bell'O Int'l LLC*,
   218 F.R.D. 663 (N.D. Cal. 2003) ...........................................................................1, 5, 6

**Statutes**

28 U.S.C.S. § 2201(a) ....................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 11 ...........................................................................................................8

Fed. R. Civ. P. 12(B)(6) ........................................................................................8, 9, 16

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on Tuesday, November 17 at 9:30 a.m., or as soon thereafter as counsel may be heard in Courtroom B on the 15th Floor of the San Francisco Courthouse, Defendant Sonos, Inc. ("Sonos") will, and hereby does, move the Court to dismiss Plaintiff Google LLC's ("Google's") claims for declaratory judgment of non-infringement of United States Patent Nos. 9,967,615; 10,779,033; 9,344,206; 10,469,966; and 9,219,460 under Title 35 of the United States Code.  This motion is made under Federal Rules of Civil Procedure 12(b)(1) and (6) because the Court should deny jurisdiction and Plaintiff fails to state a claim upon which relief may be granted, and is based upon this Notice and the Memorandum of Points and Authorities below, and upon such oral and written evidence as may be presented at or before the hearing on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

This lawsuit is a classic anticipatory suit.  Two weeks ago, on Monday afternoon, Sonos sent Google a courtesy copy of a patent infringement complaint along with a note telling Google that Sonos intended to file the complaint the next day (on Tuesday) in the Western District of Texas.  Declaration of Alyssa Caridis (Caridis Decl.), Ex. A.  Google's response was to race into court in its preferred venue Monday evening with a bare-bones Complaint for declaratory judgment.  But "The Declaratory Judgments Act is not to be invoked to deprive a plaintiff of his conventional choice of forum and timing, precipitating a disorderly race to the courthouse." *DeFeo v. Procter & Gamble Co.,* 831 F. Supp. 776, 778 (N.D. Cal. 1993).  Indeed, "[s]uch anticipatory suits are disfavored because they are examples of forum shopping."  *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003).  There can be no dispute that Google was forum shopping and, as a result, its lawsuit may be treated as the second-filed lawsuit under the anticipatory suit exception to the first-filed rule.  *See Easton-Bell Sports, Inc. v. E.I. Dupont De Nemours & Co.*, No. 13-cv-00283 NC, 2013 U.S. Dist. LEXIS 43832, at *10 (N.D. Cal. Mar. 26, 2013) ("An anticipatory suit is reason to depart from the first-to-file rule.")

MOT. TO DISMISS OR TRANSFER
Case No. 3:20-cv-6754

Nor can Google justifiably complain about the fact that Sonos filed suit in the Western District of Texas.  Google has a substantial and highly relevant office in Austin, is actively litigating 14 other patent suits in that district, and has filed lawsuits against Sonos in districts around the world.  Google therefore has no grounds to complain that Sonos' venue choice was unfair or inconvenient – much less that it justified Google's decision to race into court with an anticipatory suit.

The Court should, therefore, rule that Sonos' lawsuit against Google is the proper action to proceed and dismiss or transfer this case in favor of the parallel lawsuit pending in the United States District Court for the Western District of Texas.

## II.     FACTUAL BACKGROUND

### A.     The Parties Have a Long History.

Founded in Santa Barbara, California in 2002, with only a few employees, Sonos embarked on a mission to create the world's first wireless, whole-home audio system.  Sonos reimagined the home-audio system as a decentralized network that allowed users to control the selection, location, and volume of audio throughout the house.  Since launching its first commercial products in 2005, Sonos has received critical acclaim, enjoyed significant commercial success and received over 940 patents on technologies fundamental to the home-audio market.

Google entered the home-audio market in 2011.  Initially, Google and Sonos worked together as partners to enable Google's music streaming service to work on Sonos' devices.  But in 2015, Google released its own copycat multi-room audio product, Chromecast Audio.  Starting with and since that release, Google has consistently expanded its infringement of Sonos' patents.  After years of negotiation that went nowhere, Sonos had no choice but to take legal action and, on January 7, 2020, filed an exclusion action before the International Trade Commission, as well as a parallel patent infringement action in district court.  A few months later, Google responded with retaliatory patent lawsuits in Canada, Northern California, the Netherlands, France and Germany.

While the ITC Investigation has been pending, Google has continued to increase its infringement.  The press has noticed Google's efforts to mimic Sonos' patented features.  For

MOT. TO DISMISS OR TRANSFER
Case No. 3:20-CV-6754

example, press reports noticed that Google's new features mean that Google is "one step closer to replacing your Sonos system." *See* Michael Allison, *Google Nest speakers are one step closer to replacing your Sonos system*, Android Central, Aug. 18, 2020, Caridis Decl., Ex. B; *see also* Aaron Brown, *Google Home upgrade brings some of the best Sonos features to your speakers,* Express, Aug. 23, 2020, Ex. C ("The new functionality appears to be the most direct challenge to the likes of Sonos, which has enjoyed enormous success by creating a series of connected speakers and soundbars that can play music simultaneously – or individually.")  The press has similarly noted that Google's new speaker "could be a new rival for the likes of the Sonos One, the best smart speaker you can buy in 2020."  Olivia Tambini, *New Google Nest release date, price, and rumors,* TechRadar, Sept. 21, 2020, Caridis Decl., Ex. D; *see also* Ex. C ("Just like Sonos, you can also change the volume on each speaker individually from the main interface.")

Google has also highlighted the importance of its use of Sonos' technology.  For example, Google'[s] Chris Chan recently stated that "[c]ontrolling the audio throughout my home, no matter who's listening, has been incredibly helpful" and that "[t]oday, we're expanding that control.  You can already manually group Nest devices in order to play the same music on various speakers at the same time, and now we're launching multi-room control so you can dynamically group multiple cast-enabled Nest devices (speakers, Smart Displays, Chromecasts) in real-time to fill multiple rooms with music."  Chris Chan, *House music: New multi-room audio control from Nest,* Google blog (Aug. 18, 2020), https://blog.google/products/google-nestinew-multi-room-audio-control-nest/, Caridis Decl., Ex. E.  Thus, Google is aware of, and has willfully been expanding, its infringement of Sonos' patents.

**This** lawsuit is Google's efforts to preempt Sonos' response to that increased infringement.

### B.   Google Raced to the Courthouse.

On Monday, September 28, 2020 at 12:52 pm, Sonos sent Google an email attaching an 87-page complaint asserting that Google infringes Sonos' U.S. Patent Nos. 9,967,615, 10,779,033, 9,344,206, 10,469,966 and 9,219,460 (collectively, the Asserted Patents).  Caridis Decl., Ex. A.  In the email, counsel for Sonos stated that the attached complaint was a "courtesy

MOT. TO DISMISS OR TRANSFER
Case No. 3:20-CV-6754

1  copy" that Sonos would "file Tuesday, September 29th, in the United States District Court" for

2  the Western District of Texas.  *Id.*

3       Following receipt of Sonos' complaint, Google hastily drafted a barebones 13-page

4  Complaint seeking declaratory judgment of non-infringement of the Asserted Patents, and filed it

5  20 minutes before midnight.  ECF No. 1.  Because it was a rush job, and because Google did not

6  ***actually*** spend the time necessary to develop a factual basis to support an allegation of non-

7  infringement, the Complaint's allegations are facially deficient.  Indeed, the Complaint's

8  allegations of non-infringement do nothing more than parrot the claim language, with a general,

9  unexplained statement that Google's products do not infringe.  *Id.* ¶¶ 24, 30, 36, 42, 48.

10       The following day, on September 29, 2020, Sonos filed its complaint in the Western

11  District of Texas.  Compl. for Patent Infringement, *Sonos, Inc. v. Google LLC*, No. 6:20-cv-

12  00881-ADA (5th Cir. Sept. 29, 2020), Caridis Decl., Ex. F.  Each party was served with the other

13  party's complaint on the same day, September 29, 2020.

14  **III.**    **ARGUMENT**

15      **A.**    **Google's Duplicative Complaint Should Be Dismissed or Transferred in**
16                 **Favor of Sonos' Suit.**

17       Although Google's declaratory judgment Complaint was filed a few hours before Sonos'

18  complaint, and thus implicates the "first-to-file" rule, it (1) is an improper "anticipatory" filing,

19  (2) was filed in bad faith, and (3) improperly seeks to deprive Sonos of its choice of forum.  For

20  these reasons (and others discussed below), the Court should decline to exercise declaratory

21  judgment jurisdiction here, the "first-to-file" rule should not be applied, and litigation should

22  proceed on Sonos' complaint in the Western District of Texas.[1]

23       The Court has discretion to decide whether to entertain Google's declaratory judgment

24  action.  "[T]he Declaratory Judgment Act[, 28 U.S.C.S. § 2201(a),] has been understood to confer

25  on federal courts unique and substantial discretion in deciding whether to declare the rights of

26
27  [1] The Court may wish to note that in a previous case, when Google ***lost*** a race to the courthouse, it
affirmatively argued that a single day difference warranted disregarding the first-to-file rule.  *See*
Caridis Decl. Google Inc.'s Opp'n to Eolas Techs. Inc.'s Mot. to Dismiss at 21, *Google Inc. v.*
28  *Eolas Techs., Inc.*, No. 3:15-cv-05446-JST (N.D. Cal. Mar. 4, 2016), Caridis Decl. Ex. G.

MOT. TO DISMISS OR TRANSFER
Case No. 3:20-cv-6754

litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 279 (1995).

When two cases with the same parties and issues are filed in different jurisdictions, the "first-to-file" rule generally suggests that the subsequently-filed case should be stayed, transferred, or dismissed in favor of the first. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). But the first-to-file rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Courts have thus developed exceptions to the first-to-file rule and these "exceptions are not rare." *Commc'ns Test Design, Inc. v. Contec, LLC,* 952 F.3d 1356, 1362 (Fed. Cir. 2020). Some exceptions "under which the first to file rule will not be applied include bad faith, anticipatory suit, and forum shopping." *Z-Line Designs*, 218 F.R.D. at 665. Courts likewise often consider the relative convenience of the competing forums to determine if adherence to the first-to-file rule is warranted. *Commc'ns Test Design,* 952 F.3d at 1362.[2]

Like the decision to entertain a declaratory judgment suit, a court's decision to apply the first-to-file rule is a matter of discretion. *Id.* (explaining that "[t]rial courts have discretion to make exceptions to this general rule in the interest of justice or expediency"). Thus, "[w]hen one of two competing suits in a first-to-file analysis is a declaratory judgment action, district courts enjoy a 'double dose' of discretion: discretion to decline to exercise jurisdiction over a declaratory judgment action *and* discretion when considering and applying the first-to-file rule and its equitable exceptions." *Id.*

Here, as explained below, several factors warrant the Court exercising its broad to discretion to decline to hear Google's declaratory judgment action, to disregard the first-to-file

---

[2] The Federal Circuit has held that its own first-to-file jurisprudence applies in patent cases. *Serco Servs. Co., L.P. v. Kelley Co.*, 51 F.3d 1037, 1038 (Fed. Cir. 1995). But, because the Federal Circuit's jurisprudence on this issue is not particularly extensive, courts in this district will also consider Ninth Circuit law when analyzing exceptions to the first-to-file rule. *See e.g. Activision Blizzard Inc. v. Acceleration Bay LLC*, No. 16-cv-03375-RS, 2016 U.S. Dist. LEXIS 119289, at *17 (N.D. Cal. Sep. 1, 2016) (relying on Ninth Circuit anticipatory suit law in a patent case). This motion therefore uses the Federal Circuit's framework, but also cites to relevant 9th Circuit law as persuasive authority.

1    rule and to dismiss or transfer Google's case.

2                    **1.**        **This is an improper anticipatory suit.**

3            Google's declaratory judgment action is an improper anticipatory suit. "A suit is

4    anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by

5    defendant was imminent." *Z-Line Designs,* 218 F.R.D. at 665. Anticipatory suits are disfavored

6    because declaratory judgment suits are intended to help "settle the legal relations in dispute and

7    afford relief from uncertainty or insecurity." *Tivo, Inc. v. Dig. Cbt LLC*, No. C 12-03866 RS,

8    2012 U.S. Dist. LEXIS 199573, at *9 (N.D. Cal. Oct. 29, 2012). That insecurity is not present,

9    however, when an accused infringer is made aware of a certain, imminent suit. In those cases,

10   abuse of the declaratory judgment process serves only to "deprive a plaintiff of his conventional

11   choice of forum and timing, precipitating a disorderly race to the courthouse." *Z-Line Designs*,

12   218 F.R.D. at 665.

13           It is difficult to imagine a clearer example of an anticipatory suit and a disorderly race to

14   the courthouse than Google's suit here. On a Monday afternoon, Sonos notified Google,

15   unequivocally, that it would file its patent infringement complaint the following day. There was,

16   therefore, no uncertainty or insecurity as to whether and when Sonos' allegations would be

17   asserted in court. Google nonetheless raced to file the facially insufficient Complaint at issue

18   here in order to beat Sonos to the courthouse and deprive Sonos of its choice of forum.

19           Courts in this district have found declaratory judgment suits to be improperly anticipatory

20   based on conduct that was far less extreme than Google's conduct here. For example, in *Z-Line*

21   *Designs*, a suit was found to be anticipatory when it was brought in response to a cease and desist

22   letter threatening potential litigation and providing a deadline for compliance. 218 F.R.D. at 666.

23   Likewise, in *Inherent.com v. Martindale-Hubbell*, a suit was found to be anticipatory when it was

24   brought following receipt of a letter explaining that a lawsuit would be filed "unless a settlement

25   is reached within five (5) business days." 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006). By

26   contrast, Sonos provided a ***copy*** of the complaint and named the precise date it would be filed –

27   namely the next day. Thus, Google had "specific, concrete indications that a suit … was

28   imminent." *Z-Line Designs,* 218 F.R.D. at 665. The fact that this lawsuit is unquestionably

MOT. TO DISMISS OR TRANSFER
Case No. 3:20-CV-6754

1  anticipatory counsels heavily against application of the first-to-file rule, and in favor of dismissal

2  or transfer.

3            **2.      The "bad faith" exception requires dismissal or transfer of this suit.**

4            This case should also be dismissed or transferred in favor of Sonos' Western District of

5  Texas action because it was filed in bad faith.  A declaratory judgment plaintiff's "bad faith" has

6  been recognized as a separate basis justifying a court's decision to forego applications of the first-

7  to-file rule.  *See Alltrade*, 946 F.2d at 628.  Typically, courts have found bad faith when one party

8  engages in misconduct in order to obtain a procedural advantage.  For example, in *Payne v.*

9  *Kennedy Johnson Gallagher LLC*, a court found that a declaratory judgment suit was filed in bad

10  faith when the plaintiff secretly filed suit in its home district while providing assurances that there

11  would be no litigation between the parties.  No. CV-10-297-PHX-DGC, 2010 U.S. Dist. LEXIS

12  50879, at *5 (D. Ariz. May 21, 2010).  Likewise, in *Audionics Sys. v. AAMP of Fla., Inc.*, a court

13  declined to apply the first-to-file rule when a declaratory judgment plaintiff persuaded the

14  defendant to extend the deadline to respond to a cease and desist letter, and then filed a

15  declaratory judgment action.  No. CV 12-10763 MMM (JEMx), 2013 U.S. Dist. LEXIS 202488,

16  at *13-16 (C.D. Cal. Apr. 19, 2013).

17            Although it involves a somewhat different factual posture, Google's conduct in this case

18  likewise involves an improper misrepresentation made to gain a procedural advantage.

19  Specifically, the circumstances strongly suggest that Google lacked a proper good-faith factual

20  basis to assert **to this Court** that it does not infringe.  The complaint Sonos provided to Google is

21  87 pages long.  Caridis Decl. Exhibit A.  It asserted infringement of five different patents from

22  three different families, and implicates twenty-seven different Google products across many

23  different product categories.  In the grand total of ten hours that elapsed between the time

24  Google's in-house counsel received Sonos' complaint and the time it's outside counsel filed this

25  action, there is literally no way Google could have reviewed Sonos' complaint, analyzed the

26  specification, the claims, and the file histories of the five Asserted Patents, compared those claims

27  to each of the twenty-seven accused products, developed a factual basis to assert that they do not

28  infringe, and coordinated with outside counsel to draft and file a declaratory judgment complaint.

MOT. TO DISMISS OR TRANSFER
Case No. 3:20-CV-6754

1    Indeed, in the parallel WD Tex. case, Google says it needs *45 days* to even "assemble its legal

2    team and assess the allegations," belying the notion that its mere 10 hours of preparation on

3    substantively identical claims here could be sufficient.  Caridis Decl. Ex. Z (Oct. 12, 2020 Email

4    from Paige Amstutz to Jeffrey Johnson).

5         Yet, the law **requires** a plaintiff in a patent case to both interpret the claims and compare

6    them to each accused device **before** filing suit.  *See, e.g. Phigenix, Inc v. Genentech Inc.*, No. 15-

7    cv-01238-BLF, 2016 WL 6427884, at *2 (N.D. Cal. Oct 31, 2016) ("The Federal Circuit,

8    applying Ninth Circuit law, stated that the second prong–a reasonable and competent inquiry–in

9    the patent context requires 'at a minimum, that an attorney interpret the asserted patent claims and

10   compare the accused device with those claims before filing a claim alleging infringement.'")

11   (*quoting Q-Pharma, Inc. v. Andrew Jergens Co*., 360 F.3d 1295, 1300 (Fed. Cir. 2004);

12   *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) ("This court has

13   construed Rule 11, in the context of patent infringement actions, to require than an attorney

14   interpret the pertinent claims of the patent in issue before filing a complaint alleging patent

15   infringement.").

16        The fact that Google lacked a proper factual basis at the time it raced into court is

17   reflected in the fact that Google's Complaint is blatantly and facially inadequate.  For each of the

18   five Asserted Patents, Google's Complaint includes only a sentence stating that Google does not

19   infringe the patent "at least because the Google Accused Products do not comprise," followed by

20   bald-faced parroting of the patent claim language.  Not a **single** feature of a **single** accused

21   product is discussed in the Complaint.  ECF No. 1 ¶¶ 24, 30, 36, 42, 48.

22        But, as Google well knows, a properly pled declaratory-judgment claim "must go beyond

23   only stating in conclusory terms that each accused product or service meets the elements of non-

24   infringement and must also set forth factual allegations showing **how** each accused product or

25   service specifically does not meet at least one claim limitation, such that it does not infringe the

26   asserted patent." *Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 273 (N.D.

27   Cal. 2017).  In fact, Google has repeatedly challenged allegations brought against it for being

28   inadequate on this precise ground.  *See, e.g.,* Google's Motion to Dismiss Under Federal Rule

- 8 -

MOT. TO DISMISS OR TRANSFER
Case No. 3:20-cv-6754

12(B)(6) for Failure to State a Claim for Relief at 7, *Gabriel De La Vega, v. Google LLC*, No. 6:19-cv-00617-ADA (5th Cir. Dec. 12, 2019), ECF No. 15, Caridis Decl., Ex. H (moving to dismiss claims that "fail[] to include any allegations that would support a plausible claim"); Google LLC's Notice of Motion and Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(B)(6) at 1, *Hypermedia Navigation LLC v. Google LLC*, No. 4:18-cv-06137-HSG (9th Cir. Jan. 4, 2019), ECF No. 30, Caridis Decl., Ex. I. (attacking "conclusory assertions that parrot legal elements without alleging specific facts that might plausibly support" infringement).

Google's decision to race to the courthouse without a good faith factual basis for its claims constitutes bad faith. Google has acted deceptively to obtain a procedural advantage (in securing favorable burdens in the dispute over its preferred forum). But rather than merely misleading an adversary outside of litigation, Google's apparent deception here—that its hastily-filed claims have been properly investigated and have a sound basis in fact—has been ***directed to the Court***. Such deception is worse than the conduct at issue in cases such as *Audionics* and *Payne*, which "only" involved gamesmanship vis-à-vis the opposing party.

Nor can Google erase this problem by amending its Complaint. Even if Google provides an amendment that relates back to its original Complaint, it would not retroactively provide a good faith basis to negate Google's improper race to the courthouse. Indeed, at least one court has noted that "[i]t would be inherently inequitable to allow a party to race to the courthouse with an improper declaratory action, and yet retain that forum by later amending its complaint." *J.M. Smucker Co. v. Promotion in Motion, Inc.*, 420 F. Supp. 3d 646, 665 n.13 (N.D. Ohio 2019).

Put plainly, Google won the race only by cutting corners on its obligation to develop a proper factual basis before filing suit, and should not be rewarded for that misconduct. This factor, therefore, strongly favors exercising the Court's discretion to disregard the first-to-file rule and to decline jurisdiction over this case.

### 3. The convenience factors support dismissal.

The relative convenience of litigating this dispute in the Northern District of California and the Western District of Texas supports dismissing this case in favor of Sonos' action in

Mot. To Dismiss Or Transfer
Case No. 3:20-cv-6754

4142-7219-6648.7

1    Texas.  In considering whether the first-to-file rule should be applied in patent cases, the Federal

2    Circuit has directed district courts to consider, as part of the analysis, the convenience factors

3    conventionally used when deciding motions to transfer.  *Serco*, 51 F.3d at 1039.  Those factors

4    include: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the

5    witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable

6    law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and

7    (8) the relative court congestion and time of trial in each forum.  *Lax v. Toyota Motor Corp.*, 65

8    F. Supp. 3d 772, 776 (N.D. Cal. 2014).

9            The District Court for the Western District of Texas has recently assessed whether the

10   Northern District of California is a more convenient location for Google to defend comparable

11   patent infringement lawsuits, and found that it was not.  *Hammond Dev. Int'l, Inc. v. Google LLC*,

12   No. 1:20-cv-00342-ADA, 2020 U.S. Dist. LEXIS 110984, at *5-16 (W.D. Tex. June 24, 2020).

13   In *Hammond*, the plaintiff asserted that several Google products, including the Google Home, the

14   Google Home Mini, the Google Home Max, the Google Nest Hub, and the Google Nest Hub

15   Max, infringed several patents.  *Id.* at 5.  Those same products are at issue in this dispute,

16   meaning that essentially the same relevant documents and witnesses are implicated from

17   Google's side.  *See* ECF No. 1 ¶ 2.  As explained in *Hammond* and below, the balance of

18   convenience factors does not suggest that the Northern District of California is any more

19   convenient than the Western District of Texas.

20                   a.      **The "Plaintiff's" choice of forum does not favor this District.**

21           Although Google's race to the courthouse renders it the plaintiff here, its choice of forum

22   is entitled to little, if any, weight.  In this District, a "plaintiff's chosen forum will be accorded

23   little deference" in "cases of anticipatory suits."  *Royal Queentex Enters. v. Sara Lee Corp.*, No.

24   C 99-4787 MJJ, 2000 U.S. Dist. LEXIS 10139, at *10 (N.D. Cal. Mar. 1, 2000).  This policy

25   makes sense because, absent Google's stunt, Sonos would be the plaintiff and Sonos' choice of

26   forum in the Western District of Texas would be entitled to deference.

27

28

MOT. TO DISMISS OR TRANSFER
Case No. 3:20-CV-6754

**b.** **The convenience to the parties and witnesses, and ease of access to evidence factors are neutral.**

Although Google is headquartered in this District, the locations of various sources of proof in this District is of minimal relevance and the factors relating to the locations of witnesses and evidence are therefore neutral. In particular, given Google's "mission to organize the world's information and make it universally accessible and useful," it cannot credibly assert that this factor has more than a minimal impact. ECF No. 1 ¶ 12.

The ease of accessing documentary evidence access is also the same in the Northern District of California and the Western District of Texas. All of the relevant documentation is likely to be stored electronically. And "[i]n the age of electronically stored information, the ease of access to evidence is neutral because much of the evidence in this case will be electronic documents, which are relatively easy to obtain in any district." *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1042 (N.D. Cal. 2020). This factor is therefore neutral. *Id.*

The location of witnesses is also essentially neutral. In the *Hammond* case concerning the same accused products, the only potential witnesses that Google identified were its own employees and prior art witnesses. "But 'the convenience of a litigant's employee witnesses [is] entitled to little weight because litigants are able to compel their employees to testify at trial, regardless of forum.'" *Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-cv-03613-WHO, 2020 U.S. Dist. LEXIS 46197, at *13 (N.D. Cal. Mar. 16, 2020). Moreover, to the extent any Google employee witnesses needs to travel to the courthouse from outside the state, the presence of Google's Austin location will minimize the extent of any interruption to their work schedules – and even that disruption is likely to be minimal given that both Sonos and Google are actively deposing each other's witnesses via videoconferencing facilities in the ITC action. Further, it *is* likely that there will be witnesses in the Western District of Texas. Google has a significant presence in Austin, within the Western District of Texas, and employs engineers in that district who are likely to be knowledgeable about the accused products and functionalities. *See* Google Careers Page for Austin Texas, https://careers.google.com/locations/austin/ (last visited Oct. 11, 2020), Caridis Decl., Ex. J; *see also Hammond*, 2020 U.S. Dist. LEXIS 110984, at *9 (noting

MOT. TO DISMISS OR TRANSFER
Case No. 3:20-cv-6754

1  allegations that Google's Austin office employs people focused on "the design and management

2  of its Google Cloud infrastructure").  For instance, Sonos' challenged U.S. Patent Nos. 9,967,615

3  and 10,779,033 relate to streaming music from a cloud-based service, and are therefore likely to

4  implicate sources of evidence in Austin given that office's specific focus on the Google Cloud

5  Platform.

6          This District has likewise recognized that prior art witnesses are "unlikely" to be needed

7  at trial "even if a claim of invalidity is based on any such prior art."  *Synopsys Inc. v. Mentor*

8  *Graphics Corp.*, No. C 12-5025 MMC, 2013 U.S. Dist. LEXIS 48544, at *15 (N.D. Cal. Apr. 3,

9  2013).  And, given that Google has not even ***asserted*** invalidity in its action, there is currently no

10  basis to contend that prior-art witnesses are relevant to evaluating convenience.

11          Furthermore, Google is already litigating numerous cases in the Western District of Texas.

12  As of the date of this filing, there are 14 active patent infringement cases against Google pending

13  there (excluding Sonos' case).  Caridis Decl., Ex. K (Docket Navigator results for pending

14  Google cases in W.D. Tex.).  By comparison, Google is only litigating nine patent infringement

15  lawsuits in this District (excluding this one).  Caridis Decl., Ex. L (Docket Navigator results for

16  pending Google cases in N.D. Cal.).  As such, the Western District of Texas is a hub for Google's

17  current patent litigation activity, and Google is already prepared to produce documents and

18  witnesses in connection with litigation in that district, and almost certainly already has done so

19  given the overlap between the products at issue here and in those other asserted cases.  Especially

20  against that background, litigating this case in the Western District of Texas is unlikely to result

21  in any additional inconvenience to Google.  This factor, therefore, is neutral.[3]

22

23

---

24  [3] In the *Hammond* case, the Western District of Texas reached similar conclusions.  Regarding
party witnesses, the court found the balance was neutral because Google was likely to have
25  knowledgeable employees in both districts.  *Hammond*, 2020 U.S. Dist. LEXIS 110984, at *6-10.
Regarding Google's prior art witnesses, the court found that their presence in the Northern
26  District of California did "not weigh for or against transfer" and found that factor neutral as well.
*Id.* at *12-13.  Regarding documents, the court remarked that Fifth Circuit precedent required it to
27  consider the physical location of electronic documents, which it found to weigh slightly for
transfer.  The Ninth Circuit has no such requirement.  *See Epic Games*, 435 F. Supp. 3d at 1042.

28

MOT. TO DISMISS OR TRANSFER
Case No. 3:20-CV-6754

### c.   Time to trial favors the Western District of Texas.

The comparative time to trial between the Northern District of California and the Western District of Texas weighs in favor of Texas.  For this factor, courts look to "the speed with which a case can come to trial and be resolved."  *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009).  Judge Albright (to whom Sonos' case has been assigned) has been setting patent cases to firm trial dates within roughly 18 months from the filing of the complaint.  *See, e.g.*, Scheduling Order, *Solas Oled Ltd., v. Dell Inc.*, No. 19-cv-631-ADA, (5th Cir. June 22, 2020), ECF No. 50, Caridis Decl., Ex. M (setting trial just over 17 months from complaint); Scheduling Order, *Intellectual Tech LLC v. Zebra Techs. Corp.*, No. 19-cv-628-ADA, (5th Cir. Feb. 2, 2020), ECF No. 24, Caridis Decl., Ex. N (setting trial 18 months from complaint).  By contrast, trial dates in this District are being set over 22 months from filing.  *See, e.g.,* Case Management Order, *USB Techs., LLC v. Sunvalleytek Int'l, Inc.*, No. 17-cv-3869, (9th Cir. Oct. 11, 2017), ECF No. 25, Caridis Decl., Ex. O (setting trial roughly 22 ½ months from the filing of the complaint); Stipulation and Scheduling Order (as Modified by the Court), *Amgen Inc. v. Sandoz Inc.*, Case No. 16-cv-2581, (9th Cir. Nov. 22, 2017), ECF No. 160, Caridis Decl., Ex. P (same).

Moreover, the courts' different COVID-19 response and scheduling procedures will likely result in a quicker time to trial in the Western District of Texas.  For example, the Northern District of California began cancelling or postponing jury trials on March 16, 2020, *see* N.D. Cal. Gen. Order 72 (Mar. 16, 2020), Caridis Decl., Ex. Q ("No jury trial will be commenced before May 1, 2020. Any trial dates currently scheduled during that period are vacated."), and did not begin letting trials proceed until September 16, 2020 "in accordance with the logistical considerations necessitated by the Court's safety protocols," N.D. Cal. Gen. Order 72-6 (Sept. 16, 2020), Caridis Decl., Ex. R.  This Court has thus had a six-month hold/backlog on scheduling jury trials.  *See* N.D. Cal. Gen. Orders 72 (Mar. 16, 2020), Caridis Decl., Ex. Q (ordering that no trials will commence before May 1, 2020), 72-2 (Apr. 30, 2020), Caridis Decl., Ex. S ("No new jury trial will be conducted before June 1, 2020"), 72-3 (May 21, 2020), Caridis Decl., Ex. T ("No new jury trial will be conducted through September 30, 2020."), 72-4 (June 24, 2020), Caridis Decl., Ex. U (same), 72-5 (July 23, 2020), Caridis Decl., Ex. V (same).

1    In contrast, Judge Albright did not postpone any trials until May 2020. *See* W.D. Tex.

2    Waco Div. Standing Order Regarding Coronavirus (COVID-19) and Court Proceedings (Mar. 12,

3    2020), Caridis Decl., Ex. W ("proceed[ing] with in-person hearings as previously scheduled");

4    *see also, e.g.,* Caridis Decl., Ex. X, *MV3 Partners LLC v. Roku, Inc.*, Case No. 18-cv-00308-

5    ADA, (5th Cir. 2020) ECF Nos. 170 (April 2, 2020 motion seeking COVID-19 continuance,

6    denied via text order on April 8, 2020 as "premature"), 271 (May 13, 2020 minute entry

7    continuing trial). And, on August 18, 2020, Judge Albright announced that jury and bench trials

8    would "resume as early as September 1, 2020" – in part because "the county in which the Waco

9    Division sits and those from which it pulls jurors have seen a meaningful decline in new reported

10   COVID-19 cases." *See* W.D. Tex. Waco Div. Standing Order Regarding Trials in Waco (Aug.

11   18, 2020), Caridis Decl., Ex. Y. Indeed, Judge Albright has already commenced one patent jury

12   trial since reopening the court. *See, e.g., Roku*, ECF No. 350, Caridis Decl., Ex. X (showing jury

13   trial began October 5, 2020). Thus, while the speed with which a case can come to trial is

14   *sometimes* speculative, there are specific reasons here to believe that the case will be brought to

15   trial substantially faster in the Western District of Texas. This favors the Western District of

16   Texas as the proper venue.

17              **d.    The local interest factor at most slightly favors the Northern**
                        **District of California.**
18

19   The local interest factor, at most, slightly favors the Northern District of California. As

20   explained in the *Hammond* case, "Google is a large employer in both the NDCA and the WDTX,

21   so both districts have a significant interest in this case." *Hammond*, 2020 U.S. Dist. LEXIS

22   110984, at *15-16. Further, Google's products are used all over the country, with customers and

23   users in both districts. Even assuming that Google researched and developed the accused

24   products in California, this factor would only "slightly favor[]" this District. *Id*. But, as

25   explained above, it appears likely that Google developed at least some of the infringing

26   functionality in Austin given the fact that Google's Austin office focuses on the Google Cloud

27   Platform and the fact that this platform is implicated by the Sonos patents at issue here.

28

Mot. To Dismiss Or Transfer
Case No. 3:20-cv-6754

**e.    The remaining factors are neutral.**

The rest of the convenience factors are either inapplicable or neutral.

First, neither this District nor the Western District of Texas has an advantage of the "familiarity with the law" factor.  Both the Northern District of California and the Western District of Texas are familiar with and are able to apply federal patent law.  This factor is neutral.

Second, there are no feasible opportunities for consolidation in either jurisdiction.  Sonos has only brought claims for infringement of the Asserted Patents against Google, so no other cases concerning these patents are pending.  Although the parties do have an existing dispute in the Northern District of California, in that dispute the parties are flipped: it involves Google's assertion of its own patents against Sonos' products.  That case therefore involves different patents, asserted by a different party, against different products.  Several courts have explained that these differences make consolidation unhelpful, *even* where the same party is asserting patents against the same defendant.  For example, in *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, a court in this District declined to consolidate cases brought by the same plaintiff against the same defendant because they "relate[d] to different patents, with mostly different inventors (…), different standards, and different technologies."  No. 18-cv-06737-JST, 2019 U.S. Dist. LEXIS 26257, at *6 (N.D. Cal. Feb. 19, 2019).  Likewise, in *Date, Inc. v. AMP Plus, Inc.*, the court explained that two suits "involv[ing] different products, patents, and time periods, weigh[ed] against consolidation," despite the fact that the plaintiff and defendants were the same.  No. 2:18-cv-07090-CAS (GJSx), 2019 U.S. Dist. LEXIS 224636, at *37 (C.D. Cal. Dec. 13, 2019).  These same reasons indicate that consolidating this action with Google's pre-existing Northern District of California suit will provide no significant benefit.  This factor is therefore neutral as well.

\*    \*    \*

In sum, the balance of convenience factors do not suggest that this District is the more convenient forum, much less to an extent that would outweigh the fact that this is an anticipatory suit and/or one that was quite clearly filed without a proper factual basis.  To the contrary, the Court should be ***loath*** to undermine the policy embodied by the anticipatory suit exception, or to reward and encourage the kind of disorderly race to the courthouse that Google engaged in here.

MOT. TO DISMISS OR TRANSFER
Case No. 3:20-CV-6754

**B.     Google's Complaint Should Also Be Dismissed as Inadequately Pled.**

As discussed above, Google's Complaint should also be dismissed under Rule 12(b)(6) because it fails to adequately plead a claim for declaratory judgment of non-infringement.  ECF No. 1 at ¶¶ 24, 30, 36, 42, 48.  All of Google's allegations regarding non-infringement, for each patent, merely deny that Google's product practice any of the parroted claim elements.  The law, however, requires "factual allegations showing *how* each accused product or service specifically does not meet at least one claim limitation."  *Comcast*, 319 F.R.D. at 273.  *See also Aster Graphics, Inc. v. Static Control Components, Inc.*, No. SA CV 17-1167-DOC (JDEx), 2018 U.S. Dist. LEXIS 196131, at *20 (C.D. Cal. Feb. 12, 2018) (dismissing non-infringement counterclaims that merely alleged the absence of specific claim limitations without providing any factual explanation).  Google's non-infringement allegations plainly fail to meet this standard so they must be dismissed.

Google's claims should also be dismissed without leave to amend.[4]  Courts may withhold leave to amend based on "bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."  *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).  Appellate courts review "a [district court's] denial of leave to amend for abuse of discretion."  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

As explained in Section III.A.2 above, Google's deficient allegations are the result of its decision to tactically prioritize preemption and speed over compliance with the pleading rules and Google's pre-filing investigatory obligations.  Thus, in addition to strongly disfavoring application of the first-to-file rule (as explained in Section III.A.2 above), Google's gamesmanship warrants that its claims be dismissed without leave to amend.

## IV.     CONCLUSION

For the foregoing reasons, this case should be dismissed without leave to amend or transferred to the Western District of Texas.

---

[4] The Federal Circuit applies regional circuit law in reviewing decisions to withhold leave to amend.  *Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019).

MOT. TO DISMISS OR TRANSFER
Case No. 3:20-CV-6754

Dated: October 12, 2020

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By: */s/ Clement S. Roberts*

Clement S. Roberts
Attorneys for Defendant SONOS, INC.