**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| SONOS, INC., | |
|         Plaintiff, | |
|    vs. | Case No. 6:20-cv-00881-ADA |
| GOOGLE LLC, | JURY TRIAL DEMANDED |
|         Defendant. | |

### GOOGLE'S RESPONSE TO SONOS'S MOTION FOR LEAVE TO AMEND OR SUPPLEMENT COMPLAINT

## I.      INTRODUCTION

While Google does not, in principle, oppose Sonos's request to amend its Complaint to add a claim for infringement of U.S. Patent No. 10,848,885 (the "'885 patent"), Sonos's proposed amendment should be denied unless an appropriate schedule adjustment is made to minimize the prejudice to Google.  Sonos's proposed schedule only advantages itself while doing nothing to mitigate the prejudice it causes.

Under the Court's Sample Order Governing Patent Proceedings Version 3.2 ("OGP"), Google would ordinarily have eight weeks after receiving Sonos's infringement contentions before serving invalidity contentions, and ten weeks after receiving Sonos's infringement contentions before the first claim construction deadline.  Sonos's proposal shortens that timeframe for the '885 patent to six weeks and six and a half weeks, respectively—a significantly shorter period than Sonos itself spent preparing its preliminary infringement contentions for the same patent.  Sonos's proposal also sets a staggered schedule with overlapping periods for two sets of invalidity contentions.  To avoid unnecessary prejudice created by Sonos's decision to delay adding this patent, Google proposes that the Court extend the parties' invalidity contentions deadline, claim construction deadlines and *Markman* hearing by eight weeks.  This extension, which maps to this Court's standard practices, will give Google the time it needs to conduct a further prior art search, investigate collecting additional documents for its initial technical production, consider the implications of the new patent on claim construction, and vet expert witnesses for claim construction.

## II.     BACKGROUND

Sonos initiated this action against Google on September 29, 2020.  *See* Dkt. 1.  Sonos's original Complaint alleged infringement of five patents.  *Id.*  The '885 patent, which Sonos proposes adding now, issued on November 24, 2020—two and a half weeks before Sonos served

its preliminary infringement contentions and three and a half weeks before the parties were deemed to have held their initial case management conference.  Sonos received a notice of allowance for the '885 patent even earlier, on September 28, 2020, the day before Sonos filed its Complaint.  *See* Ex. 1 *and* Dkt. 1.  When Google asked why it took Sonos so long to add the '885 patent, Sonos claimed that it needed the time to prepare its preliminary infringement contentions.

After Sonos notified Google of its intent to add the '885 patent to this case on January 8, 2020, the parties met and conferred regarding potential adjustments to the schedule.  Mot. at 3.  During this discussion, Sonos acknowledged that some adjustments to the schedule would be necessary.  *Id.*   Following the meet and confer discussion, Google proposed an eight-week extension.  *Id.*   Sonos rejected Google's offer and indicated that it would only be willing to entertain (1) a two-week extension to Google's invalidity contention deadline, and (2) a three-day extension on Google's first claim construction deadline, without any extensions on any of the remaining claim construction deadlines thereafter.  *Id.*

## III.   ARGUMENT

Sonos could have added the '885 patent to this case in November, before the case management conference and before serving its preliminary infringement contentions.  Sonos knew the patent would issue as early as September 28, 2020—two and a half months before Sonos served its preliminary infringement contentions.  *See* Ex. 1 *and* Dkt. 31.  And the patent issued on November 24, 2020—two and a half weeks before Sonos served its preliminary infringement contentions and three and a half weeks before the parties were deemed to have held their initial case management conference.  *See* Ex. 2 *and* Dkt. 31.  Despite this, Sonos waited until January 8, 2020 to notify Google of its intent to add the patent to the case.

After receiving the notice of allowance, Sonos apparently spent three and a half months preparing its preliminary infringement contentions.  Despite this, Sonos now contends that Google

should be prepared to serve invalidity contentions and its initial technical production for the newly-added patent in just six short weeks, and its list of claim terms for construction in just six and a half weeks.  Sonos's position is untenable.

In the normal course, Google would have months between receiving Sonos's Complaint and serving invalidity contentions.  Under the Court's OGP, Google would also have at least eight weeks after receiving Sonos's preliminary infringement contentions before serving invalidity contentions, and at least ten weeks before serving its list of claim terms for construction. Shortening these deadlines to six weeks and six and a half weeks, respectively, unnecessarily prejudices Google and rewards Sonos for its delay.  This is compounded by Sonos's refusal to agree to a single deadline for invalidity contentions.   If Sonos was truly concerned about maintaining the existing schedule and *Markman* hearing, Sonos should have informed Google and the Court of its intent to add the '885 patent to the case promptly, and before serving its preliminary infringement contentions.[1]

Google requests that the Court extend the parties' invalidity contentions deadline, claim construction deadlines and *Markman* hearing by eight weeks.  This extension will give Google the time it needs to conduct a further prior art search, investigate collecting additional documents for its initial technical production, consider the implications of the new patent on claim construction, and vet expert witnesses for claim construction.  Without this change to the schedule, Google will be unnecessarily prejudiced, which would support denying Sonos's motion for leave.

---

[1]  Sonos suggests that Google should not need the full eight weeks that the Court's OGP normally allows for invalidity contentions because the '885 patent "shares the same specification with, and is related to, two patents already asserted in this case—the '206 and '966 Patents." Mot. at 6-7.  If that is the case, Sonos should not have required three and a half months of its own to prepare and serve preliminary infringement contentions.

## IV.     CONCLUSION

Google respectfully requests that the Court extend the parties' invalidity contentions deadline, claim construction deadlines and *Markman* hearing by eight weeks to accommodate Sonos's request to amend or supplement its Complaint to add a claim for infringement of the '885 patent.  Alternatively, Google asks that the Court deny Sonos's motion.


DATED:  January 21, 2021                       QUINN EMANUEL URQUHART & SULLIVAN,
                                               LLP

                                       By:   */s/ Charles K. Verhoeven*
                                             Charles K. Verhoeven (*pro hac vice*)
                                             charlesverhoeven@quinnemanuel.com
                                             Melissa Baily (*pro hac vice*)
                                             melissabaily@quinnemanuel.com
                                             Jordan Jaffe (*pro hac vice*)
                                             jordanjaffe@quinnemanuel.com
                                             Lindsay Cooper (*pro hac vice*)
                                             lindsaycooper@quinnemanuel.com
                                             QUINN EMANUEL URQUHART &
                                             SULLIVAN LLP
                                             50 California Street, 22nd Floor
                                             San Francisco, California 94111-4788
                                             Telephone:     (415) 875 6600
                                             Facsimile:     (415) 875 6700

                                             Paige Arnette Amstutz
                                             Texas State Bar No. 00796136
                                             SCOTT, DOUGLASS & MCCONNICO, LLP
                                             303 Colorado Street, Suite 2400
                                             Austin, TX  78701
                                             Telephone:  (512) 495-6300
                                             Facsimile:  (512) 495-6399
                                             pamstutz@scottdoug.com

                                             *Counsel for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 21, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Jocelyn Ma*
Jocelyn Ma
