**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

SONOS, INC.,

              Plaintiff,

      v.

GOOGLE LLC,

              Defendant.

§
§
§
§
§
§
§
§
§
§

NO. 6:20-cv-00881-ADA

**PLAINTIFF SONOS, INC.'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO AMEND OR SUPPLEMENT COMPLAINT**

## I.      INTRODUCTION

Google does not "in principle" oppose Sonos's request to add the '885 Patent.  Resp. at 1.
Instead, Google spends its entire response insisting that the Scheduling Order must be adjusted by
eight weeks for all dates between now and the *Markman* hearing (including the Markman hearing
itself) *for all patents.  Id.*  Google's position is an obvious delay tactic, as it presents no reason
why such a delay is necessary.  The Court should grant Sonos's motion to amend the Complaint
and, if the Court is inclined to adjust the schedule, adopt Sonos's proposed deadlines.

## II.     ARGUMENT

Google fails to identify *any* reason that the Scheduling Order for all patents needs to be
adjusted.  Nor can it.  The addition of the '885 Patent has *no* bearing on the validity of the already-
asserted patents such that Google needs any additional time to evaluate and prepare its invalidity
contentions and claim construction arguments.  Google's attempt to adjust the schedule for every
deadline for all patents over the next five months is a clear delay tactic.  Such an adjustment is also
unreasonable.  While Google *says* that only the dates through *Markman* need to be adjusted,
Google's 8-week delayed schedule would inherently bleed into the remaining post-*Markman*
deadlines.  There is simply no reason that the entire case schedule needs to be reworked in light of
the addition of a single patent, especially a patent related to, and sharing a specification with, two
already asserted patents.

Moreover, Google does not dispute that a targeted schedule for the '885 Patent can easily
merge into the existing deadlines.  Nor does Google assert that it is incapable of meeting Sonos's
proposed deadlines.  In fact, conspicuously missing from Google's submission is *any* statement
that it is unable to meet the deadlines that Sonos proposes.  Instead, Google summarily claims that
it is "unnecessarily prejudiced" by the shortened timeframe (but provides no explanations of such
prejudice).  Resp. at 3.  This argument fails for at least two reasons.  First, Google ignores that its

invalidity contentions at this early stage are *preliminary*.  Under the Scheduling Order, Google may amend its contentions over the next six months.  *See* Dkt. 31 at 1, n.1.  Any "prejudice" that Google suffers from having to produce invalidity contentions for the '885 Patent on a shortened schedule is easily cured by this Court's built-in procedures.  Second, Google ignores that the '885 Patent stems from the same family as, and shares a specification with, two patents already asserted in this case.  As Google has already begun its investigations of those related patents, an abbreviated schedule for the '885 Patent is entirely reasonable—especially given Sonos served Google with its preliminary '885 Patent infringement contentions over two weeks ago.

Finally, Google complains that Sonos will have had more time to develop its infringement contentions than Google will for its invalidity contentions.  But that is the case for every plaintiff in every litigation.  Due diligence and an adequate pre-filing investigation are *required* prior to bringing a lawsuit.  Sonos should not be penalized for ensuring it had adequate grounds to assert the '885 Patent and preparing the necessary paperwork before moving to amend.  Nor did the Scheduling Order require Sonos to rush to add the '885 Patent, as the deadline for such an amendment is nearly eight months away.  Any notion that Sonos did not move quickly enough here, particularly given that the '885 Patent issued at the end of November 2020, is simply unfounded

## III.    CONCLUSION

For the foregoing reasons, Sonos respectfully requests the Court grant Sonos leave to amend the Complaint to add the '885 Patent.  If the Court is inclined to adjust the Scheduling Order, Sonos requests the Court adopt Sonos's proposal, summarized below.

| | Existing Deadline | Sonos's Proposed Deadline for '885 Patent Only | Google's Proposed Deadline for All Patents |
|---|---|---|---|
| Defendant's Preliminary Invalidity Contentions | February 5, 2021 | February 19, 2021 | April 2, 2021 |
| Exchange claim terms for construction | February 19, 2021 | February 24, 2021 | April 16, 2021 |
| Exchange proposed claim constructions | March 5, 2021 | All remaining dates the same | April 30, 2021 |
| Disclose extrinsic evidence | March 12, 2021 | | May 7, 2021 |
| Meet and confer to narrow disputed terms and exchange revised list of terms and constructions | March 19, 2021 | | May 14, 2021 |
| Plaintiff files Opening claim construction brief | March 26, 2021 | | May 21, 2021 |
| Defendant files Responsive claim construction brief | April 16, 2021 | | June 11, 2021 |
| Plaintiff files Reply claim construction brief | April 30, 2021 | | June 25, 2021 |
| Defendant files Sur-Reply claim construction brief | May 14, 2021 | | July 9, 2021 |
| Submit Joint Claim Construction Statement | May 19, 2021 | | July 14, 2021 |
| Submit optional technical tutorials | May 21, 2021 | | July 16, 2021 |
| *Markman* hearing | June 4, 2021 | | July 30, 2021 |

Dated: January 27, 2021

ORRICK, HERRINGTON & SUTCLIFFE LLP

BY:   */s/ Alyssa Caridis*

Jeffrey Johnson, Bar No. 24029638
jj@orrick.com
609 Main Street, 40th Floor
Houston, TX  77002
Telephone:        +1 713 658 6400
Facsimile:        +1 713 658 6401

Clement Seth Roberts
croberts@orrick.com
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:        +1 415 773 5700
Facsimile:        +1 415 773 5759

Alyssa Caridis
acaridis@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:        +1 213 612 2362
Facsimile:        +1 213 612 2499

Bas de Blank
basdeblank@orrick.com
1000 Marsh Blvd.
Menlo Park, CA  94025
Telephone:        +1 650 614 7343
Facsimile:        +1 650 614 7401

George I. Lee
lee@ls3ip.com
Sean M. Sullivan
sullivan@ls3ip.com
Rory P. Shea
shea@ls3ip.com
J. Dan Smith
smith@ls3ip.com
Lee Sullivan Shea & Smith LLP
656 W. Randolph Street, Floor 5W
Chicago, IL  60661
Telephone:        +1 312 754 9602
Facsimile:        +1 312 754 9603

Mark D. Siegmund
Law Firm of Walt Fair, PLLC
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on January 27, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

*/s/ Alyssa Caridis*
Alyssa Caridis
