**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SONOS, INC.,<br><br>       Plaintiff,<br><br>   vs.<br><br>GOOGLE LLC,<br><br>       Defendant. | Case No. 6:20-cv-00881-ADA<br><br>JURY TRIAL DEMANDED |

**GOOGLE LLC'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF
ITS MOTION TO TRANSFER, OR IN THE ALTERNATIVE, MOTION TO MODIFY
THE  CASE SCHEDULE**

**I.    INTRODUCTION**

The Fifth and Federal Circuits have both directed that district courts should determine the "proper and convenient venue before addressing any substantive portion of the case."[1] The Court is currently scheduled to hold a *Markman* hearing on June 4, 2021—one month before venue discovery is set to close, and well before the parties will complete briefing on Google's Motion To Transfer. To ensure that the Court has an opportunity to rule on Google's transfer motion before ruling on claim construction or other substantive issues, Google requests that the Court stay all non-venue-related proceedings in this case until it rules on Google's venue motion. At a minimum, Google requests that the Court adjust the case schedule to ensure that Google's threshold venue motion is decided before the Court rules on claim construction or other substantive issues, either by postponing the date of the *Markman* hearing until after the Court rules on the venue motion or by advancing the briefing and hearing on the venue motion so that the motion is decided before the *Markman* hearing. Google has met and conferred with Sonos on its requested stay and modifications to the schedule. Sonos opposes Google's motion.

**II.    BACKGROUND**

Sonos initiated this action against Google on September 29, 2020. *See* Dkt. 1. On January 5, 2021, the Court entered a scheduling order setting an invalidity contentions deadline of February 5, 2021, numerous claim construction-related deadlines between February 19, 2021 and May 14, 2021, and a *Markman* hearing on June 4, 2021. Dkt. 31.

Google filed a motion to transfer pursuant to 28 U.S.C. § 1404(a) on January 8, 2021. Dkt. 35-1. As detailed in Google's transfer motion, the parties agreed to litigate in California, and a mandatory forum selection clause requires that this case be transferred to California. *See id.* at 3-

---

[1] *In re Nintendo Co.*, 544 F. App'x. 934, 941 (Fed. Cir. 2013); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).

6 (explaining the substantial connection between the parties' 2013 Content Integration Agreement, which contains the relevant forum selection clause, on the one hand, and Sonos' allegations and several of Google's affirmative defenses, on the other). Furthermore, the Northern District of California is a much more convenient forum since both parties' relevant witnesses and sources of proof are primarily located in California, and numerous third-party witnesses, including witnesses who developed key prior art and at least one of the named inventors, reside in California and can only be compelled to attend trial there.

In accordance with the Court's Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases, venue discovery opened on January 8, 2021 when Google filed its transfer motion. Venue discovery is scheduled to close "no later than six months after the filing of the initial motion," *i.e.*, by July 8, 2021, over one month after the currently-scheduled *Markman* hearing. *Id*; Dkt. 35-1. Once venue discovery is complete, "[t]he deadline for Plaintiff's response is two weeks after the completion of venue or jurisdictional discovery," or by July 22, 2021. *Id*. The Court has not yet scheduled a hearing on Google's transfer motion.

### III. ARGUMENT

#### A. Transfer Should Be Resolved Before The Court Reaches The Merits Of The Case.

The Fifth and Federal Circuits have provided clear guidance that district courts should determine "a proper and convenient venue before addressing any substantive portion of the case." *In re Nintendo Co.*, 544 F. App'x. at 941; *In re Horseshoe Entm't*, 337 F.3d at 433 (disposition of a "motion to transfer . . . should [take] a top priority in the handling of" a case); *see also In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015) (stressing "the importance of addressing motions to transfer at the outset of litigation"). Once a transfer motion has been filed, it should "unquestionably take top priority," ahead of "important and time-intensive

substantive tasks" like "a *Markman* hearing and claim construction order." *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020).

Unless the schedule in this case is modified, the Court will likely address the merits of this case before ruling on Google's transfer motion. To ensure that the Court can rule on Google's transfer motion before the *Markman* hearing, Google respectfully asks that the Court stay all non-venue-related proceedings until the Court rules on Google's venue motion. In the alternative, Google asks that the Court adjust the case schedule to ensure that Google's venue motion is decided before the Court rules on claim construction or other substantive issues, either by postponing the date of the *Markman* hearing until after the Court's ruling on the venue motion or by advancing the briefing and hearing on the venue motion so that motion is decided before the *Markman* hearing.

### B.     A Stay Is Appropriate.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Dwyer v. USAA Sav. Bank*, No. SA-17-CA-252-FB, 2017 WL 7805760, at *1 (W.D. Tex. Nov. 21, 2017). "In determining whether a stay is proper, a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources." *Neodron Ltd. V. Dell Techs.*, 2019 U.S. Dist. LEXIS 23309, *10 (W.D. Tex. Dec. 16, 2019) (Albright, J.) (*citing Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*, 1:17-cv-342, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018)); *see Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2014 WL 12489985, at *2 (W.D. Tex. Mar. 3, 2014). Here, all three factors favor a stay.

***No Prejudice to Sonos.***   Sonos will not be prejudiced by a stay pending resolution of Google's motion to transfer. This case is still in its early stages, and "the mere fact of a delay alone does not constitute prejudice sufficient to deny a request for stay." *E-Watch, Inc. v. Lorex*

*Canada, Inc.*, No. 12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013)).  Courts in this Circuit have stayed cases pending the resolution of transfer motions.  *See Solid State Storage Solutions, Inc. v. STEC, Inc.*, 2:11-cv-00391-JRG-RSP, Dkt. 292 at 1 (E.D. Tex. Jan. 3, 2013).

Furthermore, Sonos has consistently and repeatedly *agreed* to litigate disputes with Google in California.  *See* Dkt. 34.  Having flouted the parties' agreements regarding forum selection, Sonos cannot now claim that it will be prejudiced by a stay in an improper forum while the Court decides whether this case should be transferred to the proper forum.[2]

*Hardship to Google.*  Google will suffer unnecessary hardship if forced to spend resources litigating the merits of this case while venue remains uncertain.  Google will be required to expend efforts on the merits while its transfer motion is pending.  The parties have a number of substantive deadlines within the next six months.  *Supra* § II.  Proceeding on the merits while Google's motion to transfer is pending risks having a court that will not ultimately determine the merits decide key issues in the case, such as claim construction.  *See McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1980) ("Judicial economy requires that . . . the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering [the merits] in two courts.").

*Judicial Resources.*  Staying the case until venue is fully resolved will allow the Court to avoid spending time and resources on substantive issues while there is a significant risk the case may end up in a different forum.  *See In re VTech Commc'ns, Inc.*, Misc. No. 909, 2010 WL 46332, *2 (Fed. Cir. Jan. 6, 2010) (urging parties to pursue transfer motions "before the district court invest[s] considerable time and attention on discovery and completing claim construction").

---

[2] Sonos has initiated disputes against Google in other forums as well.  Sonos initiated International Trade Commission Investigation No. 337-TA-1191, which involves related patents and the same accused products, on January 7, 2020.  The evidentiary hearing is scheduled to begin on February 22, 2021, with an Initial Determination expected by May 11, 2021.  Exs. 1, 2.

    **C.**    **In The Alternative, The Court Should Adjust The Case Schedule To Ensure Google's Venue Motion Is Decided Before The Court Rules On Claim Construction or Other Substantive Issues.**

Even if the Court determines that a stay is not warranted, Google requests that the Court adjust the case schedule to ensure that Google's venue motion is decided before the Court rules on claim construction or other substantive issues, for example by postponing the date of the *Markman* hearing until after the Court rules on the venue motion, or by advancing the briefing and hearing on the venue motion so that motion is decided before the *Markman* hearing. Modifying the schedule in this way will ensure the Court has an opportunity to rule on Google's transfer motion before claim construction, in line with the Federal Circuit's guidance. *In re Apple Inc.*, 979 F.3d at 1337.

**IV.**    **CONCLUSION**

Because Google's pending transfer motion should take "top priority" (*In re Horseshoe*, 337 F.3d at 433), Google respectfully requests a stay of all non-venue-related proceedings in this case until the Court rules on Google's venue motion. In the alternative, Google asks that the Court adjust the case schedule to ensure Google's venue motion is decided before the Court rules on claim construction or other substantive issues, for example by either postponing the date of the *Markman* hearing until after the Court's ruling on the venue motion, or by advancing the briefing and hearing on the venue motion so that motion is decided before the *Markman* hearing.

DATED:  January 27, 2021                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  */s/ Charles K. Verhoeven*
Charles K. Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice*)
melissabaily@quinnemanuel.com
Jordan Jaffe (*pro hac vice*)
jordanjaffe@quinnemanuel.com
Lindsay Cooper (*pro hac vice*)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875 6600
Facsimile:    (415) 875 6700

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX  78701
Telephone:  (512) 495-6300
Facsimile:  (512) 495-6399
pamstutz@scottdoug.com

*Counsel for Defendant Google LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 27, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven