IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SONOS, INC., | § | |
| | § | |
| Plaintiff and, | § | C.A. 6:20-CV-00881-ADA |
| Counterclaim-Defendant, | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| GOOGLE LLC, | § | |
| | § | |
| Defendant and | § | |
| Counterclaim-Plaintiff. | § | |

## SONOS, INC.'S ANSWER TO GOOGLE LLC'S COUNTERCLAIMS

Plaintiff and Counterclaim-Defendant Sonos, Inc. ("Sonos" or "Plaintiff") hereby answers the Counterclaims asserted by Defendant and Counterclaim-Plaintiff Google LLC ("Google" or "Defendant") as follows:

Sonos denies all allegations that it does not expressly admit. The numbered paragraphs in this Answer correspond to the numbered paragraphs of the Counterclaims. Headings used by Defendant in the counterclaims are restated herein for ease of reference, but no admission is made thereby.

### THE PARTIES

1. Sonos admits that Google claims to be a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

2. Sonos admits the allegations of paragraph 2.

### JURISDICTION AND VENUE

3. Sonos admits that the Counterclaims allege an action arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the laws of the State of California. Sonos admits that this Court has subject matter jurisdiction over Google's Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202. Sonos

denies that the Court has supplemental jurisdiction over any of the Counterclaims at least because the Counterclaims do not appear to allege any California state law claim.  Sonos admits that an actual controversy exists under the Declaratory Judgment Act because Sonos alleges that Google has infringed and is infringing U.S. Patent Nos. 9,967,615; 10,779,033; 9,344,206; 10,469,966; and 9,219,460 ("the Asserted Patents"), and Google denies those allegations.  Sonos otherwise denies the allegations of paragraph 3.

4. For the purposes of this litigation, Sonos admits that this Court has personal jurisdiction over Sonos.

5. Sonos denies that venue for this case is not appropriate in this district for Sonos's claims or Google's Counterclaims.  Venue in this district is appropriate for both.

## COUNT 1:
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,967,615

6. Sonos repeats its responses to the allegations of the preceding paragraphs with the same force and effect as if fully set forth herein.

7. Sonos admits that on September 29, 2020, Sonos filed a Complaint alleging patent infringement claims against Google.

8. Sonos admits that Sonos's Complaint alleges that Google infringes at least claim 13 of the '615 Patent.  Sonos otherwise denies the allegations of paragraph 8.

9. Sonos admits that an actual, continuing and justiciable controversy exists between Google and Sonos as to Google's non-infringement of all claims of the '615 Patent.  Sonos otherwise denies the allegations of paragraph 9.

10. Paragraph 10 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Sonos denies the allegations of paragraph 10.

## COUNT 2:
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,967,615

11. Sonos repeats its responses to the allegations of the preceding paragraphs with the same force and effect as if fully set forth herein.

12. Sonos admits that an actual controversy exists between Google and Sonos as to the validity of the '615 Patent.

13. Sonos denies the allegations of paragraph 13.

14. Sonos denies the allegations of paragraph 14.

15. Paragraph 15 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Sonos denies the allegations of paragraph 15.

## COUNT 3:
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,799,033

16. Sonos repeats its responses to the allegations of the preceding paragraphs with the same force and effect as if fully set forth herein.

17. Sonos admits that on September 29, 2020, Sonos filed a Complaint alleging patent infringement claims against Google. Sonos admits that Sonos's Complaint alleges that Google infringes at least claim 1 of the '033 Patent. Sonos otherwise denies the allegations of paragraph 17.

18. Sonos admits that an actual, continuing and justiciable controversy exists between Google and Sonos as to Google's non-infringement of all claims of the '033 Patent. Sonos otherwise denies the allegations of paragraph 18.

19. Paragraph 19 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Sonos denies the allegations of paragraph 19.

## COUNT 4:
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,799,033

20. Sonos repeats its responses to the allegations of the preceding paragraphs with the same force and effect as if fully set forth herein.

21. Sonos admits that an actual controversy exists between Google and Sonos as to the validity of the '033 Patent.

22. Sonos denies the allegations of paragraph 22.

23. Sonos denies the allegations of paragraph 23.

24. Paragraph 24 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Sonos denies the allegations of paragraph 24.

## COUNT 5:
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,344,206

25. Sonos repeats its responses to the allegations of the preceding paragraphs with the same force and effect as if fully set forth herein.

26. Sonos admits that on September 29, 2020, Sonos filed a Complaint alleging patent infringement claims against Google.

27. Sonos admits that Sonos's Complaint alleges that Google infringes at least claim 1 of the '206 Patent.  Sonos otherwise denies the allegations of paragraph 27.

28. Sonos admits that an actual, continuing and justiciable controversy exists between Google and Sonos as to Google's non-infringement of all claims of the '206 Patent.  Sonos otherwise denies the allegations of paragraph 28.

29. Paragraph 29 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Sonos denies the allegations of paragraph 29.

## COUNT 6:
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,344,206

30. Sonos repeats its responses to the allegations of the preceding paragraphs with the same force and effect as if fully set forth herein.

31. Sonos admits that an actual controversy exists between Google and Sonos as to the validity of the '206 Patent.

32. Sonos denies the allegations of paragraph 32.

33. Sonos denies the allegations of paragraph 33.

34. Paragraph 34 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Sonos denies the allegations of paragraph 34.

## COUNT 7:
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,469,966

35. Sonos repeats its responses to the allegations of the preceding paragraphs with the same force and effect as if fully set forth herein.

36. Sonos admits that on September 29, 2020, Sonos filed a Complaint alleging patent infringement claims against Google.

37. Sonos admits that Sonos's Complaint alleges that Google infringes at least claim 1 of the '966 Patent. Sonos otherwise denies the allegations of paragraph 37.

38. Sonos admits that an actual, continuing and justiciable controversy exists between Google and Sonos as to Google's non-infringement of all claims of the '966 Patent. Sonos otherwise denies the allegations of paragraph 38.

39. Paragraph 39 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Sonos denies the allegations of paragraph 39.

## COUNT 8:
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,469,966

40. Sonos repeats its responses to the allegations of the preceding paragraphs with the same force and effect as if fully set forth herein.

41. Sonos admits that an actual controversy exists between Google and Sonos as to the validity of the '966 Patent.

42. Sonos denies the allegations of paragraph 42.

43. Sonos denies the allegations of paragraph 43.

44. Paragraph 44 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Sonos denies the allegations of paragraph 44.

## COUNT 9:
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,219,460

45. Sonos repeats its responses to the allegations of the preceding paragraphs with the same force and effect as if fully set forth herein.

46. Sonos admits that on September 29, 2020, Sonos filed a Complaint alleging patent infringement claims against Google.

47. Sonos admits that Sonos's Complaint alleges that Google infringes at least claim 15 of the '460 Patent. Sonos otherwise denies the allegations of paragraph 47.

48. Sonos admits that an actual, continuing and justiciable controversy exists between Google and Sonos as to Google's non-infringement of all claims of the '460 Patent. Sonos otherwise denies the allegations of paragraph 48.

49. Paragraph 49 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Sonos denies the allegations of paragraph 49.

## COUNT 10:
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,219,460

50. Sonos repeats its responses to the allegations of the preceding paragraphs with the same force and effect as if fully set forth herein.

51. Sonos admits that an actual controversy exists between Google and Sonos as to the validity of the '460 Patent.

52. Sonos denies the allegations of paragraph 52.

53. Sonos denies the allegations of paragraph 53.

54. Paragraph 54 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Sonos denies the allegations of paragraph 54.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Sonos hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

In response to Google's Prayer for Relief, Sonos denies that Google is entitled to any relief, and in particular to any of the relief requested in paragraphs (A)-(I) of Google's Prayer for Relief, and further requests that the Court enter such preliminary and final orders and judgments as are necessary to provide Sonos with the following requested relief:

A. An order dismissing Google's Counterclaims in their entirety and with prejudice;

B. Judgment that Google has infringed the Asserted Patents and that such infringement is willful;

C. Judgment that the claims of the Asserted Patents are valid;

D. An injunction enjoining Google, its officers, agents, servants, employees and attorneys, and other persons in active concert or participation with Google, and its parents, subsidiaries, divisions, successors and assigns, from infringement of the Asserted Patents;

E. An award of damages sufficient to compensate Sonos for Google's infringement under 35 U.S.C. § 284, including an enhancement of damages on account of Google's willful infringement;

F. That this case be found exceptional under 35 U.S.C. § 285 and that Sonos be awarded its reasonable attorneys' fees;

G. Sonos's costs and expenses in this action;

H. An award of pre-judgment and post-judgment interest; and

I. Such other and further relief as the Court may deem just and proper.

DATED: January 29, 2021

Respectfully submitted,

*/s/  Alyssa Caridis*
Jeffrey L. Johnson
Texas Bar No. 24029638
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main Street, 40th Floor
Houston, TX 77002
Telephone:  713.658.6400
Facsimile:  713.658.6401
jj@orrick.com

Clement Seth Roberts (*pro hac vice*)
California Bar No. 209203
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
405 Howard St.

San Francisco, CA 94105
Telephone: 415.773.5484
Facsimile: 415.773.5759
croberts@orrick.com

Bas de Blank (*pro hac vice*)
California Bar No. 191487
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Blvd.
Menlo Park, CA 94205
Telephone: 650.614.7343
Facsimile: 650.614.7401
bdeblank@orrick.com

Alyssa Caridis (*pro hac vice*)
California Bar No. 260103
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 South Figueroa St., Suite 3200
Los Angeles, CA 90017
Telephone: 213.612.2372
Facsimile: 213.612.2499
acaridis@orrick.com

George I. Lee (*pro hac vice*)
Illinois Bar No. 6225430
Sean M. Sullivan (*pro hac vice*)
Illinois Bar No. 6230605
Rory P. Shea (*pro hac vice*)
Illinois Bar No. 6290745
J. Dan Smith (*pro hac vice*)
Illinois Bar No. 6300912
**LEE SULLIVAN SHEA & SMITH LLP**
656 W. Randolph St., Floor 5W
Chicago, IL 60661
Telephone: 312.754.9602
Facsimile: 312.754.9603
lee@ls3ip.com
sullivan@ls3ip.com
shea@ls3ip.com
smith@ls3ip.com

Mark D. Siegmund
**Law Firm of Walt Fair, PLLC**
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400

Facsimile:  (254) 772-6432

Attorneys for Plaintiff Sonos, Inc.