IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>            Plaintiff,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>            Defendant. | Case No. 6:20-cv-00881-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC'S MOTION TO DISMISS
SONOS'S SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. LEGAL STANDARD............................................................................................................1

    A. Willful Infringement ..................................................................................................2

    B. Indirect Infringement ..................................................................................................2

III. ARGUMENT..........................................................................................................................3

    A. Sonos Fails To Adequately Plead Willful Infringement for the '885, '033 and '966 Patents. ..................................................................................................3

        1. Sonos Fails To Allege The Requisite Knowledge For Willfulness. ............3

        2. Sonos Fails To Raise A Plausible Inference Of Egregious Behavior ..................................................................................................7

    B. Sonos Fails to Adequately Plead Indirect Infringement for the '885, '033 and '966 Patents. ..................................................................................................8

IV. CONCLUSION.....................................................................................................................10

## TABLE OF AUTHORITIES

Page

### Cases

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
   No. W:13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ................................... 2

*Aguirre v. Powerchute Sports LLC*,
   No. 10-cv-0702, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ..................................... 9

*Arbmetrics, LLC v. Dexcom, Inc.*,
   No. 18-cv-00134, 2019 U.S. Dist. LEXIS 134563 (S.D. Cal. Feb. 19, 2019) ................... 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .......................................................................................................... 2

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015) ...................................................................................................... 8

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) ........................................................................................ 2

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
   No. 19-cv-1239, 2020 WL 4365809 (D. Del. July 30, 2020) ....................................... 5, 6

*Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*,
   No. 15-545-SLR, 2016 WL 1019667 (D. Del. Mar. 15, 2016) ........................................ 6

*Flash-Control, LLC v. Intel Corp.*,
   No. 1:19-cv-01107, Dkt. 35 at 7:17-20 (W.D. Tex. Oct. 31, 2019) .................................. 4

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010) ........................................................................................ 3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ...................................................................................................... 8, 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ................................................................................................... 2, 7

*Intellectual Ventures I LLC v. Toshiba Corp.*,
   66 F. Supp. 3d 495 (D. Del. 2014) ................................................................................... 6

*M & C Innovations, LLC v. Igloo Prod. Corp.*,
   No. 4:17-cv-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) .................................... 7

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   No. 18-cv-309, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ....................................... 7

*NetFuel, Inc. v. Cisco Sys., Inc.*,
   No. 5-18-cv-02352, 2018 WL 4510737 (N.D. Cal. Sept. 18, 2018) .................................... 5

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
   No. 6:14–cv–1017–Orl–22KRS, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) ............... 6

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ..................... 2, 3

*Parus Holdings Inc. v. Apple Inc.*,
   No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020) ................................................................... 4, 8

*TecSec, Inc. v. Adobe Inc.*,
   No. 1:10-cv-115, 2019 WL 1233882 (E.D. Va. Mar. 14, 2019) .......................................... 7

*Välinge Innovations AB v. Halstead New England Corp.*,
   No. 16-1082-LPS, 2018 WL 2411218 (D. Del. May 29, 2018) ..................................... 2, 3

*VLSI Tech. LLC v. Intel Corp.*,
   No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ........................... 4, 5, 6, 10

*VLSI Tech., LLC v. Intel Corp.,*
   No. 1:19-cv-00977, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019) .............................. 4, 9

*WBIP, LLC v. Kohler Co.*,
   829 F.3d 1317 (Fed. Cir. 2016) ............................................................................................ 5

## **Rules**

Fed. R. Civ. Proc. 12(b)(6) ........................................................................................................... 1

I.      **INTRODUCTION**

On September 29, 2020, Sonos, Inc. ("Sonos") filed suit against Google LLC ("Google"), alleging infringement of five patents, namely U.S. Patent Nos. 9,967,615 ("the '615 patent"); 10,779,033 ("the '033 patent"); 9,344,206 ("the '206 patent"); 10,469,966 ("the '966 patent"), and U.S. Patent No. 9,219,460 ("the '460 patent"). Dkt. 1 (Complaint). On February 17, 2021, Sonos filed a First Amended Complaint adding a claim of infringement for U.S. Patent No. 10,848,885 ("the '885 patent"). Dkt. 49. Just a few days later, on February 23, 2021, Sonos filed a Second Amended Complaint ("SAC") dropping its allegation of infringement for the '460 patent, and continuing to assert that Google infringes—directly, indirectly, and willfully—the '615 patent, '033 patent, '206 patent, '966 patent, and '885 patent. Dkt. 51. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Google requests that the Court dismiss Sonos's claims of willful and indirect infringement for the '885, '033, and '966 patents, as Sonos's allegations are plainly deficient under even the most basic pleading standards.

As to willful infringement, Sonos's SAC fails to allege the necessary pre-suit knowledge of these patents—a standalone pleading requirement that this Court and others continue to affirm. Moreover, the SAC does not contain any factual assertions going to willfulness at all, let alone assertions that would give rise to a plausible inference of egregiousness. As pled for the '885, '033 and '966 patents, this is at most a "garden-variety" patent case and, as such, the claims for willful infringement of the '885, '033 patent, and '966 patents should be dismissed. Sonos's claims of indirect infringement for the '885, '033 and '966 patents should be dismissed for the same reason. Like the willfulness claims, they are doomed by a lack of alleged pre-suit knowledge.

II.     **LEGAL STANDARD**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

### A. Willful Infringement

Willful infringement is reserved for "egregious infringement behavior," which is typically described as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, [or] flagrant." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). "To state a claim for willful infringement, 'a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (Albright, J.) (quoting *Välinge Innovations AB v. Halstead New England Corp.*, No. 16-1082-LPS, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).

### B. Indirect Infringement

"To succeed on its induced infringement claim, Plaintiff must allege facts showing that [Defendant]: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. W:13-cv-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)).

To succeed on a contributory infringement claim, "the patent owner must demonstrate: '1)

that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention.'" *Id*. at *8 (quoting *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

### III. ARGUMENT

#### A. Sonos Fails To Adequately Plead Willful Infringement for the '885, '033 and '966 Patents.

There are two independent bases on which the Court can dismiss Sonos's claims of willful infringement for the '885, '033 and '966 patents. First, Sonos has not pled pre-suit knowledge, a requirement for willful infringement that this Court and many others have recently affirmed. Second, the claims fail to meet even the most basic pleading requirements, as they do not set forth any allegations plausibly leading to an inference of the "egregious" behavior required under *Halo*. From a willfulness perspective, Sonos's claims are, at most, "garden-variety" patent claims and thus "ill-suited" for a willfulness determination.

#### 1. Sonos Fails To Allege The Requisite Knowledge For Willfulness.

To state a claim for willful infringement, plaintiffs must assert that the accused infringer had pre-suit knowledge of the asserted patent. *See Parity Networks*, 2019 WL 3940952, at *3 ("To state a claim for willful infringement, 'a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) **knew of the patent-in-suit** . . . .'") (emphasis added) (quoting *Välinge*, 2018 WL 2411218 (dismissing willful infringement claims for failing to allege pre-suit knowledge of asserted patents)). Indeed, this Court has repeatedly held that allegations of knowledge based on a complaint are not enough to overcome a motion to dismiss:

> The Court: So our only fight here is over whether or not to allow a complaint, a cause of action for willfulness to be alleged strictly on the basis of the fact they now have notice of the patent on the basis of the filing of the suit. …

> The Court: Well, here's what's I think happening is maybe I've been wishy-washy on these matters and that's why they keep coming up. So ***I'm going to stop being wishy-washy at this point and make it clear on the record and in the future how I'm going to handle these issues*** going forward. I'm going to without prejudice dismiss your claim of willfulness. Going forward, citing my own case in *Parity Networks*, ***if you want to reallege willfulness in this case, you're going to have to allege facts that show that as of the time of the claims filing, the accused infringer knew of the patent-in-suit***. After acquiring that knowledge, it infringed the patent, and in doing so it knew or should have known that its conduct amounted to infringement of the patent.

*See, e.g.*, *Flash-Control, LLC v. Intel Corp.*, No. 1:19-cv-01107, Dkt. 35 at 7:17-20, 15:24-16:11 (W.D. Tex. Oct. 31, 2019) (hearing transcript and associated text order granting motion to dismiss "post-suit willfulness" where the complaint failed to plead pre-suit knowledge) (emphasis added); *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020) (text order granting motion to dismiss willful infringement claims where plaintiff's only allegation of knowledge was that "Defendant Apple has had knowledge of the '431 Patent since at least the filing of the original complaint") (quoting Dkt. 28 (Am. Compl.) at ¶ 44); *see also VLSI Tech., LLC v. Intel Corp.,* No. 1:19-cv-00977, 2019 WL 11025759, *1-2 (W.D. Tex. Aug. 6, 2019) (dismissing willful infringement claims for lack of pre-suit knowledge). Other courts have held the same. *See VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (dismissing willful infringement claims because "the complaint itself cannot serve as the basis for a defendant's actionable knowledge [of the patent]. The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim."); *Arbmetrics, LLC v. Dexcom, Inc.*, No. 18-cv-00134, 2019 U.S. Dist. LEXIS 134563, *11 (S.D. Cal. Feb. 19, 2019) (willfulness claims cannot rely solely on notice provided by complaint because "[s]uch a proposition would force defendants that subjectively believe they are not infringing to choose between halting normal business operations as a cautionary measure or face the possibility of a tripled damages award if found guilty of infringement"); *NetFuel, Inc. v. Cisco Sys., Inc.*, No. 5-18-cv-02352, 2018 WL

4510737, at *3 (N.D. Cal. Sept. 18, 2018) (dismissing willfulness claim because "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."); *see also, e.g.*, *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages.").

Sonos's willful infringement claims should be dismissed because Sonos has not pled pre-suit knowledge of the '885, '033 and '966 patents. For the '885 patent, Sonos's SAC alleges only that Google had actual knowledge of the '885 patent on January 8, 2021, after Sonos shared a draft of its First Amended Complaint ("FAC"). SAC ¶ 130 ("On January 8, 2021, Sonos provided Google with a draft of this Amended Complaint prior to its filing. That draft identified the '885 Patent and described how Google's products infringed."), ¶ 131 ("Google had actual knowledge of the '885 Patent and Sonos's infringement contentions, or was willfully blind to their existence, no later than January 8, 2021 when Sonos provided Google with a copy of the Amended Complaint."). But the January 8, 2021 copy of the FAC that Sonos refers to in its SAC was provided to Google in connection with the meet and confer process for Sonos's Motion for Leave to Amend or Supplement the Complaint to add the '885 patent. D.I. 39 (Sonos's Motion for Leave, dated January 14, 2021). Sonos should not be permitted to allege willfulness claims based on inviting Google to engage in the meet and confer requirements set forth in the local rules. *VLSI*, 2019 WL 1349468, at *2; *see also Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, No. 19-cv-1239, 2020 WL 4365809, at *2 (D. Del. July 30, 2020) ("'The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim. For that reason, the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement.'") (citation omitted). If Sonos's notice argument was accepted, then virtually any amended complaint that adds a new patent would involve a claim for willfulness simply because the parties must meet

and confer under the local rules. Not surprisingly, courts have looked dimly on willful infringement claims that purport to rely on this type of eleventh-hour "notice" to plead willfulness. *See, e.g., Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*, No. 15-545-SLR, 2016 WL 1019667, at *4 (D. Del. Mar. 15, 2016) (granting motion to dismiss willfulness and explaining that "when a notice letter is filed one day before the infringement suit commences, the defendant does not have sufficient time to react to the notice letter to prevent a suit from being filed."); *Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 499-500 (D. Del. 2014) (granting motion to dismiss where plaintiff sent letter alleging infringement one day before the complaint was filed); *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 6:14–cv–1017–Orl–22KRS, 2015 WL 1246500, at *11-*12 (M.D. Fla. Mar. 16, 2015) (dismissing inducement of infringement claims because the court was "not convinced that sending a letter merely one day before filing a lawsuit confers on a defendant" knowledge of the patent and knowledge of infringement).

Sonos's allegations of pre-suit knowledge of the '033 and '966 patent are similarly deficient. The only allegation of pre-suit knowledge in the SAC for these patents is a claim that Sonos provided Google with a draft of the original complaint less than 24 hours before filing this lawsuit: "On September 28, 2020, Sonos provided Google with a draft of the original complaint prior to its filing." SAC ¶¶ 92-93 ('033 patent), ¶¶ 117-118. But this again is no more than "eleventh hour" notice that cannot serve as a basis for a willfulness claim. *See VLSI*, 2019 WL 1349468, at *2; *see also Dynamic Data Techs.*, 2020 WL 4365809, at *2; *Evolved*, 2016 WL 1019667, at *4; *Intellectual Ventures*, 66 F. Supp. 3d at 499-500; *Orlando*, 2015 WL 1246500, at *11-*12 (M.D. Fla. Mar. 16, 2015) (dismissing inducement of infringement claims because the court was "not convinced that sending a letter merely one day before filing a lawsuit confers on a defendant" knowledge of the patent and knowledge of infringement). Permitting plaintiffs to manufacture willfulness claims based on this type of last-minute "notice" would undermine policy

considerations promoting pre-litigation settlement and open the flood gates to willfulness allegations in "garden-variety cases." *See Halo*, 136 S. Ct. at 1935 (enhanced damages "should not be" awarded in "garden-variety cases").

## 2. Sonos Fails To Raise A Plausible Inference Of Egregious Behavior.

Sonos's willful infringement claims fail for a separate, independent reason. A claim for willful infringement must allege "facts raising a plausible inference of the egregious behavior required under *Halo*." *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 18-cv-309, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (dismissing claims for willful infringement). "A threadbare recital of the elements of willful infringement, supported by mere conclusory statements, does not suffice." *Id*. (quotations and alterations omitted). "[G]arden-variety" patent cases, in which an accused infringer first receives notice of a patent from a complaint and continues the allegedly infringing behavior, do not give rise to a claim of willful infringement. *See Halo*, 136 S. Ct. at 1935 (enhanced damages "should not be" awarded in "garden-variety cases"); *M & C Innovations, LLC v. Igloo Prod. Corp.*, No. 4:17-cv-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018) (Assuming "the complaint put Igloo on notice of the existing patents, and Igloo continued its manufacturing its infringing products, this would simply be the kind of 'garden-variety' patent case that Halo affirms is ill-suited for a finding of willfulness."); *see also TecSec, Inc. v. Adobe Inc.*, No. 1:10-cv-115, 2019 WL 1233882, at *2 (E.D. Va. Mar. 14, 2019) ("Adobe's continued sale of the infringing product without removing its infringing capability is merely typical infringement behavior that is not a proper basis for enhanced damages.").

Sonos fails to allege any facts leading to an inference of "egregious behavior." For each of the patents at issue in this motion, Sonos's sole willfulness allegation is nothing more than a threadbare recital of the elements of willful infringement, for example:

> 133. Google's infringement of the '885 Patent is also willful because Google (a) had actual knowledge of the '885 Patent and actual

> knowledge of Sonos's infringement contentions no later January 8, 2021 when Sonos provided Google with a copy of the Amended Complaint, (b) engaged in the aforementioned activity despite an objectively high likelihood that Google's actions constituted infringement of the '885 Patent, and (c) this objectively-defined risk was either known or so obvious that it should have been known to Google.
>
> …
>
> 136. Google's infringement of the '885 Patent was and continues to be willful and deliberate, entitling Sonos to enhanced damages.

SAC ¶¶ 133, 136; *see also id*. ¶¶ 120, 124 ('966 patent); ¶¶ 95, 98 ('033 patent). Sonos only includes a boilerplate assertion for each patent that "[a]dditional allegations regarding Google's pre-suit knowledge of the '885 Patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery." SAC ¶¶ 134, 121, 96. But, as this Court has previously explained, if a plaintiff cannot plead facts to support its claim, the proper course of action is to seek leave to amend if and when it is able to substantiate its claim after the start of discovery. *Parus Holdings*, No. 6:19-cv-432, Feb. 20, 2020 Text Order (dismissing willful infringement allegations and stating that plaintiff may "reassert these claims after the start of discovery if it is able to substantiate those allegations"). Because Sonos fails to plead that Google has engaged in egregious conduct, the Court should dismiss Sonos's willful infringement claims for the '885, '033 and '966 patents.

    **B.**    <u>**Sonos Fails to Adequately Plead Indirect Infringement for the '885, '033 and '966 Patents.**</u>

As with willfulness, claims for both induced and contributory infringement require "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011) (indirect infringement requires "knowledge of the existence of the patent that is [allegedly] infringed" and "knowledge that the induced acts constitute patent

infringement"). As discussed above, Sonos's SAC fails to plead pre-suit knowledge of the '885, '033, and '966 patents. *See* § III.A.1; *see also* SAC ¶¶ 93-94, 118-119, 131-132. Thus, Sonos's allegations of indirect infringement should be dismissed for failure to allege pre-suit knowledge.

This Court faced similar facts in *VLSI* and *Parus Holdings*. In both cases, the Court dismissed indirect infringement claims because the plaintiff failed to plead pre-suit knowledge of the asserted patents. *VLSI*, 2019 WL 11025759, *1-2 (dismissing indirect infringement claims with no allegation of actual knowledge and insufficient facts to support allegations of willful blindness); *Parus Holdings*, No. 6:19-cv-432, Text Order Granting Dkt. 54 (dismissing indirect infringement claims where plaintiff's only allegation of knowledge was that "Defendant Apple has had knowledge of the '431 Patent since at least the filing of the original complaint" and "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement") (quoting Dkt. 28 (Am. Compl.) ¶ 44 (emphasis added)). Other courts in this District have reached the same holding. *Aguirre v. Powerchute Sports LLC*, No. 10-cv-0702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("[t]o the extent [plaintiff] relies on knowledge of [plaintiff's] patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement")). For the same reasons, this Court should dismiss Sonos's induced infringement claims for the '885, '033 and '966 patents.

Sonos has also failed to plead facts raising a plausible inference that Google was willfully blind to the '885, '033 and '966 patents. "[A] willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). Here, for purposes of indirect infringement, Sonos merely includes a conclusory assertion that if Google did not have actual knowledge of the patent, Google was "willfully blind to their

existence." SAC ¶¶ 131-132 ("Google had actual knowledge of the '885 Patent and Sonos's infringement contentions, or was willfully blind to their existence, no later than January 8, 2021 when Sonos provided Google with a copy of the Amended Complaint"), ¶¶ 118-119, ¶¶ 94-95. The SAC does not identify any deliberate actions Google took that would allow the Court to infer Google willfully ignored Sonos's patents. And Sonos's boilerplate assertions are substantially more deficient than allegations that this Court has rejected in the past. *See, e.g.*, *VLSI*, 2019 WL 1349468, at *2 (dismissing willful blindness allegation because "Intel's policy that forbids its employees from reading patents held by outside companies or individuals is insufficient to meet the test of willful blindness.").

## IV. CONCLUSION

Google respectfully requests that the Court dismiss Sonos's allegations of willful infringement and indirect infringement for the '885, '033 and '966 patents. Pursuant to L.R. CV-7(h), Google requests an oral hearing on the foregoing motion.

DATED: March 9, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Charles K. Verhoeven
Charles K. Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice*)
melissabaily@quinnemanuel.com
Jordan Jaffe (*pro hac vice*)
jordanjaffe@quinnemanuel.com
Lindsay Cooper (*pro hac vice*)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875 6600
Facsimile:   (415) 875 6700

>Paige Arnette Amstutz
>Texas State Bar No. 00796136
>SCOTT, DOUGLASS & MCCONNICO, LLP
>303 Colorado Street, Suite 2400
>Austin, TX 78701
>Telephone: (512) 495-6300
>Facsimile: (512) 495-6399
>pamstutz@scottdoug.com
>
>*Counsel for Defendant Google LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on March 9, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven