IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SONOS, INC., | § § | |
| Plaintiff, | § § | C.A. No. 6:20-cv-881-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| GOOGLE LLC | § § § § § | |
| Defendant. | § | |

**SONOS, INC.'S RESPONSE TO GOOGLE LLC'S MOTION TO DISMISS**

## TABLE OF CONTENTS

Page

I.  INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 1

III. ARGUMENT ................................................................................................................... 4

    A.    Google's Motion is Untimely and Improper as to the '033 and '966 Patents ................................................................................................................. 4

    B.    Sonos Adequately Pleads Willful and Indirect Infringement ............................... 5

        1.    Legal Standard ........................................................................................ 5

        2.    Willful Infringement ............................................................................... 6

            a.    Pre-suit Knowledge .................................................................... 6

            b.    Egregiousness .......................................................................... 10

        3.    Indirect Infringement ............................................................................ 12

IV. CONCLUSION .............................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................... 6

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
  672 F.3d 1335 (Fed. Cir. 2012) ......................................................................................... 8, 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................... 5

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................. 7

*Bui v. Chandler Cos., LLC*,
  No. 6:20-CV-00071-ADA-JCM, 2020 WL 3270833 (W.D. Tex. June 17, 2020) ............. 4, 5

*Evolved Wireless, LLC v. Samsung Elecs. Co.*,
  No. CV 15-545-SLR-SRF, 2016 WL 1019667 (D. Del. Mar. 15, 2016) ............................ 8, 9

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*,
  No. 7:19-CV-00026-DC-ADA, 2019 WL 3818048 (W.D. Tex. June 13, 2019) ............... 8, 10

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*,
  No. 7:19-CV-00026-DC-ADA, 2019 WL 3818049 (W.D. Tex. June 13, 2019) ......... 6, 12, 13

*Intellectual Ventures I LLC v. Toshiba Corp.*,
  66 F. Supp. 3d 495 (D. Del. 2014) ......................................................................................... 8

*Kyowa Hakka Bio, Co. v. Ajinomoto Co.*,
  No. CV 17-313, 2018 WL 834583 (D. Del. Feb. 12, 2018) ................................................. 10

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
  No. 6:14-CV-1017-ORL-22KRS, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) ............. 8, 9

*Parity Networks, LLC v. Cisco Sys., Inc.*,
  No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) .................. *passim*

*Shire ViroPharma Inc. v. CSL Behring LLC*,
  No. CV 17-414, 2018 WL 326406 (D. Del. Jan. 8, 2018) ................................................... 10

*Stoffels ex rel., SBC Concession Plan v. SBC Commc'ns, Inc.*,
  430 F. Supp. 2d 642 (W.D. Tex. 2006) ................................................................................. 4

**Other Authorities**

Fed. R. Civ. P. 7(a) ............................................................................................................4

Fed. R. Civ. P. 11(b) ..........................................................................................................9

Fed. R. Civ. P. 12................................................................................................3, 4, 5, 6

**I.     INTRODUCTION**

Google's motion to dismiss Sonos's claims of willful and indirect infringement of the '033, '966, and '885 Patents misses the mark at every turn. Aside from erroneously presenting the law and ignoring the facts, Google conveniently omits that it already answered Sonos's allegations relating to the '033 and '966 Patents over two months ago, thereby making Google's motion as to those claims untimely and improper. Moreover, the idea that Google did not have pre-suit knowledge of these patents is untenable given Google relied on a copy of Sonos's pre-filing complaint to plead its own declaratory judgment case before Sonos filed this case. Even if the Court does consider Google's belated arguments, Sonos has more than satisfied its burden at the pleading stage for all three patents. The Court should, therefore, deny Google's motion.

**II.     BACKGROUND**

Sonos filed this lawsuit on September 29, 2020, alleging that Google directly and indirectly infringes five of Sonos's patents: U.S. Patent Nos. 9,967,615; 10,779,033; 9,344,206; 10,469,966; and 9,219,460. Dkt. 1. In particular, in an 87-page complaint with 44 exhibits, Sonos detailed the parties' extensive history—as partners and then adversaries in the ITC and NDCA—leading to this litigation (*id.* ¶¶ 10-29), provided exemplary claim charts for each patent (*id.* ¶¶ 81-82, 93-94, 105-06, 118-19, 131-32), explained how Google indirectly infringes each patent, *e.g.*, by promoting, advertising, and instructing customers about the accused devices and/or by offering, selling, and importing into the United States components in connection with those devices that contribute to infringement, including, *e.g.*, apps especially made for installation and use on devices that infringe (*id.* ¶¶ 84-85, 96-97, 108-09, 121-22, 134-35), and alleged that Google's infringement was and continues to be willful (*id.* ¶¶ 14, 26-27, 36-37, 41, 86-87, 89, 98-99, 101, 110-11, 114, 123-24, 127, 136-37, 139).

The day before filing this complaint, Sonos provided Google with a pre-filing copy of the complaint and informed Google that it would file it in this Court the following day. *Id.* ¶ 36; Dkt. 51 (hereinafter, "SAC") ¶ 35. Eleven hours later (and the day before Sonos filed this case), Google filed a hastily drafted 13-page complaint in the Northern District of California seeking declaratory judgment of non-infringement of the same five patents. *Google LLC v. Sonos, Inc.*, Case No. 3:20-cv-6754-LB, Dkt. 1 (N.D. Cal. September 28, 2020) (hereinafter, "DJ Dkt."). Sonos promptly filed a motion to dismiss Google's California complaint as improper forum shopping and an attempt to deprive Sonos of its chosen venue. DJ Dkt. 11.[1]

On November 19, 2020, Google moved this Court to stay or dismiss this case pursuant to the first to file rule. Dkt. 22. But the very next day, the California court stayed Google's case, explaining that "Google's choice of forum carrie[d] no weight, nor d[id] the fact that it managed to file first" because "the manifest purpose of Google's suit was to beat the clock and defeat the patent owner's choice of venue." DJ Dkt. 36 at 3. The court additionally found that, "[i]n stark contrast [to Sonos's] eighty-seven page Texas complaint," Google's "ramshackle complaint" "utterly fail[ed]" to satisfy the minimal pleading requirements. *Id.* at 3-4. The court thus held that staying Google's case was proper.[2]

On January 8, 2021, more than three months after Sonos initiated this case, Google finally answered the complaint. Dkt. 32.[3] In its answer, Google specifically admitted or denied each

---

[1] A few weeks later, Google attempted to consolidate its "first filed" case with another case between the parties pending in the same court in an attempt to justify keeping Google's case in California. *See Google LLC v. Sonos, Inc.*, Case No. 3:20-CV-3845-EMC, Dkt. 50 (N.D. Cal. Oct. 13, 2020). That motion was denied on October 20, 2020. *Id.*, Dkt. 54.

[2] Despite conceding that the California court's stay decision mooted Google's motion to dismiss or stay *this* action, Google refused to withdraw its initial motion and has yet to do so to this day. *See* Dkt. 39 at 3 n.1.

[3] Concurrently with its answer, Google filed a motion to transfer this case to the Northern District of California (Dkt. 34), which remains pending as venue discovery is ongoing. Google also moved

allegation relating to the '966 and '033 Patents. *Id*. ¶¶ 92-103, 117-29.  Google did not plead an affirmative defense under Rule 12(b)(6).  *See id.* at 21-29.

On February 17, Sonos filed an amended complaint, adding a claim for infringement of U.S. Patent No. 10,848,885.  Dkt. 49.  No changes were made to Sonos's pleadings under the five original patents—that is, the only change in the amended complaint was the addition of the '885 Patent.  *See id.*  On February 23, consistent with its representations to Google and the Court (*see* Dkt. 45), Sonos filed a Second Amended Complaint, dropping its claim under the '460 Patent. Dkt. 50.  Again, *no* changes were made beyond the withdrawal of the '460 Patent allegations.  *See id.*  The Second Amended Complaint, therefore, is identical to the originally filed complaint save for the addition and withdrawal of the '885 and '460 Patents, respectively.

On March 9, 2021, Google filed the instant motion to dismiss as insufficiently pleaded Sonos's claims of indirect and willful infringement of the '033, '966, and '885 patents.  Dkt. 55. In other words, five and a half months after Google first reviewed the '033 and '966 claims and two months after answering them, Google has now decided to argue that those claims are actually inadequately pleaded.  While this motion may be timely as to the '885 Patent because Google has not yet answered that claim, Google has waived its arguments regarding the '033 and '966 Patents at this stage.  And given Google's repeated delay antics and shifty dismissal attempts, the Court should not save Google by considering those claims under a Rule 12(c) analysis.

---

to stay proceedings pending resolution of that motion (Dkt. 42), which the Court denied during a hearing on January 29, 2021.  Hr. Tr. 7:5-13.

### III.     ARGUMENT

#### A.     Google's Motion is Untimely and Improper as to the '033 and '966 Patents

A motion to dismiss "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).  Google was thus required to make its Rule 12(b) arguments *before* answering the complaint.  Google did not do so.  Instead, Google answered Sonos's allegations under the '033 and '966 Patents two months before filing this motion.  And in that answer, Google did not plead any affirmative defense under Rule 12(b)(6).  *See* Dkt. 32 at 21-29.  Google's argument that these claims are inadequately pleaded thus comes too late.

Sonos's amendment to the complaint does not alter this fact.  As courts in this district have explained, "the filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." *Stoffels ex rel., SBC Concession Plan v. SBC Commc'ns, Inc.*, 430 F. Supp. 2d 642, 647-48 (W.D. Tex. 2006) (internal quotation marks omitted).  Given absolutely nothing changed in Sonos's pleadings of the '033 and '966 Patents from the original complaint, the Rule 12(b)(6) argument Google now makes was perfectly available to it in January when it answered the original complaint.  Google doesn't argue anything to the contrary.

Nor does Rule 12(h)(2) save Google.  Under Rule 12(h)(2), a party may raise the defense that a claim has not been adequately pleaded at three times: "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial."  Fed. R. Civ. P. 12(h)(2). Google did not raise this defense in its answer on January 8.  Nor does Google make this argument on the pleadings under Rule 12(c).  And while "it is within a court's discretion to consider motions to dismiss under 12(b)(6), even after an answer has been filed" or as a Rule 12(c) motion, *see Bui*

4

*v. Chandler Cos., LLC*, No. 6:20-CV-00071-ADA-JCM, 2020 WL 3270833, at *2 (W.D. Tex. June 17, 2020), the Court should not do so here.

This case is unlike *Bui* for at least two reasons. First, unlike the plaintiff there, Google has not moved in the alternative under Rule 12(c). *Compare id. with* Dkt. 55. Second, Google has been attempting to obstruct and multiply proceedings through unwarranted procedural tactics since before this case was even filed. *See, e.g.,* DJ Dkt. 1, 36; Dkt. 22. Google put off answering Sonos's complaint for over five months—during which time it tried to out-file Sonos by rushing to file in California, tried to consolidate that "first filed" case with a separate NDCA litigation between the parties in an attempt to keep the case in California, moved to dismiss or stay this case under the first to file rule, refused to withdraw that motion after it was mooted by the California court (which Google still continues to do), and now attempts to dismiss claims as inadequately pleaded that it has been on notice of, and used as the basis of its own declaratory judgment complaint, since September. In short, the Court should not reward Google for its continued delay and litigation tactics by transforming its untimely, improper Rule 12(b)(6) motion into one on the pleadings. The Court should thus deny Google's motion as to the '033 and '966 Patents even apart from the fact that those claims are sufficiently pleaded.

### B. Sonos Adequately Pleads Willful and Indirect Infringement

#### 1. Legal Standard

A motion to dismiss under Rule 12(b)(6) "may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the claimant, a court concludes that those allegations 'could not raise a claim of entitlement to relief.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *1 (W.D. Tex. July 26, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)).

5

Determining whether a complaint states a plausible claim, moreover, is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A claim is plausible, and therefore defeats a motion under Rule 12(b)(6), "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Parity Networks*, 2019 WL 3940952, at *1 (quoting *Iqbal*, 556 U.S. at 678).  A well-pleaded complaint "can survive a motion to dismiss even if actual proof of the facts alleged is improbable." *Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-CV-00026-DC-ADA, 2019 WL 3818049, at *2 (W.D. Tex. June 13, 2019) (internal quotation marks omitted).

### 2. Willful Infringement

#### a. Pre-suit Knowledge

Google argues that Sonos's Second Amended Complaint fails to plead pre-suit knowledge to support its willful infringement claim.  Google is wrong.  As a preliminary matter, Google concedes that Sonos *does* plead pre-complaint knowledge.  Regarding the '885 Patent, Google specifically cites Sonos's allegations from the Second Amended Complaint that: "On January 8, 2021, Sonos provided Google with a draft of this Amended Complaint prior to its filing.  That draft identified the '885 Patent and described how Google's products infringed," and "Google had actual knowledge of the '885 Patent and Sonos's infringement contentions, or was willfully blind to their existence no later than January 8, 2021 when Sonos provided Google with a copy of the Amended Complaint."  Dkt. 55 at 5 (citing SAC ¶¶ 130-31).  Google does not dispute these facts. In other words, Google agrees that it received a copy of the '885 Patent and Sonos's allegations of infringement thereunder more than a month before the operative complaint was filed.  Similarly, regarding the '033 Patent, Google cites Sonos's allegation that: "On September 28, 2020, Sonos

6

provided Google with a draft of the original complaint prior to its filing. That draft identified the '033 Patent and described how Google's products infringed. Thus, Google had actual knowledge of Sonos's allegation that Google infringed claims of the '033 Patent prior to Sonos filing this action." Dkt. 55 at 6 (citing SAC ¶¶ 92-93). Google cites similar allegations regarding the '966 Patent. *Id.* (citing SAC ¶¶ 117-18). Again, Google does not dispute these facts. Google agrees that it received the pre-filing copy of the complaint detailing Sonos's infringement allegations under the '033 and '966 Patents before the original complaint was filed.

According to Google, that knowledge doesn't count because it was obtained through receipt of pre-filing copies of the complaint delivered (a) during a meet and confer, for the '885 Patent, and (b) the day before the original complaint was filed, for the '033 and '966 Patents. Dkt. 55 at 5, 6. Google's arguments miss the point. First, Sonos does not need to "prove its case at the pleading stage." *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Instead, "the Court must only find that Plaintiff has sufficiently alleged a viable claim." *Parity Networks,* 2019 WL 3940952, at *3. That is, the question for the Court at this stage is simply whether Sonos has "placed into controversy the issue of what pre-suit knowledge Defendant had." *Id.* at *2. Sonos has plainly satisfied that burden, alleging that Google had knowledge of the '885, '033, and '966 Patents prior to the filing of the complaint. *See, e.g.*, SAC ¶¶ 92-93, 117-18, 130-31.

Second, in insisting that knowledge based on a complaint is inadequate, Google ignores the facts of this case. Dkt. 55 at 3-5. Sonos does not plead willfulness based on knowledge conferred from the complaint *when filed*. Rather, Sonos pleads that Google obtained knowledge of the '033, '966, and '885 Patents through receipt of various *pre-filing copies* of the complaint— *i.e.*, copies Google received *before* the complaint (or amended complaint) was filed. Contrary to

7

the series of cases Google cites holding that a complaint cannot form the basis of pre-suit knowledge *at the time of filing* (Dkt. 55 at 3-5 (citing cases)), Sonos pleads that Google had knowledge of these patents from an *earlier copy* of the complaint. In this sense, Sonos's allegations are more akin to those alleging, in an amended complaint, knowledge based on the filing of the original complaint. *See Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-CV-00026-DC-ADA, 2019 WL 3818048, at *2 (W.D. Tex. June 13, 2019)); *see also Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1345 (Fed. Cir. 2012) (holding that a party "may seek to pursue claims that accrue during the pendency of a lawsuit").

Moreover, the notice Google received from those pre-filing copies is far different from the notice found to be inadequate in the cases on which Google relies (which all stem from districts outside of the Fifth Circuit, *see* Dkt. 55 at 6). For example, in *Evolved Wireless*, pre-suit knowledge was alleged based on a letter that "include[d] a list of eighty-five U.S. and foreign patents and applications, stating that 'the use of one or more patent claims in the portfolio is required to practice or otherwise comply with LTE standards or technical specifications.'" *Evolved Wireless, LLC v. Samsung Elecs. Co.*, No. CV 15-545-SLR-SRF, 2016 WL 1019667, at *3 (D. Del. Mar. 15, 2016), *report and recommendation adopted*, No. 15-545-SLR-SRF, 2016 WL 1381765 (D. Del. Apr. 6, 2016). The court specifically found that the notice letter did "not specifically identify the patents-in-suit … from the list of eighty-five patents and patent applications." *Id.* Similarly, in *Intellectual Ventures*, pre-suit knowledge was broadly pleaded based on "general allegation[s]" about discussions, a presentation, and a letter, with no factual allegations of what those discussions, presentation, or letter actually included. *Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 500 (D. Del. 2014). And in *Orlando Communications*, the notice letters merely "advise[d] each of the recipients that they should

8

contact the sender as soon as possible to discuss obtaining a license to the [asserted] patents." *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 6:14-CV-1017-ORL-22KRS, 2015 WL 1246500, at *12 (M.D. Fla. Mar. 16, 2015) (internal quotation marks omitted). The notice Sonos provided is far more detailed. Sonos did not simply provide Google with a listing of dozens of patents or refer to vague discussions between the parties. Instead, Sonos gave Google a copy of the exact allegations being made against it, specifically identifying each patent, and including copies of Sonos's preliminary infringement contentions. *See* SAC ¶¶ 35, 93-95, 118-20, 131-33.

Finally, while Google takes issue with the timing of Sonos's allegations of pre-suit knowledge of the '033 and '966 Patents, Google clearly had enough time to review and respond to that notice, given it turned around and filed its own declaratory judgment complaint based on those claims within eleven hours. *See* DJ Dkt. 1; *see also Evolved Wireless*, 2016 WL 1019667, at *4 (finding notice timeline sufficient where defendant "had enough time to file some form of response to the letter"). Google also ignores that the claims it seeks to dismiss are those in the Second Amended Complaint, not the original complaint. Google thus received notice of these patents *five months* before the operative complaint was filed. SAC ¶¶ 35, 92, 117. Google similarly had more than sufficient time to review and respond to the '885 Patent allegations given it was provided a copy of the draft amended complaint five weeks before it was filed. And Google is simply wrong when it surmises that, if knowledge is conferred through a meet and confer, "virtually any amended complaint that adds a new patent would involve a claim for willfulness." Dkt. 55 at 5. Knowledge of a patent alone is not sufficient for a willful infringement pleading. *See Parity Networks,* 2019 WL 3940952, at *3 (internal quotation marks omitted). Fed. R. Civ. P. 11(b) also ensures that a party pleading willful infringement will have ensured that such a claim is "warranted by existing law" and is (or will be) supported by factual contentions or further

9

investigation. Moreover, accepting Google's argument would mean that any defendant who first learns of misconduct through a complaint is immune from liability for post-filing willful or indirect infringement. But the law directly negates that argument. *See, e.g., Aspex Eyewear*, 672 F.3d at 1345; *Frac Shack*, 2019 WL 3818048, at *2.

b. <u>Egregiousness</u>

According to Google, Sonos does not adequately plead willful infringement because the Second Amended Complaint does not allege facts concerning Google's egregious behavior. Dkt. 55 at 7-8. Google is wrong on the law and the facts. First, Sonos is not required to plead egregiousness. As this Court has explained, "[t]o state a claim for willful infringement, a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks,* 2019 WL 3940952, at *3 (internal quotation marks omitted). Google quotes this exact standard, but then ignores it in application. *Compare* Dkt. 55 at 2 *with id.* at 7-8.

Other courts have similarly held that "broader allegations of willfulness without a specific showing of egregiousness are sufficient to withstand a motion to dismiss." *Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, No. CV 17-313, 2018 WL 834583, at *13 (D. Del. Feb. 12, 2018) (citing cases). Therefore, "where a complaint permits an inference that the defendant was on notice of the potential infringement and still continued its infringement, the plaintiff has pled a plausible claim of willful infringement." *Id.* Sonos has clearly satisfied this burden. *See supra*. By insisting otherwise, Google "seems to conflate the standards for *pleading* willful infringement with the standards for *proving* willful infringement. … At the pleading stage, it is not necessary to show

10

that the case is egregious." *Shire ViroPharma Inc. v. CSL Behring LLC*, No. CV 17-414, 2018 WL 326406, at *3 (D. Del. Jan. 8, 2018).

Even if such a pleading were required, the Second Amended Complaint contains numerous factual allegations allowing the Court to reasonably infer that Google has acted egregiously. For example, Sonos has pleaded, *inter alia*, that: (1) Google and Sonos initially worked together to integrate Google's products into the Sonos ecosystem (SAC ¶ 12); (2) only eighteen months after Sonos and Google began working together, "Google began willfully infringing Sonos's patents" using the knowledge it gained from Sonos (*id.* ¶ 14); (3) since that time, Google has launched multiple products and features that it copied from Sonos (*id.* ¶¶ 15-16) and has continued doing so despite repeated notices of infringement from Sonos (*id.* ¶¶ 17-29); (4) Sonos has put Google on notice of various patents since 2016—including the '206 Patent, which is the grandparent patent from which the '855 and '966 Patents continue (*id.* ¶¶ 17-21), and the '615 Patent, which shares a specification with the '033 Patent (*id.* ¶ 22); (5) Sonos provided Google with pre-filing copies of the original and amended complaints, "thereby providing clear pre-suit notice of infringement of the patents-in-suit" (*id.* ¶ 35); (6) despite receiving pre-filing copies of the complaint, Google "has never given any indication that it is willing to stop infringing" (*id.*) and, on information and belief, Google is "unwilling to stop infringing because its infringement of Sonos's patented inventions has paved the way for Google to generate billions of dollars in revenue" (*id.* ¶ 36; *see also id*. ¶¶ 37-39); (7) Google's infringement is part of a "calculated strategy to vacuum up invaluable consumer data from users and, thus, further entrench the Google platform among its users and fuel its dominant advertising and search platforms" (*id.* ¶ 40); and (8) Google and Sonos are engaged in additional litigation in the ITC and NDCA relating to Google's infringement of similar Sonos technology (*id.* ¶¶ 10, 26-27). These allegations—assuming they are even necessary to plead

willful infringement (they are not)—are more than sufficient to satisfy Sonos's burden at the pleading stage.

This Court denied a motion to dismiss a willful infringement claim based on similar allegations in *Frac Shack*. There, the plaintiff alleged that defendant was aware of the asserted patent since it was served with the original complaint and that the parties "kn[ew] each other well in terms of patent litigation" and had "been engaged in patent litigation for over five years" concerning a related patent. *Frac Shack*, 2019 WL 3818049, at *6. The Court found such allegations supported denying defendant's motion to dismiss, emphasizing that the question at this stage is simply "whether Plaintiff has articulated facts from which a claim of willfulness can be stated." *Id.* at *5. Sonos's allegations here are similarly sufficient to withstand Google's motion to dismiss.

### 3. Indirect Infringement

Google argues that Sonos fails to plead pre-suit knowledge or willful blindness to support its indirect infringement allegations. Dkt. 55 at 9. Google is wrong. As a preliminary matter, the Court has explained that indirect infringement allegations are a question that "appears to be one for the Court to resolve either at the summary judgment stage or at trial." *Parity Networks*, 2019 WL 3940952, at *2. Regardless, Sonos has adequately pleaded indirect infringement.

Regarding pre-suit knowledge, Google simply incorporates by reference the same pre-suit knowledge arguments it makes in connection with willful infringement. *See id.* For all the reasons discussed above (*see* § III.B.2.a), Sonos has adequately pleaded pre-suit knowledge to support its indirect infringement allegations.

Regarding willful blindness, Google again ignores the full scope of Sonos's allegations. Sonos does not simply allege in a conclusory fashion that Google was willfully blind to the patents.

Dkt. 55 at 9. Rather, Sonos pleads that: (1) it provided Google with pre-suit notice of each patent along with Sonos's infringement contentions (SAC ¶¶ 35, 92, 117, 130); (2) in response, Google provided no "indication that it is willing to stop infringing" (*id.* ¶ 35); (3) since 2016, Sonos put Google on notice of various patents, including patents that share a specification with the '033, '966, and '885 Patents (*id.* ¶¶ 17-22); (4) regardless of Sonos's repeated notice, nothing "deterred Google from expanding its infringement" (*id.* ¶¶ 23-24, 28-29), not even the filing of a complaint in the ITC (*id.* ¶¶ 26-27); and (5) Sonos and Google have a history of patent litigation concerning similar technology (*id.* ¶¶ 10, 26-27, 30). These allegations are sufficient to allow the Court to reasonably infer that Google was willfully blind to the existence of the '033, '966, and '885 Patents and Google's infringement thereof. *See Frac Shack*, 2019 WL 3818049, at *4

## IV.   CONCLUSION

For the reasons explained above, the Court should deny Google's motion.


Dated: March 23, 2021                                     Respectfully submitted,

                                                          */s/ Jeffrey L. Johnson*
                                                          Jeffrey L. Johnson
                                                          Texas Bar No. 24029638
                                                          **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                                          609 Main Street, 40th Floor
                                                          Houston, TX 77002
                                                          Telephone:  713.658.6400
                                                          Facsimile:  713.658.6401
                                                          jj@orrick.com

                                                          Clement Seth Roberts (*pro hac vice*)
                                                          California Bar No. 209203
                                                          **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                                          405 Howard St.
                                                          San Francisco, CA 94105
                                                          Telephone:  415.773.5484
                                                          Facsimile:  415.773.5759
                                                          croberts@orrick.com

Bas de Blank (*pro hac vice*)
California Bar No. 191487
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Blvd.
Menlo Park, CA 94205
Telephone:  650.614.7343
Facsimile:  650.614.7401
bdeblank@orrick.com

Alyssa Caridis (*pro hac vice*)
California Bar No. 260103
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 South Figueroa St., Suite 3200
Los Angeles, CA 90017
Telephone:  213.612.2372
Facsimile:  213.612.2499
acaridis@orrick.com

Kristina D. McKenna (*pro hac vice*)
Massachusetts Bar No. 706245
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
222 Berkeley St., Suite 2000
Boston, MA 02116
Telephone:  617.880.1800
Facsimile:  617.880.1801
kmckenna@orrick.com

George I. Lee (*pro hac vice*)
Illinois Bar No. 6225430
Sean M. Sullivan (*pro hac vice*)
Illinois Bar No. 6230605
Rory P. Shea (*pro hac vice*)
Illinois Bar No. 6290745
J. Dan Smith (*pro hac vice*)
Illinois Bar No. 6300912
**LEE SULLIVAN SHEA & SMITH LLP**
656 W. Randolph St., Floor 5W
Chicago, IL 60661
Telephone:  312.754.9602
Facsimile:  312.754.9603
lee@ls3ip.com
sullivan@ls3ip.com
shea@ls3ip.com
smith@ls3ip.com

>Mark D. Siegmund
>**THE LAW FIRM OF WALT FAIR, PLLC**
>1508 North Valley Mills Drive
>Waco, Texas 76710
>Telephone: (254) 772-6400
>Facsimile: (254)772-6432
>
>ATTORNEYS FOR PLAINTIFF SONOS, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 23, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5.

>*/s/ Jeffrey L. Johnson*
>Jeffrey L. Johnson