# EXHIBIT 6

# UNITED STATES PATENT AND TRADEMARK OFFICE

---

# BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

SONOS, INC.
Petitioner

v.

BLACK HILLS MEDIA, LLC
Patent Owner

---

Case: To Be Assigned

Patent No. 8,050,652

---

**PETITION FOR *INTER PARTES* REVIEW OF U.S. PATENT NO. 8,050,652 PURSUANT TO 35 U.S.C. § 311 *et seq*. and 37 CFR § 42.1 *et seq*.**

# TABLE OF CONTENTS

I.    **INTRODUCTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II.   **STATEMENT OF RELIEF REQUESTED**
       **UNDER 37 CFR § 42.22**. . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

III.  **STANDING TO FILE PETITION**
       **UNDER 37 CFR §§ 42.101 – 103**. . . . . . . . . . . . . . . . . . . . . . . .   4

IV.  **PETITION REQUIREMENTS**
       **UNDER 37 CFR § 42.104**. . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

V.   **REASONS FOR THE REQUESTED RELIEF**
       **UNDER 37 CFR § 42.22**. . . . . . . . . . . . . . . . . . . . . . . . .   12

    A.    **Technology Overview**. . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

    B.    **The '652 Patent**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25

    C.    **Identification of Challenges**. . . . . . . . . . . . . . . . . . . . . . .   29

        1.    **Challenge #1:**. . . . . . . . . . . . . . . . . . . . . . . . . . . .   29

        2.    **Challenge #2:**. . . . . . . . . . . . . . . . . . . . . . . . . . . .   29

    D.    **Challenge #1:  White Renders Obvious Claims 1, 21, 42 and**
         **63 Under 35 U.S.C. § 103** . . . . . . . . . . . . . . . . . . . . . . . .   29

    E.    **Challenge #2: The Combination of Lipscomb and Logan**
         **Renders Obvious Claims 1, 42 and 63 Under 35 U.S.C. § 103**. .   42

V.   **CONCLUSION**. . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .56

## TABLE OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| SONOS 1001 | U.S. Patent No. 8,050,652 ("the '652 Patent") |
| SONOS 1002 | BHM's Complaint for *Black Hills Media, LLC v. Sonos, Inc.*, Case No. 1:12-cv-00637-RGA (D. Del.) |
| SONOS 1003 | BHM's First Amended Complaint ("FAC") for BHM's Complaint for *Black Hills Media, LLC v. Sonos, Inc.*, Case No. 1:12-cv-00637-RGA (D. Del.) |
| SONOS 1004 | Delaware District Court's Transfer Order, dated August 5, 2013 |
| SONOS 1005 | California District Court's Scheduling Order, dated November 12, 2013 |
| SONOS 1006 | Motion to Dismiss FAC, dated December 11, 2013 |
| SONOS 1007 | California District Court's Order Granting Motion to Dismiss FAC, dated January 14, 2014 |
| SONOS 1008 | BHM's Complaint for *Black Hills Media, LLC v. Sonos, Inc.*, Case No. 2:14-cv-00486-SJO-PJW (C.D. Cal.) |
| SONOS 1009 | Patent Owner's Preliminary Response in *Yamaha Corporation of American v. Black Hills Media, LLC*, Case No. IPR2014-00766 (Paper 6; Dated: August 28, 2014) |
| SONOS 1010 | Institution Decision in *Yamaha Corporation of American v. Black Hills Media, LLC*, Case No. IPR2014-00766 (Paper 7; Dated: November 24, 2014) |
| SONOS 1011 | Decision on Institution of *Inter Partes* Review Pursuant to 37 C.F.R. § 42.108 in *Yamaha Corp. of America* v. *Black Hills Media, LLC,* Case IPR2013-00594 (March 20, 2014) |
| SONOS 1012 | Declaration of Andrew Wolfe, Ph.D ("Wolfe Declaration") |
| SONOS 1013 | U.S. Patent No. 5,168,481 to Culbertson *et al.* ("Culbertson") |
| SONOS 1014 | U.S. Patent No. 5,616,876 to Cluts ("Cluts") |
| SONOS 1015 | Nielsen, J., Desurvire, H., Kerr, R., Rosenberg, D., Salomon, G., Molich, R., and Stewart, T., "Comparative Design Review: An Exercise in Parallel Design," Proc. ACM INTERCHI'93 Conf. (Apr. 24-29, 1993) ("Nielsen") |
| SONOS 1016 | Hacker, S. "MP3: The Definitive Guide by Scot Hacker" March, 2000 (Springer) ("Hacker") |
| SONOS 1017 | U.S. Patent No. 7,187,947 to White *et al.* ("White"). |
| SONOS 1018 | U.S. Patent No. 6,199,076 to Logan *et al.* ("Logan") |

ii

| EXHIBIT | DESCRIPTION |
|---|---|
| SONOS 1019 | U.S. Patent No. 7,020,704 to Lipscomb *et al.* ("Lipscomb") |
| SONOS 1020 | U.S. Provisional Patent Application No. 60/157,736 ("the '736 provisional" or "the '736 app") |
| SONOS 1021 | U.S. Provisional Patent Application No. 60/176,829 ("the '829 provisional" or "the '829 app.") |
| SONOS 1022 | U.S. Provisional Patent Application No. 60/176,830 ("the '830 provisional" or "the '830 app.") |
| SONOS 1023 | U.S. Provisional Patent Application No. 60/176,833 ("the '833 provisional" or "the '833 app.") |
| SONOS 1024 | U.S. Provisional Patent Application No. 60/177,063 ("the '063 provisional" or the "063 app.") |
| SONOS 1025 | U.S. Provisional Patent Application No. 60/177,783 ("the '783 provisional" or "the '783 app.") |
| SONOS 1026 | U.S. Provisional Patent Application No. 60/177,867 ("the '867 provisional" or "the '867 app.") |
| SONOS 1027 | U.S. Provisional Patent Application No. 60/177,884 ("the '884 provisional" or "the '884 app.") |
| SONOS 1028 | File History for U.S. Patent No. 8,050,652 |
| SONOS 1029 | Jaffrey Declaration |
| SONOS 1030 | Rio 500 Manual |
| SONOS 1031 | Real Networks Case Study |

I.    **INTRODUCTION**

Pursuant to 35 U.S.C. § 311 et seq. and 37 CFR § 42.1 *et seq.*, Sonos, Inc. ("Petitioner" or "Sonos") hereby petitions the Patent and Trial Appeal Board ("PTAB") to institute an *Inter Partes* Review of Claims 1, 21, 42 and 63 of U.S. Patent No. 8,050,652 ("the '652 Patent"; SONOS 1001).  The '652 Patent issued on June 29, 2004, resulting from U.S. Patent Application No. 11/563,232 ("the '232 Application"), filed on November 27, 2006.  According to USPTO records, the '652 Patent is currently assigned to Black Hills Media, LLC ("BHM").

This petition for *Inter Partes* Review (the "Petition") demonstrates a reasonable likelihood that Petitioner will prevail with respect to challenged Claims 1, 21, 42 and 63 ("Challenged Claims") of the '652 Patent.  35 U.S.C. § 314(a). Petitioner asserts that the Challenged Claims are obvious over the asserted prior art, and therefore should be cancelled.

**Real Party-In-Interest: 37 CFR 42.8(b)(1).** Pursuant to 35 U.S.C. 312(a)(2), the real party-in-interest is Sonos, Inc., a corporation organized under the laws of the State of Delaware with a principal place of business at 223 E. De La Guerra Street, Santa Barbara, California 93101.

**Related Matters: 37 CFR 42.8(b)(2):**  On May 22, 2012, BHM filed a complaint against Sonos in the U.S. District Court for the District of Delaware, alleging infringement of eight patents, including the '652 Patent (collectively "First

Asserted Patents").  SONOS 1002.  In addition, BHM filed a similar complaint against Yamaha Corporation of America ("Yamaha").  *Black Hills Media, LLC v. Yamaha Corp. of America*, No. 1:12-cv-00635-RGA (D. Del.) ("Yamaha Litigation").  BHM never served these complaints.  Furthermore, as discussed below, BHM did not then own the patents-in-suit in either complaint.

On September 11, 2012, BHM filed a first amended complaint ("FAC") against Sonos, alleging infringement of the original eight patents (including the '652 Patent), plus three additional patents.  *See* SONOS 1003.  BHM served Sonos with the FAC on September 12, 2012.[1]

On August 5, 2013, the Delaware Court transferred the case to the U.S. District Court for the Central District of California.  SONOS 1004.  In November 2013, the California Court ordered BHM to file evidence of the chain of title for the asserted patents. SONOS 1005.  In December 2013, Sonos moved to dismiss for lack of standing because BHM did not own the allegedly infringed patents when it filed the original complaint in Delaware in May 2012.  SONOS 1006.

On January 14, 2014, the California Court dismissed the FAC without prejudice and further ordered BHM to file and serve "new complaints in the

---

[1] Similarly, on September 12, 2012 and September 19, 2012, respectively, BHM filed and served a first amended complaint against Yamaha, alleging infringement of six patents, including U.S. Patent No. 8,214,873 ("the '873 Patent").

Central District of California" by January 21, 2014.  SONOS 1007.  In dismissing the FAC, the California Court found that:

> Plaintiff did not in fact own all rights and interests in the First Asserted Patents on May 22, 2012, when it filed the cases (citations omitted).  In fact, Plaintiff did not take ownership of the patents until July 23, 2012, more than two months after filing the Complaints (citation omitted).  Plaintiff does not dispute these facts.

*Id*. at p. 2.

On January 21, 2014, BHM filed and served a new complaint, Case No. 2:14-cv-00486-SJO-PJW (C.D. Cal.) ("Underlying Litigation"), alleging infringement by Sonos of, *inter alia*, the '652 Patent.  SONOS 1008.

**Lead/Back-up Counsel and Service Info – 37 CFR § 42.8(b)(3)-(4):**

<u>***Lead Counsel***</u>

| | |
|---|---|
| George I. Lee | Tel:  (312) 754-9602 |
| Lee Sullivan Shea & Smith LLP | Fax:  (312) 754-9603 |
| 150 South Wacker Drive, Suite 2400 | Email:  lee@leesullivanlaw.com |
| Chicago, Illinois 60606 | USPTO Reg. No. 39,269 |

<u>***Back-up Counsel***</u>

| | |
|---|---|
| Sean M. Sullivan | Tel:  (312) 754-9602 |
| Lee Sullivan Shea & Smith LLP | Fax:  (312) 754-9603 |
| 150 South Wacker Drive, Suite 2400 | Email:  sullivan@leesullivanlaw.com |
| Chicago, Illinois 60606 | USPTO Reg. No. 40,191 |

| | |
|---|---|
| Rory P. Shea | Tel:  (312) 754-9602 |
| Lee Sullivan Shea & Smith LLP | Fax:  (312) 754-9603 |
| 150 South Wacker Drive, Suite 2400 | Email:  shea@leesullivanlaw.com |
| Chicago, Illinois 60606 | USPTO Reg. No. 60,529 |

John Dan Smith                          Tel:  (312) 754-9602
Lee Sullivan Shea & Smith LLP           Fax:  (312) 754-9603
150 South Wacker Drive, Suite 2400      Email:  smith@leesullivanlaw.com
Chicago, Illinois 60606                 USPTO Reg. No. 66,743

## II.    STATEMENT OF RELIEF REQUESTED UNDER 37 CFR § 42.22

Petitioner asks that the PTAB review the asserted prior art and below

analysis, institute a trial for *Inter Partes* Review of Claims 1, 21, 42 and 63 of the

'652 Patent, and cancel those claims as unpatentable.

## III.   STANDING TO FILE PETITION UNDER 37 CFR §§ 42.101 – 103

Sonos has not filed a civil action challenging the validity of a claim of the

'652 Patent.  In addition, this Petition has been filed within one year after Sonos

was served with a jurisdictionally-proper complaint alleging infringement of the

'652 Patent, *i.e.*, the Complaint served on January 21, 2014 in pending Case No.

2:14-cv-00486-SJO-PJW.  *See* 35 U.S.C. § 315(b); 37 C.F.R. § 42.101(b); SONOS

1008.  Petitioner is also not estopped from challenging the claims on the grounds

identified in the Petition.  *See* 37 C.F.R. § 42.101(c).  Thus, the filing of this

Petition is proper under 37 CFR § 42.101.

In *Yamaha Corporation of American v. Black Hills Media, LLC*, Case No.

IPR2014-00766 ("the *Yamaha* IPR"), BHM argued – on the same facts present

here – that the FAC filed and served in September 2012 started the clock for the

one year statutory bar under § 315(b).  SONOS 1010, pp. 3-6.  The *Yamaha* IPR

was filed against the '873 Patent, one of the First Asserted Patents.  BHM argued

that the *Yamaha* IPR petition that was filed in May 2014 was barred because it was filed more than one year after service of the FAC in September 2012.  *Id*.

The Board rejected BHM's argument, however, and instituted the *Yamaha* IPR on November 24, 2014.  *See* SONOS 1010 ("Institution Decision"), pp. 8-9. Specifically, in its Institution Decision, the Board found that:

> [T]he FAC was jurisdictionally defective because Patent Owner lacked standing to sue at the time of the original complaint in May 2012.  Ex. 1004, at 2.  In a patent infringement action, for plaintiff properly to allege standing, it "must demonstrate that it held enforceable title to the patent at the inception of the lawsuit." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309-10 (Fed. Cir. 2003).  "[I]f the original plaintiff lacked Article III standing, the suit must be dismissed, and the jurisdictional defect cannot be cured" after the inception of the lawsuit.  *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005). Thus, neither Patent Owner's original 2012 complaint nor its FAC were viable federal pleadings.  Patent Owner finally filed a federal complaint properly alleging its standing to sue, on January 21, 2014. The instant petition was filed in May 2014.  Accordingly, Patent Owner's argument under § 315(b) fails.

*Id*.  Moreover, the Board distinguished the cases cited by BHM because the earlier lawsuits in those cases, just like the original and first amended lawsuits in the present IPR, were "not jurisdictionally defective for lack of standing."  *Id*. at 9.

The procedural history for the Underlying Litigation here is essentially the

same as the Yamaha Litigation.  Thus, for the same reasons as expressed in the

Institution Decision for the *Yamaha* IPR, and since the instant Petition is being

filed on January 21, 2015 – which is not more than one year after the service of

BHM's complaint on January 21, 2014 – this Petition should be allowed under 35

U.S.C. § 315(b) and 37 CFR § 42.101(b).

**Timing – 37 CFR § 42.102:** The '652 Patent was filed before March 16,

2013, granted on November 21, 2013, and a post-grant review has not been

initiated.  Thus, the timing for this Petition is proper under 37 CFR § 42.102(a).

**Fees – 37 CFR § 42.103:**  With the filing of this Petition, Sonos is paying

both the $9,000 request fee set forth in 37 CFR § 42.15(a)(1), as well as the

$14,000 post-institution fee set forth in 37 CFR § 42.15(a)(2).  However, Petitioner

authorizes a debit from Deposit Account No. 50-6632 for whatever additional

payment is necessary in filing and/or granting this Petition.

## IV.   PETITION REQUIREMENTS UNDER 37 CFR § 42.104

**Standing:  37 CFR § 42.104(a)**.  Petitioner certifies that the '652 Patent is

available for *Inter Partes* Review and that the Petitioner is not barred or estopped

from requesting an *Inter Partes* Review on the grounds identified in the Petition.

**Claims challenged:  37 CFR § 42.104(b)(1).**  Petitioner requests review of

Claims 1, 21, 42 and 63 of the '652 Patent.

**Specific Statutory Grounds:  37 CFR § 42.104(b)(2)**.  For the reasons set

forth herein, Petitioner submits that the Challenged Claims are obvious under 35 U.S.C. § 103 in view of the asserted prior art.

**Claim Construction:  37 CFR § 42.104(b)(3) and Effective Filing Date.**

For purposes of an *Inter Partes* Review, claim terms in an unexpired patent should be given its broadest reasonable construction in light of the specification of the patent in which it appears.  *See* 37 CFR 42.100(b).  Using the "broadest reasonable construction," claim terms are given their "ordinary and customary meaning," as understood by one of ordinary skill in the art in the context of the entire disclosure. *See In re Translogic Tech., Inc.*, 504 F.3d 1249, 1257 (Fed. Cir. 2007) (quoting *Philllips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc)). Any special definition for a claim term must be set forth with "reasonable clarity, deliberateness, and precision." *In re Paulsen*, 30 F.3d 1475, 1480 (Fed. Cir. 1994).

The terms "playlist assigned to the electronic device" and "wherein ones of the plurality of songs are not stored on the electronic device," were added to the independent claims by amendment, warranting discussion as to their broadest reasonable interpretation consistent with the specification.

**1.    "Playlist Assigned to the Electronic Device"**

The term "playlist assigned to the electronic device" appears in independent claims 1, 21, 42 and 63.

7

In IPR2013-00594 (SONOS 1011), the Board construed "playlist" and a "playlist assigned to the electronic device" to respectively mean "a list of audio files or URLs of where the audio files were retrieved from" and "a list of audio files or URLs of where the audio files were retrieved from directed to a particular device selected by a user." SONOS 1011, pp. 11-13. Petitioner submits that, for the reasons provided by the Board in IPR2013-00594, these constructions should apply to the meaning of these terms in the present proceeding as well.

The assigning playlists is described in connection with FIGS. 15, 17, and 19 at 4:50-5:3, 21:40-23:5, 24:44-60, and 28:11-30:26.  The Summary of the Invention (4:50-58) states the invention "is a method for assigning playlists of music from one electronic device to another" and "[t]he software module allows a user to assign a playlist from a first device to a second device." SONOS 1001. FIG. 17C illustrates the assigning operation by selecting "Make available on" and selecting a device.  *Id*.  As stated at 24:50-53, "[t]he user can choose the menu option of 'Make Available On' to assign the playlist from one device to another (e.g., from device 1510 to device 1520)." *Id.* Assigning playlists is disclosed as assigning a playlist from one device to another by selecting the device to which the playlist is to be transferred. The term "playlist assigned to the electronic device" is therefore be construed as a list of songs that is to be transferred to a particular device selected by the user. SONOS 1012, ¶¶ 37-41.

## 2. "Wherein Ones of the Plurality of Songs Are Not Stored on the Electronic Device"

The term "wherein ones of the plurality of songs are not stored on the electronic device" is in independent claims 1, 21, 42 and 63 of the '652 patent.  In IPR2013-00594, the Board construed it to mean "wherein at least one of the plurality of songs is not stored on the electronic device." SONOS 1011, pp. 13-14. For the Boards reasons in IPR2013-00594, this construction should apply in the present proceeding as well.

The specification describes networked electronic devices 1510 and 1520 each having its own storage space to store songs. SONOS 1001, at 21:43-44. When a playlist is assigned to a device, songs not stored on the device are provided to the device and stored. *Id*. at FIG. 15; 21:40-22:15. The plain claim language means the electronic device can store songs—otherwise the limitation would have no meaning. *See*, *e.g., Lantech, Inc. v. Keip Mach. Co*., 32 F.3d 542, 546 (Fed. Cir. 1994) ("All limitations of a claim must be considered meaningful."); *see also* SONOS 1012 ¶¶ 40-41.

In the Summary of the Invention (3:57-4:9), it is stated that embodiments of the audio device may not have storage for songs. SONOS 1001.  However, this embodiment is inconsistent with the claim language. Selecting a playlist for playback is not the same operation as assigning a playlist to a device.  SONOS 1012, ¶¶ 38-40.  The assigning operation is described in the specification as

9

selecting a device and transferring songs to the device for storage. *Id.*  In this

regard, during prosecution of related U.S. Patent No. 8,045,952, the same

Examiner evaluated the same specification and the same claim language as in the

'652 patent and considered that the device had memory to store songs:

> Regarding claim 1, none of the prior arts of record, in combination or
> individual, show or make it obvious a network-enable audio device of
> identifying ones of the plurality of songs in the playlist that are not
> stored on the electronic device and providing information to the
> electronic device enabling the electronic device to obtain the ones of
> the plurality of songs that are not stored on the electronic device from
> at least one remote source (check the electronic device's data storage
> space for songs listed on the assigned playlist and a network
> connection is made to upload the file if the songs needed to from the
> playlist are not stored on the electronic device's data storage space,
> see specification 0021).

Office Action at 3-4 (Feb. 2, 2011).

The manner in which the Examiner read the claim language demonstrates

how one of ordinary skill in the art would have construed the claim. *Salazar v.*

*Procter & Gamble Co.*, 414 F.3d 1342, 1347 (Fed. Cir. 2005) ("Although

unilateral statements by an examiner do not give rise to a clear disavowal of claim

scope by an applicant, it does not necessarily follow that such statements are not

pertinent to construing claim terms. Statements about a claim term made by an

examiner during prosecution of an application may be evidence of how one of skill

in the art understood the term at the time the application was filed.").

Such is also consistent with the prosecution of the '652 patent. As noted above, both of the "not stored" and "assigned to" limitations were in originally filed dependent claims and were added to the independent claims in response to a rejection.  SONOS 1028, 274-90.  The dependent claims track the embodiments of the system described in the specification that are directed to assignment of playlists and storage of songs from the playlist, and not to a broader system without storage.

Accordingly, "wherein ones of the plurality of songs are not stored on the electronic device," read consistently with the specification, requires that the device have a storage for storing songs. In other words, "wherein ones of the plurality of songs are not stored on the electronic device" cannot be construed to encompass an electronic device that has no storage for songs. SONOS 1012. ¶¶ 40-41.

### 3.    Effective Filing Date

The '652 Patent resulted from a chain of applications beginning in 1998 with U.S. Provisional Application No. 60/072,127 (filed January 22, 1998) ("the '127 app."), and U.S. Patent Application No. 09/096,703 (filed on June 12, 1998) ("the '703 app."). The '652 Patent also claims priority to U.S. Provisional Application No. 60/246,842 (filed on November 8, 2000) ("the '842 app.") and U.S. Patent Application No. 09/805,470 (filed on March 12, 2001) ("the '470 app."). The '652 Patent issued from U.S. Patent Application No. 11/563,232 (filed on November 27,

2006), which is a continuation of the '470 application and claims priority to the

'470 and '703 applications, as well as the '127 and '842 applications.

The '652 Patent is not, however, entitled to claim priority to each of these

applications. The independent claims of the '652 Patent recites a "playlist

identifying a plurality of songs." This claim language was not disclosed in the

chain of applications leading to the '652 Patent until the '842 application, which

was filed on November 8, 2000. For that reason, the earliest possible priority date

of the claims of the '652 Patent is November 8, 2000.  SONOS 1012, ¶ 8.

**Unpatentability under 37 CFR § 42.104(b)(4)-(5)**.  For the reasons set

forth in detail below, a reasonable likelihood that Petitioner will prevail exists with

respect to each of the Challenged Claims based on anticipation under 35 U.S.C. §

103 in view of the asserted prior art, alone or in combination.

## V.   REASONS FOR THE REQUESTED RELIEF UNDER 37 CFR § 42.22

In light of the asserted prior art, Petitioner asks that the PTAB institute a trial

for *Inter Partes* Review of the Challenged Claims and cancel those unpatentable.

Here, an IPR on the '652 Patent has already been instituted on behalf of Samsung

and LG has also filed for an IPR IPR2015-00334 on the same grounds here.

### A.   Technology Overview

Paragraphs 27 to 31 of the Wolfe Declaration, SONOS 1012, describe the

state of the art regarding online and mobile audio services in the 1999-2000

timeframe. Using a "playlist" to represent a list of songs or audio files so that users could select, play, and manipulate was well known in the art by the mid to late 1990s. The RioPort Audio Manager provided a graphical user interface (GUIs) for users to select and play music transmitted from a central database in a network. Consumer products with playlist functions had become common by the year 2000.

For example, Culbertson shows that in the context of radio broadcast stations, it was known to compile a scheduled playlist from various music selections and pre-recorded materials having known durations or runtimes. SONOS 1013, at 1:15-18. Compact disc players are used to "sequentially play a predetermined list of musical selections and commercial or informational messages." *Id*. at 1:50-51. A display device shows "information contained in the playlist to allow an operator to obtain information about the music . . . played as well as those selections that will be played subsequently." *Id*. at 2:51-55.

Cluts describes a system in an interactive network allowing consumers to select "playlists" in the form of a predetermined collection of songs, and review the contents of the playlists, select songs in the playlist, build and create playlists, and display general information associated with the currently playing album or song. SONOS 1014, at 4:38-54, 11:40-43, 12:55-65, 13:24-27, 13:50-62, 15:14-25.

The implementation and use of playlists through a GUI on a PC to allow users to select and play music transmitted from a database over a network was also

well known before 1999.  For example, Nielsen discloses selecting songs, making multiple selections for a particular time interval, (e.g., 45 mins. of music), selecting random songs in a selected genre (singer, musician, style), and manipulating the selected songs to pause, fast forward, skip, and rewind. SONOS 1015, pp. 414-417.

According to Nielsen, the Home Fiber Optic Music System included features, such as providing a "player view" that mimics a CD player and a "song list view." SONOS 1015, p. 416. Music could be played from two types of objects: a personal CD object and a Catalog object; and the catalog object supported "query" and "history lists" in the song list view.  *Id*.

Available were tools to make playlists through a GUI to play music over a network. *See e.g.*, SONOS 1016, p. 56 ("playlist is just a plain text file naming the full paths to the selected songs. . . . Playlists for players that can handle streaming or broadcast MP3 can also store URL's to your favorite broadcast sites.")

Thus, as of 1999-2000, implementing playlists on a network-enabled audio device to select, manage, and manipulate audio content was well known in the art.

Software to listen to Internet radio has existed since Internet radio began. SONOS 1012, ¶¶ 28-30. By the late 1990s, companies marketed software for real-time streaming of audio. *See, e.g.*, SONOS 1016, pp. 13-14. By 2000, freely available software for laptops or PCs enabled receipt of various audio content, including Internet radio broadcasts. SONSO 1012, ¶ 28.

As made clear by the state of the art, and the prior art below, by November 2000, the purported inventions of the '652 Patent were well known.

###### 1.    U.S. Patent No. 7,187,947 to White et al. (SONOS 1017)

White was filed in the U.S. on March 28, 2000, issued on March 6, 2007, and qualifies as prior art to the '652 Patent under 35 U.S.C. § 102(e). White was cited during prosecution of the '652 Patent, but was not used in any rejections.

White is directed to a system communicating information to an electronic device including "audio information such as songs, on-line radio stations, on-line broadcasts, streaming audio." SONOS 1017 at 3:59-61. White allows a "listener to create a personal playlist and to listen to this playlist in a wireless atmosphere while enjoying CD quality sound." *Id.* at 2:7-10. White's Figure 4 is below:



Figure 4 shows graphical user interface 400 for displaying selectable audio information. SONOS 1017, at 11:6-15. Interface 400 may be displayed as a web page. *Id*. This interface allows users to view radio dial 412 or "a current playlist selected by the user or the status of [a] wirelessly communicated playlist." *Id*. 11:26-33. Program interface 413 is used to specify items to be displayed by radio dial 412. *Id*. 12:29-30. These items may include Internet and broadcast radio stations or playlists. *Id*. 12:30- 36.  Figure 8 of White is reproduced below:



16

Figure 8 depicts a method for providing selected audio information to an electronic device. SONOS 1017, at 3:40-42. At step 800, the user accesses a web page such as the home page of Figure 4. *Id*. at 15:64-67.  At step 801, the user selects "a single song, a plurality . . . of songs, an entire album, a broadcast station, streaming audio, etc. or other selectable audio information." *Id*. at 16:3-6. A playlist is created at step 802 reflecting the user's audio selections. *Id*. at 16:6-9, 17:56-18:19. A list of information is compiled at step 803 including associated playlist information, such as network or URL locations for the audio information. *Id*. at 16:12-14. At step 804, the user then selects a device such as "a[n] automobile audio system, a home stereo system, a home computer, an electronic device coupled to a home network or computer system, etc.[,] or other locations or devices operable to receive the selected audio information." *Id*. at 16:24-28. The playlist and associated information are sent to the electronic device for the user to execute the playlist (812, 814). *Id*. at 16:35-45, 17:7-18.

White's device "may be integrated into an audio component such as a radio receiver" or "coupled to a home audio system, a portable radio system or other system to provide a versatile electronic device operable to receive wirelessly communicated selected audio information." SONOS 1017, at 9:53-57, 10:38-42. The electronic device may be coupled to an optical disc player such as a CD player or "storage medium 303 such as a high speed buffer, programmable memory, or

other devices operable to store information." *Id*. at 18:46-50, 8:46-52, 8:67-9:5.

White thus discloses at least an Internet radio mode of operation (3:59-61 and 2:7-10); a playlist mode of operation (Fig. 8 elements 813, 807, 808, 16:3-4); assigning a playlist to a player device, where some of the songs are not stored on the player device (15:62-16:34, Fig. 4, 11:66-12:7, Fig. 8, 17:32-35); a control system for carrying out the functionality of its player device (8:52-62, 12:38-54, Figs. 3-4); and receiving information from a central system enabling the player to obtain missing songs from a remote source (16:11-19).

### 2.    U.S. Patent No. 6,199,076 to Logan et al. (SONOS 1018)

Logan was filed on October 2, 1996, issued on March 6, 2001, and therefore qualifies as prior art to the '652 Patent under 35 U.S.C. § 102(e). A family member of Logan, U.S. published patent application No. US 2004/0255340, was cited during prosecution of the '652 Patent, but was not used in any rejections.

Logan discloses an information distribution system that allows player devices to play back audio program segments, such as music. SONOS 1018, at 2:6-43, 5:60-65. The audio player plays back the audio program segment files in accordance with a schedule file, which is created in the first instance by a host server, which develops and transmits the schedule file to the player. *Id*. at 2:47-50; 7:1-13. The schedule file consists of a sequence of program segment identification numbers, which determines the sequence of events that occur during playback. *Id*.

at 7:1-13, 12:3-15, 17:59-61 and Fig. 4. The schedule file is thus a "playlist".

Figure 1 of Logan, which presents schematic diagrams of host server 101 and player 103, is provided below.



Fig. 1

Logan discloses that the player, after obtaining the schedule file, issues download requests to the host server for program segments which are not already in the player's local storage. *Id*. at 7:4-13. In embodiments, the player only requests transfer of program segments not already present in local storage. *Id*. at 19:4-8. The download operation preferably occurs at a time established by the player. *Id*. at 8:24-29. In the download, the player identifies specific program segments to download by, *e.g.*, designating filenames or program_id values. *Id*. at 8:20-38.

In particular, the selections made by and uploaded from the subscriber take

the form of a file that designates the specific program segments for download to the subscriber's player. *Id*. at 7:4-13. This file includes a URL field that specifies the location of the file containing the specific program segment at an FTP server of the host server, or potentially at any other accessible location on the Internet. *Id*. at 17:24- 67, 18:60-65, Fig. 1. The player issues FTP download requests from the host server by specifying the URLs of the needed files. *Id*. at 19:12-15. Either or both of the host server and another location on the Internet that contains a desired specific program segment are thus "remote sources."

The URL specifying the location of the specific program segment for download to the subscriber's player is originally provided to the player as part of a catalog that the host server presents to the subscriber. *Id*. at 9:31-45, 9:51-62, 27:24-29. In particular, Logan discloses that a server subsystem creates a playlist-like session schedule and transmits it to the user's player device. *Id*. at 2:44-54, 6:51-55, 12:3-15, 18:60-65. Logan further discloses that the player device may playback the content corresponding to the playlist-like session schedule. *Id*. at 8:54-9:10. Thus, Logan discloses a playlist mode of operation in which the player device plays back content corresponding to the playlist-like session schedule. *Id*.

Logan discloses that the player device is a computer-like device that has a CPU, a display and input devices. *Id*. at 4:33-41, 9:64-10:6, Fig. 1. Logan further discloses that the player device has a user interface for controlling its

functionalities. *Id*. at 8:57-9:4. Thus, Logan discloses a control system.

Logan discloses that in certain situations, the user's player device will request only those songs not already present on the player. *Id*. at 7:4-13, 19:4-8, 14:53-15:20. Thus, Logan discloses receiving a playlist of a plurality of songs, wherein some of the songs of the playlist are not stored on the player.

To begin an operation, the player identifies specific program segments that it wants to download by, for example, designating filenames or program_id values. *Id*. at 8:20-38. In particular, the selections made by the subscriber or user and uploaded from the player take the form of a file that designates the specific program segments for download to the subscriber's player. *Id*. at 17:5-14. This file includes a URL field that specifies the location of the file containing the specific program segment at an FTP server of the host server, or potentially at any other accessible location on the Internet. *Id*. at 17:24-67, 18:60-65, Fig. 1. The player issues FTP download requests from the host server by specifying the URLs of the needed files. *Id*. at 19:12-15. Either or both of the host server and another location on the Internet that contains a desired specific program segment correspond to the recited "remote source." *Id.* The URL specifying the location of the program segment for download to the subscriber's player is originally provided to the player as part of a catalog that the host server presents to the subscriber. *Id*. at 9:31-45, 9:51-62, 27:24-29. Thus, Logan discloses receiving information from a central

system enabling the player to obtain missing songs from a remote source.

### 3.   U.S. Patent No. 7,020,704 to Lipscomb et al. (SONOS 1019)

Lipscomb was filed in the U.S. on October 5, 2000, issued on March 28, 2006, and therefore qualifies as prior art to the '652 Patent under 35 U.S.C. § 102(e). Lipscomb also claims the benefit of and incorporates by reference a number of provisional applications (SON0S 1020-1027) in their entireties. Lipscomb was not cited or considered during prosecution of the '652 Patent.

Lipscomb discloses a portal or server for distributing multimedia to media player devices and allowing devices access to multimedia. SONOS 1019, at 1:33-42; SONOS 1020, pp. 1-2. Further, the portal may connect to the media player device to provide content. SONOS 1019, at 3:48 - 4:11; SONOS 1020, pp. 2-3.



Fig. 1

Lipscomb discloses that the portal may provide media player devices with

access to streaming Internet radio providers. SONOS 1019, at 3:19-21; SONOS 1021, p. 11; SONOS 1024, p.16. Lipscomb discloses that a user can edit a list of streaming digital radio channels on the player device. SONOS 1019, at 8:41-45; SONOS 1024, p. 18; SONOS 1021, p. 11 ("[a]ccess to thousands of Internet radio sites"). Thus, Lipscomb discloses an Internet radio mode of operation.

Lipscomb discloses that a portal may be used to create, edit or delete a playlist of assets. SONOS 1019, at 4:33-36; SONOS 1024, pp. 10-11. Such a playlist may be created from a master database, and incorporated into the media player. SONOS 1019, at 9:47-61; SONOS 1024, pp. 20-21. In local playback mode, the media player plays back assets stored locally. SONOS 1019, at 8:16-21; SONOS 1024, p. 15. Thus, Lipscomb discloses a playlist mode of operation.

The Lipscomb '830 provisional also discloses a "ZapCentral" portal that can be accessed from Zap Station clients on the web. SONOS 1022, p. 4. The '830 provisional discloses that ZapCentral can be used to add/edit/delete playlists, and that a replica of the database should reside on the ZapStation or ZapJukebox software. *Id*. at 7. Thus, Lipscomb discloses assigning a playlist to a player device.

Lipscomb discloses a media player device with software controlling functionality and user-interface components. SONOS 1019, at 5:49-64, 6:4-17, 6:55-60; SONOS 1020, pp. 1-2. Thus, Lipscomb discloses a control system.

Lipscomb discloses synchronization of multimedia databases across user's

23

different software platforms and appliances. SONOS 1019, at 10:25-42. The '830 provisional discloses that a replica of the database should reside on the ZapStation or ZapJukebox software. SONOS 1022, p. 7. The '063 provisional discloses that music or video that exists on one user's device can be synchronized or replicated on other authorized devices. SONOS 1024, p. 12. Thus, Lipscomb discloses receiving a playlist identifying a plurality of songs, wherein some of the songs of the playlist are not stored on the player.  Lipscomb discloses that a playlist may include a URL reference. SONOS 1019, at 8:33-38; SONOS 1024, p. 16.

Additionally, Lipscomb has other embodiments where the media player device is connected to a server to access content from any other server in the network. SONOS 1019, at 8:22-31; SONOS 1024, pp. 15-16. Thus, Lipscomb discloses receiving information from a central system enabling the player to obtain missing songs from a remote source.

Lipscomb also discloses that a media player device may playback CDs and DVDs. SONOS 1019, at 6:37-43, 9:9-30; SONOS 1021, pp. 6-7 (depicting and describing ZapStation device and its DVD player and slot). Lipscomb discloses enabling playback from an optical disc.

The portal may communicate with media players via a communications network consisting of the Internet and/or a combination of wireless communication networks, such as cellular networks, PCS networks, etc. SONOS 1019, at 3:48-51;

SONOS 1020, pp. 1-2 (the media player device may include wireless devices, such as car-mounted units or other wireless devices). Additionally, the network connecting the media player device to servers may be wireless. SONOS 1020, p. 4. Lipscomb discloses a wireless transceiver that is coupled to the control system.

Lipscomb discloses that a media player device may include speakers. SONOS 1019, at 2:49-57, 6:25-27; SONOS 1021, p. 5 (the audio output for the ZapStation is configured to drive speakers).  Accordingly, Lipscomb discloses at least one speaker that is part of the system disclosed by Lipscomb.

Lipscomb discloses that a media player device adopted for use as a home consumer device may be operated using a remote control device. SONOS 1019, at 2:49-67; SONOS 1021, pp. 5-6. The remote control device may include a standard remote control and a browser interface on a remotely connected computer. SONOS 1021, pp. 5-6. The user interface can include a playlist that can be edited. SONOS 1019, at 9:46-60; SONOS 1024, pp. 20-21, SONOS 1023, p. 11 (depicting a playlist that can be edited on a computer). Thus, Logan discloses a remote control that may be used for user-interface functionalities, such as navigating a playlist.

## B.    The '652 Patent

### 1.    Overview of the '652 Patent

The '652 Patent discloses a network-enabled audio device or player for listening to a variety of audio sources. SONOS 1001, at 2:16-19. In an Internet

radio mode, the player receives and plays a broadcast from an Internet radio station. *Id.* at 10:3-12, 10:49-57. The player can include Internet Personal Audio Network ("IPAN") client software, and a PC client may be used to add songs or URLs to songs on a playlist. *Id.* at 16:29-37, 21:40-65, 22:9-29, Figs. 15, 19B.

Further, the user can access IPAN software on a server to assign playlists to the user's network-enabled audio devices. *Id.* at 22:36-48.  The IPAN software can also identify and check whether certain songs on the playlist are missing on the player. *Id*. at 28:20-30. If the IPAN software determines that another device has one or more of the missing songs, the software provides the URLs where the songs are located to the network audio device. *Id.* at 28:31-34. The player downloads these missing songs from the URLs provided by the server. *Id.* at 28:35-38.



FIG. 15

Figure 15 of the '652 Patent above is a block diagram of network audio devices and a stereo website. *Id*. at 6:4-6. Shown are two network-enabled audio

devices (1510 and 1520) connected to IPAN server site 1104. *Id.* at 21:40-43.

Storage space (1512 and 1522) of audio devices (1510 and 1520) store IPAN

software 1526, playlist (1528 or 1530), and associated URLs and songs. *Id.* at

21:43-57. Server site 1104 includes IPAN software 1433 and playlists (1528 and

1530). *Id.* at 21:52-57. Figure 19B below shows assigning a playlist to a device.



FIG. 19B

27

*Id*. at 6:60-61. At step 1906, a user assigns a playlist to a first device 1510. *Id.* at 28:14-16. The system determines whether all of the songs on the playlist are stored on the hard drive of the first device 1510. *Id.* at 28:20-22. If any (or all) of the songs are missing from the first device 1510, IPAN 1433 forms a list of the remaining songs and checks the hard drive of second device 1520 to determine if any of the remaining songs may be found on that device. *Id.* at 28:24-30. If any of the remaining songs are found on second device 1520, then IPAN 1433 will provide first device 1510 with URLs for those songs, and first device 1510 will attempt to download the songs from second device 1520. *Id.* at 28:30-43.

### 2.    Prosecution History Summary of the '652 Patent

The '652 Patent was filed on November 27, 2006, as application number 11/563,232, and resulted from a chain of applications as discussed above. Petitioner summarizes here the actions most relevant to the grounds of unpatentability set forth in the present Petition.

In the Office Action dated May 23, 2011, all of the claims were provisionally rejected for double patenting. SONOS 1028, pp. 221-27. Claims 1-5, 7-9, 11-16, and 18-20 were also rejected under 35 U.S.C. § 102(e) as being anticipated by U.S. Patent No. 5,949,492 to Mankovitz. *Id.* Claims 6, 10, and 17 were objected to, with the Examiner indicating that they contained allowable

subject matter. *Id.* Each of these claims included limitations directed to receiving a playlist assigned to an electronic device from a central system, with the playlist identifying a plurality of songs, wherein ones of the songs are not stored on the electronic device. *Id.*, pp. 62-67. The Applicants amended the independent claims by adding the limitations of claims 6, 10, and 17, and also filed a terminal disclaimer. *Id.*, pp. 274-90. The application was then allowed. *Id.*, pp. 298-304.

### C.    Identification of Challenges

As set forth below, the references and combinations in Ground I and Ground II render obvious each of claims 1, 21, 42, and 63 pursuant to 35 U.S.C. § 103, and provide a reasonable likelihood that the Petitioner will prevail on at least one claim. 35 U.S.C. § 314(a).

1.    **Challenge #1:**  White Renders Obvious Claims 1, 21, 42 and 63 Under 35 U.S.C. § 103.

2.    **Challenge #2:** The Combination of Lipscomb and Logan Renders Obvious Claims 1, 42 and 63 Under 35 U.S.C. § 103.

### D.    Challenge #1:  White Renders Obvious Claims 1, 21, 42 and 63 Under 35 U.S.C. § 103

White discloses numerous embodiments including various features. It would have been obvious to one of ordinary skill in the art that the various features as disclosed in White could be implemented in a single device or method as desired. *See Boston Scientific Scimed, Inc. v. Cordis Corp.*, 554 F.3d 982, 991-92 (Fed. Cir.

2009).  In Boston Scientific, the Federal Circuit found a claim to be obvious in view of a single reference that disclosed "all of the limitations . . . in two separate embodiments." Id. at 991.  In determining obviousness, the Federal Circuit observed that "[c]ombining two embodiments disclosed adjacent to each other in a prior art patent does not require a leap of inventiveness." Id.

White clearly discloses that the described features may be included in a device depending upon the particular application. SONOS 1012, ¶ 50.  Combining the embodiments disclosed in White, is merely running two disclosed and compatible software programs on the same computing system at the same time. Set forth below is a claim chart that specifies where each element of challenged claims is disclosed in the various embodiments disclosed by White.

| Claim 1 | White Disclosure |
|---|---|
| An electronic device comprising:<br><br>a) a network interface enabling the electronic device to receive an Internet radio broadcast and being further adapted to communicatively couple the electronic device to a central system; | "FIG. 3 illustrates an electronic device operable to receive selected audio information . . . . Electronic device 300 includes a communication module 301 such as a transceiver coupled to storage medium 303 such as a high speed buffer, programmable memory, or other devices operable to store information. Electronic device 300 may also include processor 302 operably associated with communication module 301 and storage medium 303. . . . [C]ommunication module 301, processor 302, and storage medium 303 may be integrated into one communication component or device operable as electronic device 300" White, at 8:46-62, Fig. 3.<br><br>"[E]lectronic device 300 may include a user interface operable to communicate with an Internet website operable to display selectable audio information. The Internet website may be configured as a user preferred |

| | |
|---|---|
| | environment displaying a users selected audio information, Internet broadcast selections, streaming audio selections, etc." White*, at 10:20-26; *see also id*. at 4:3-5:1, 5:31-36, 7:27-40, 12:29-37, 17:26-29, Fig. 2, 2:22-33, 2:59-67, 3:55-57, 5:17-21, 5:44-7:14, Fig. 4. |
| b) a system enabling playback of audio content from a playlist assigned to the electronic device via the central system; and | Electronic device 300 plays audio content from a playlist. *See, e.g., Id*. at Fig. 4 (playlists in Radio Dial (412)), 9:15-57, 10:20-42, 12:29-35, Fig. 8 (Execute playlist (814)), 17:718.

"FIG. 8 illustrates a flow diagram of a method for providing selected audio information to an electronic device . . . . The method begins at step 800 where a user accesses a webpage via the Internet . . . . the method may proceed to step 804 where the user is prompted for a destination for the playlist. For example, a user may want to communicate the selected audio information to a remote electronic device . . . ." White, at 15:62-16:34; *see also id*. at Fig. 4 (Select a Device in collective menu (411)), 11:66-12:7, Fig. 8 (User prompted for destination device (804)), 17:32-55. |
| c) a control system associated with the network interface and the system enabling playback of the audio content indicated by the playlist, and adapted to: | "Electronic device 300 may also include processor 302 operably associated with communication module 301 and storage medium 303. Processor 302 may be operable to process wirelessly communicated selected information and in one embodiment may be integrated as part of communication module 301 of storage medium 303. . . . [C]ommunication module 301, processor 302, and storage medium 303 may be integrated into one communication component or device operable as electronic device 300." White, at 8:52-62; *see also id*. at 12:38-54, Fig. 3 (Processor Module (302)), Fig. 4 (Radio Dial (412) on electronic device (400)).

"Electronic device 300 may be used to receive wirelessly communicated MP3 audio files and play these files using an MP3 player when desired." *Id*. at 9:18-22. |
| i) enable a user of the electronic device to select a desired mode | ". . . [A] user may select an on-line broadcast or radio station as all or a part of the selected audio information. The user may then receive radio broadcasts without |

| | |
|---|---|
| of operation from a plurality of modes of operation comprising an Internet radio mode of operation and a playlist mode of operation; | having to use a home computer system or conventional radio receiver." White, 17:26-17:32-55, 18:64-19:3.<br><br>"Upon the user selecting a reference to audio information, the method may proceed to step 802 where a playlist may be created that represents the user's selected audio information . . . . Upon creating a playlist, the method may proceed to step 803 where information associated with the playlist is obtained. For example, a list of network or URL locations comprised of the desirable audio information may be obtained . . . . The sources may be accessed to obtain the selected audio information." White, at 16:6-19; *see also id*. at 16:3-6 and Fig. 4 (Radio Dial (412)). |
| ii) receive and play the Internet radio broadcast when the desired mode of operation is the Internet radio mode of operation; and | "In another embodiment, electronic device 300 may include a user interface operable to communicate with an Internet website operable to display selectable audio information. The Internet website may be configured as a user preferred environment displaying a users selected audio information, Internet broadcast selections, streaming audio selections, etc." White, at 10:20-26; *see also id*. at 12:29-37, 17:26-29, 5:31-36.<br><br>"[A] user may select an on-line broadcast or radio station as all or a part of the selected audio information. The user may then receive radio broadcasts without having to use a home computer system or conventional radio receiver." White, at 17:26-31. |
| iii) when the desired mode of operation is the playlist mode of operation: receive the playlist assigned to the electronic device from the central system, the playlist identifying a plurality of songs, | "[A] playlist may be created that represents the user's selected audio information." White, 16:7-9.<br>The playlist is received from a central system (web site). White, at Fig. 8 (Playlist data sent to user via wire line (813); Wirelessly communicate info to selected device (807); Signal received at remote device (808)); *see also id*. at 16:3-4. |
| Wherein ones of the plurality of songs are not stored on the, | "In this manner, desirable audio information may be obtained from many different sources such as URLs, network addresses, hard drives, databases comprised of |

| electronic device; | audio information, etc. " White, at 16:15-19; *see also id*. at 5:3-21, 7:27-66. |
|---|---|
| receive information from the central system enabling the electronic device to obtain the ones of the plurality of songs from at least one remote source; | "Upon creating a playlist, the method may proceed to step 803 where information associated with the playlist is obtained. For example, a list of network or URL locations comprised of the desirable audio information may be obtained. In this manner, desirable audio information may be obtained from many different sources such as URLs, network addresses, hard drives, databases comprised of audio information, etc." White, at 16:11-19. |
| obtain the ones of the plurality of songs from the at least one remote source; and | "Upon formatting the information, the method may then proceed to step 807 where the audio information is wirelessly communicated to the selected device." White, at 16:52-54; *see also id*. at 16:35-17:18, Fig. 8 (Playlist sent to user via wire line (813)). |
| play the audio content indicated by the playlist. | "Execute playlist." White, at Fig. 8 (Execute playlist (812 and 814)).<br><br>When the playlist is executed, songs will be played. White, at 16:35-17:18. |

| Claim 21 | White Disclosure |
|---|---|
| An electronic device comprising:<br><br>a) a network interface enabling the electronic device to receive an Internet radio broadcast and being further adapted to communicatively couple the electronic device to a central system; | "FIG. 3 illustrates an electronic device operable to receive selected audio information . . . . Electronic device 300 includes a communication module 301 such as a transceiver coupled to storage medium 303 such as a high speed buffer, programmable memory, or other devices operable to store information. Electronic device 300 may also include processor 302 operably associated with communication module 301 and storage medium 303. . . . [C]ommunication module 301, processor 302, and storage medium 303 may be integrated into one communication component or device operable as electronic device 300" White, 8:46-62 and Fig. 3.<br>"[E]lectronic device 300 may include a user interface operable to communicate with an Internet website operable to display selectable audio information. The Internet website may be configured as a user preferred |

33

| | |
|---|---|
| | environment displaying a users selected audio information, Internet broadcast selections, streaming audio selections, etc." White, at 10:20-26; *see also id.* at 4:3-5:1, 5:31-36, 7:27-40, 12:29-37, 17:26-29, Fig. 2, 2:22-33, 2:59-67, 3:55-57, 5:17-21, 5:44-7:14, and Fig. 4. |
| b) a system enabling playback of audio content from a plurality of additional content sources comprising a playlist assigned to the electronic device via the central system; and | Electronic device 300 plays audio content from a playlist. See, e.g., White, at Fig. 4 (playlists in Radio Dial (412)), 9:15-57, 10:20-42, 12:29-35, Fig. 8 (Execute playlist (814)), 17:718.<br><br>"FIG. 8 illustrates a flow diagram of a method for providing selected audio information to an electronic device . . . . The method begins at step 800 where a user accesses a webpage via the Internet . . . . the method may proceed to step 804 where the user is prompted for a destination for the playlist. For example, a user may want to communicate the selected audio information to a remote electronic device . . . ." White, at 15:62-16:34; *see also id.* at Fig. 4 (Select a Device in collective menu (411)), 11:66-12:7, Fig. 8 (User prompted for destination device (804)), 17:32-55. |
| c) a control system associated with the network interface and the system enabling playback of the audio content from the plurality of additional content sources, and adapted to: | "Electronic device 300 may also include processor 302 operably associated with communication module 301 and storage medium 303. Processor 302 may be operable to process wirelessly communicated selected information and in one embodiment may be integrated as part of communication module 301 of storage medium 303. . . . [C]ommunication module 301, processor 302, and storage medium 303 may be integrated into one communication component or device operable as electronic device 300." White, at 8:52-62; *see also id.* at 12:38-54, Fig. 3 (Processor Module (302)), Fig. 4 (Radio Dial (412) on electronic device (400)).<br><br>"Electronic device 300 may be used to receive wirelessly communicated MP3 audio files and play these files using an MP3 player when desired." *Id.* at 9:18-22. |
| i) enable a user of the electronic device to select a desired mode | ". . . [A] user may select an on-line broadcast or radio station as all or a part of the selected audio information. The user may then receive radio broadcasts without |

| | |
|---|---|
| of operation from a plurality of modes of operation comprising an Internet radio mode of operation and a plurality of additional modes of operation each corresponding to one of the plurality of additional content sources; | having to use a home computer system or conventional radio receiver." White, at 17:26-17:32-55, 18:64-19:3.<br><br>"Upon the user selecting a reference to audio information, the method may proceed to step 802 where a playlist may be created that represents the user's selected audio information . . . . Upon creating a playlist, the method may proceed to step 803 where information associated with the playlist is obtained. For example, a list of network or URL locations comprised of the desirable audio information may be obtained . . . . The sources may be accessed to obtain the selected audio information." White, at 16:6-19; *see also id*. at 16:3-6 and Fig. 4 (Radio Dial (412)).<br><br>Additional sources may include playlists and radio receiver in addition to playlists. *See, e.g., Id*. at 9:53-57. |
| ii) receive and play the Internet radio broadcast when the desired mode of operation is the Internet radio mode of operation; and | "In another embodiment, electronic device 300 may include a user interface operable to communicate with an Internet website operable to display selectable audio information. The Internet website may be configured as a user preferred environment displaying a users selected audio information, Internet broadcast selections, streaming audio selections, etc." White, at 10:20-26; *see also id*. at 12:29-37, 17:26-29, 5:31-36.<br><br>"[A] user may select an on-line broadcast or radio station as all or a part of the selected audio information. The user may then receive radio broadcasts without having to use a home computer system or conventional radio receiver." White, at 17:26-31. |
| iii) play the audio content from one of the plurality of additional content sources when the desired mode of operation is a corresponding one of the plurality of | "[A] playlist may be created that represents the user's selected audio information." White, at 16:7-9.<br><br>The playlist is received from a central system (web site). White, at Fig. 8 (Playlist data sent to user via wire line (813); Wirelessly communicate info to selected device (807); Signal received at remote device (808)); *see also id*. at 16:3-4. |

| additional modes of operation, where when in the playlist mode of operation, the control system further adapted to: | |
|---|---|
| receive the playlist assigned to the electronic device from the central system, the playlist identifying a plurality of songs, wherein ones of the plurality of songs are not stored on the, electronic device; | "In this manner, desirable audio information may be obtained from many different sources such as URLs, network addresses, hard drives, databases comprised of audio information, etc. " White, at 16:15-19; *see also id.* at 5:3-21, 7:27-66. |
| receive information from the central system enabling the electronic device to obtain the ones of the plurality of songs from at least one remote source; | "Upon creating a playlist, the method may proceed to step 803 where information associated with the playlist is obtained. For example, a list of network or URL locations comprised of the desirable audio information may be obtained. In this manner, desirable audio information may be obtained from many different sources such as URLs, network addresses, hard drives, databases comprised of audio information, etc." White, at 16:11-19. |
| obtain the ones of the plurality of songs from the at least one remote source; and | "Upon formatting the information, the method may then proceed to step 807 where the audio information is wirelessly communicated to the selected device." White, at 16:52-54; *see also id.* at 16:35-17:18, Fig. 8 (Playlist sent to user via wire line (813)). |
| play the audio content indicated by the playlist. | "Execute playlist." White, at Fig. 8 (Execute playlist (812 and 814)).<br><br>When the playlist is executed, songs will be played. *Id.* at 16:35-17:18. |

| Claim 42 | White Disclosure |
|---|---|
| A method of operation for an electronic | "Upon the user selecting a reference to audio information, the method may proceed to step 802 where a playlist may |

| | |
|---|---|
| device comprising: a) enabling a user of the electronic device to select a desired mode of operation from a plurality of modes of operation comprising an Internet radio mode of operation and a playlist mode of operation; | be created that represents the user's selected audio information . . . . Upon creating a playlist, . . . information associated with the playlist is obtained. For example, a list of network or URL locations comprised of the desirable audio information may be obtained . . . . The sources may be accessed to obtain the selected audio information." White, at 16:6-19; *see also id.* at 16:3-6 and Fig. 4 (Radio Dial (412)). |
| b) playing an Internet radio broadcast when the desired mode of operation is the Internet radio mode of operation; and | "[E]lectronic device 300 may include a user interface operable to communicate with an Internet website operable to display selectable audio information. The Internet website may be configured as a user preferred environment displaying a users selected audio information, Internet broadcast selections, streaming audio selections, etc." White, at 10:20-26; *see also id.* at 12:29-37, 17:26-29, 5:31-36.<br><br>"[D]igital engine 101 may be used in association with an Internet website configured to provide access to selectable information. The Internet website operably associated with digital engine 101 allows a user to select information to be wirelessly communicated to electronic device 103 utilizing a network environment." White, at 4:63-5:1; *see also id.* at 7:27-40 and Fig. 4 (Radio Dial (412)). |
| c) when the desired mode of operation is the playlist mode of operation: i) receiving a playlist assigned to the electronic device via a central system, the playlist identifying a plurality of songs, | "A user may select a single song, a plurality [of] different songs, an entire album, a broadcast station, streaming audio, etc. or other selectable audio information. Upon the user selecting a reference to audio information,. . . a playlist may be created that represents the user's selected audio information." White, at 16:3-9.<br><br>The playlist is received from a central system (web site). White, at Fig. 8 (Playlist data sent to user via wire line (813); Wirelessly communicate info to selected device (807); Signal received at remote device (808)); *see also id.* at 16:3-4. |

| | |
|---|---|
| wherein ones of the plurality of songs are not stored on the electronic device; | "In this manner, desirable audio information may be obtained from many different sources such as URLs, network addresses, hard drives, databases comprised of audio information, etc. The sources may be accessed to obtain the selected audio information." White, at 16:15-19; *see also id.* at 5:3-21, 7:27-66. |
| ii) receiving information from the central system enabling the electronic device to obtain the ones of the plurality of songs from at least one remote source; | "Upon creating a playlist, the method may proceed to step 803 where information associated with the playlist is obtained. For example, a list of network or URL locations comprised of the desirable audio information may be obtained. In this manner, desirable audio information may be obtained from many different sources such as URLs, network addresses, hard drives, databases comprised of audio information, etc. The sources may be accessed to obtain the selected information." White, at 16:11-19. |
| iii) obtaining the ones of the plurality of songs from the at least one remote source; and | "Upon formatting the information,. . . audio information is wirelessly communicated to the selected device." White, at 16:52-54; *see also id.* at 16:35-17:18, Fig. 8 (Playlist sent to user via wire line (813)). |
| iv) playing audio content indicated by the playlist. | "Execute playlist," White, at Fig. 8 (Execute playlist (812 and 814)).<br><br>When the playlist is executed, songs will be played. Id. at 16:35-17:18. |

| Claim 63 | White Disclosure |
|---|---|
| An electronic device comprising:<br><br>a) a wireless transceiver communicatively coupling the electronic device to a base station, the wireless | White discloses an electronic device comprising a wireless transceiver interface enabling the electronic device to receive an Internet radio broadcast and being further adapted to communicatively couple the electronic device to a base station and an Internet radio broadcast website (central system).<br><br>"FIG. 3 illustrates an electronic device operable to receive selected audio information . . . . Electronic device 300 |

| | |
|---|---|
| transceiver enabling the electronic device to receive an Internet radio broadcast and communicate with a central system; | includes a communication module 301 such as a transceiver coupled to storage medium 303 such as a high speed buffer, programmable memory, or other devices operable to store information. Electronic device 300 may also include processor 302 operably associated with communication module 301 and storage medium 303. . . . [C]ommunication module 301, processor 302, and storage medium 303 may be integrated into one communication component or device operable as electronic device 300" White, at 8:46-62,Fig. 2, 2:22-33, 2:59-67, 3:55-57, 5:17-21, 5:44-7:14, and Fig. 3.

"[E]lectronic device 300 may include a user interface operable to communicate with an Internet website operable to display selectable audio information. The Internet website may be configured as a user preferred environment displaying a users selected audio information, Internet broadcast selections, streaming audio selections, etc." White, at 10:20-26; *see also id.* at 4:3-5:1, 5:31-36, 7:27-40, 12:29-37, 17:26-29, Fig. 4. |
| b) a system enabling playback of audio content from a playlist assigned to the electronic device via the central system; and | White discloses an electronic device comprising a system enabling playback of audio content from a playlist assigned to the electronic device via the central system.

Electronic device 300 plays audio content from a playlist. *See, e.g.,* White, at Fig. 4 (playlists in Radio Dial (412)), 9:15- 57, 10:20-42, 12:29-35, Fig. 8 (Execute playlist (814)), 17:718.
"FIG. 8 illustrates a flow diagram of a method for providing selected audio information to an electronic device . . . . The method begins at step 800 where a user accesses a webpage via the Internet . . . . the method may proceed to step 804 where the user is prompted for a destination for the playlist. For example, a user may want to communicate the selected audio information to a remote electronic device . . . ." White, at 15:62-16:34; *see also id.* at Fig. 4 (Select a Device in collective menu (411)), 11:66-12:7, Fig. 8 (User prompted for destination device (804)), 17:32-55. |
| c) a control system | White discloses an electronic device comprising a control |

| | |
|---|---|
| associated with the wireless transceiver interface and the system enabling playback of the audio content indicated by the playlist and adapted to: | system associated with the wireless transceiver interface and the system enabling playback of the audio content indicated by the playlist.<br><br>"Electronic device 300 may also include processor 302 operably associated with communication module 301 and storage medium 303. Processor 302 may be operable to process wirelessly communicated selected information and in one embodiment may be integrated as part of communication module 301 of storage medium 303. . . . [C]ommunication module 301, processor 302, and storage medium 303 may be integrated into one communication component or device operable as electronic device 300" White, at 8:52-62; *see also id.* at 12:38-54, Fig. 3 (Processor Module (302)), Fig. 4 (Radio Dial (412) on electronic device (400)).<br><br>"Electronic device 300 may be used to receive wirelessly communicated MP3 audio files and play these files using an MP3 player when desired." *Id.* at 9:18-22. |
| i) enable a user of the electronic device to select a desired mode of operation from a plurality of modes of operation comprising an Internet radio mode of operation and a playlist mode of operation; | White discloses that the electronic device is adapted to enable a user of the electronic device to select a desired mode of operation from a plurality of modes of operation comprising an Internet radio mode of operation and a playlist mode of operation.<br><br>". . . [A] user may select an on-line broadcast or radio station as all or a part of the selected audio information. The user may then receive radio broadcasts without having to use a home computer system or conventional radio receiver." White, at 17:26-55, 18:64-19:3.<br><br>"Upon the user selecting a reference to audio information, the method may proceed to step 802 where a playlist may be created that represents the user's selected audio information . . . . Upon creating a playlist, the method may proceed to step 803 where information associated with the playlist is obtained. For example, a list of network or URL locations comprised of the desirable audio information may be obtained . . . . The sources may |

| | |
|---|---|
| | be accessed to obtain the selected audio information." White, at 16:6-19; *see also id.* at 16:3-6 and Fig. 4 (Radio Dial (412)). |
| ii) receive and play the Internet radio broadcast when the desired mode of operation is the Internet radio mode of operation; and | White discloses that the electronic device is adapted to receive and play the Internet radio broadcast when the desired mode of operation is the Internet radio mode of operation.<br><br>"In another embodiment, electronic device 300 may include a user interface operable to communicate with an Internet website operable to display selectable audio information. The Internet website may be configured as a user preferred environment displaying a users selected audio information, Internet broadcast selections, streaming audio selections, etc." White, at 10:20-26; *see also id.* at 12:29-37, 17:26- 29, 5:31-36.<br><br>"[A] user may select an on-line broadcast or radio station as all or a part of the selected audio information. The user may then receive radio broadcasts without having to use a home computer system or conventional radio receiver." *Id*. at 17:26- 31. |
| iii) when the desired mode of operation is the playlist mode of operation: receive the playlist assigned to the electronic device from the central system, the playlist identifying a plurality of songs, | White discloses that when the desired mode of operation is the playlist mode of operation, the electronic device is adapted to receive the playlist assigned to the electronic device from the central system, the playlist identifying a plurality of songs.<br><br>"[A] playlist may be created that represents the user's selected audio information." White, at 16:7-9.<br><br>The playlist is received from a central system (web site). White, at Fig. 8 (Playlist data sent to user via wire line (813); Wirelessly communicate info to selected device (807); Signal received at remote device (808)); *see also id.* at 16:3-4. |
| Wherein ones of the plurality of songs are not stored on the, electronic device; | White discloses that ones of the plurality of songs are not stored on the electronic device.<br><br>"In this manner, desirable audio information may be |

| | obtained from many different sources such as URLs, network addresses, hard drives, databases comprised of audio information, etc. " White, at 16:15-19; *see also id.* at 5:3-21, 7:27-66. |
|---|---|
| receive information from the central system enabling the electronic device to obtain the ones of the plurality of songs from at least one remote source; | White discloses that when the desired mode of operation is the playlist mode of operation, the electronic device is adapted to receive information from the central system enabling the electronic device to obtain the ones of the plurality of songs from at least one remote source.<br><br>"Upon creating a playlist, the method may proceed to step 803 where information associated with the playlist is obtained. For example, a list of network or URL locations comprised of the desirable audio information may be obtained. In this manner, desirable audio information may be obtained from many different sources such as URLs, network addresses, hard drives, databases comprised of audio information, etc." White, at 16:11-19. |
| obtain the ones of the plurality of songs from the at least one remote source; and | White discloses that the electronic device is adapted to obtain the ones of the plurality of songs from the at least one remote source.<br><br>"Upon formatting the information, the method may then proceed to step 807 where the audio information is wirelessly communicated to the selected device." White, at 16:52-54; *see also id.* at 16:35-17:18, Fig. 8 (Playlist sent to user via wire line (813)). |
| play the audio content indicated by the playlist. | White discloses that the electronic device is adapted to play the audio content indicated by the playlist.<br><br>"Execute playlist." White, at Fig. 8 (Execute playlist (812 and 814)).<br><br>When the playlist is executed, songs will be played. White, at 16:35-17:18. |

### E.   **Challenge #2: The Combination of Lipscomb and Logan Renders Obvious Claims 1, 42 and 63 Under 35 U.S.C. § 103**

Logan discloses an information distribution system that allows player

42

devices to play back audio program segments, such as music. SONOS 1018, at 2:6-43, 5:60-65. The audio player plays the audio program segments in accordance with a schedule file, which is created by a host server that develops and periodically transmits a playlist-like schedule file to the player. *Id*. at 2:47-50, 7:1-13. The schedule file consists of a sequence of program segment identification numbers, which determines the sequence of events that occur during playback. *Id*. at 7:1-13, 12:3-15, 17:59-61, Fig. 4. As also discussed earlier, the host server may identify programming of interest, and the URL where such programming may be found. *Id*. at 9:31-45, 9:51-62, 27:24-29. The player device may later request the host server to obtain this programming from the specified URL. *Id*. at 19:12-15.

Lipscomb discloses a player device that has substantially similar functionality.  Lipscomb shows a player device for playing back digital media assets such as video and music. SONOS 1019, at 2:10-21, 2:37-48; *see also* SONOS 1020, pp. 1-2; SONOS 1021, p. 11. Further, Lipscomb discloses that a server portal providing a URL reference to the player device that allows it to obtain desired content from a device specified by the URL. SONOS 1019, at 8:22-38; *see also* SONOS 1024, pp. 15-16.

The substantial overlap in functionality and intended use of the devices of these references would motivate a POSA to combine useful features disclosed in Lipscomb with the useful features disclosed in Logan to obtain an improved device

and method. For example, a POSA would have modified the player device of

Logan by adding the features of the player device of Lipscomb to expand the

capabilities of the system, making it more commercially desirable to consumers

interested in accessing different music, including:

- Internet radio capability, including listing Internet broadcast stations.

  SONOS 1019, at 1:33-42, 3:61-67; SONOS 1024, p. 13.

- Optical disk playback capability. SONOS 1019, at 6:39-43.

- Requesting, obtaining and presenting to the user supplemental information

  relating to a song. SONOS 1019, at 9:10-38; SONOS 1024, p. 20; SONOS

  1023,  p. 8.

- Receiving and displaying a recommended song. SONOS 1019, at 11:61-

  12:12; SONOS 1020, p. 4; SONOS 1023, pp. 8-11.

- A wireless remote control for navigating a playlist. SONOS 1019, at 2:63-

  65;9:48-61; SONOS 1024, pp. 20-21; SONOS 1023,  p. 11.

SONOS 1012, ¶¶ 74-75.  Among other things, combining such features is at most

the mere combination of known elements according to a known method to yield

predictable results.  *Id*.  The motivation to combine here is particularly strong since

Dr. Wolfe, who was working in the field at the time, was actually personally

involved with Mr. Logan to investigate combining these systems.  SONOS 1012, ¶

75.

The claim charts below detail the correspondence between the combination of Logan and Lipscomb and Claims 1, 42 and 63 of the '652 Patent:

| Claim 1 | Lipscomb and Logan Patents |
|---|---|
| An electronic device comprising: | Logan discloses an electronic device.<br><br>"The player 103 may be advantageously implemented by a conventional laptop or desktop personal computer including a processor (the client CPU 105), . . . and a data storage system consisting of both high speed RAM storage and a persistent mass storage device, such as a magnetic disk memory, the data storage system being used for storing audio, text and image data at 107 and for storing usage data at 109 which records the nature of the programming reproduced by the player 103." Logan, at 4:33-41. |
| a) a network interface enabling the electronic device to receive an Internet radio broadcast and being further adapted to communicatively couple the electronic device to a central system; | Lipscomb discloses an electronic device comprising a network interface enabling the electronic device to receive an Internet radio broadcast and being further adapted to communicatively couple the electronic device to a central system.<br><br>"Briefly, the present invention is directed to a system and method for distributing digital media assets to a plurality of users. A portal is provided comprising at least one server computer. The portal executes a media library database server application that manages access to a master library of media assets that can be accessed by users via one or more communication networks. Each of a plurality of media player devices communicates with the portal to access media assets for use. Each media player device assists in managing media assets licensed for use by a user." Lipscomb, at 1:33-42; '063 app., p. 18; '829 app., p. 13.<br><br>"The media player device interacts with an Internet-based source of music or video. . . ." Lipscomb, at 8:32-39; '736 app., pp. 1-2; '829 app., p. 11 (access to thousands of Internet radio sites). |
| b) a system enabling playback of audio | Logan discloses a system enabling playback of audio content from a playlist assigned to the electronic device via |

| | |
|---|---|
| content from a playlist assigned to the electronic device via the central system; and | a central system.<br>"According to a further feature of the invention, the audio program player plays program segments in an order determined by a session schedule which identifies an ordered sequence of program segments. The session schedule is preferably created in the first instance by a server subsystem which develops and periodically transmits to the session schedule to the player." Logan, at 2:44-54; *see also id.* at 6:51-55;12: 3-15; 18:60-65.<br><br>"At the request of the user, the sequence of programming defined by the program sequence file (the selections file illustrated at 351 in FIG. 5) is then reproduced for the listener. . . ." Logan, at 8:54-9:10. |
| c) a control system associated with the network interface and the system enabling playback of the audio content indicated by the playlist, and adapted to: | Logan discloses a control system associated with the network interface and the system enabling playback of the audio content indicated by the playlist.<br><br>"The player 103 may be advantageously implemented by a conventional laptop or desktop personal computer including a processor (the client CPU 105),. . . and a data storage system consisting of both high speed RAM storage and a persistent mass storage device, such as a magnetic disk memory, the data storage system being used for storing audio, text and image data at 107 and for storing usage data at 109 which records the nature of the programming reproduced by the player 103." Logan, at 4:33-41; *see also id.* at 9:64-10:6.<br><br>"At the request of the user, the sequence of programming defined by the program sequence file (the selections file illustrated at 351 in FIG. 5) is then reproduced for the listener." Logan, at 8:54-9:4. |
| i) enable a user of the electronic device to select a desired mode of operation from a plurality of modes of operation comprising an | Lipscomb discloses that the electronic device is adapted to enable a user of the electronic device to select a desired mode of operation from a plurality of modes of operation comprising an Internet radio mode of operation and a playlist mode of operation.<br><br>"Local Playback Mode: In this mode, the media player |

| | |
|---|---|
| Internet radio mode of operation and a playlist mode of operation; | engine plays assets that reside on locally internal hard drives, CD, DVD, floppy or other removable media." Lipscomb, at 8:16-21; '063 app., pp. 15, 20-21.<br><br>"Internet Streaming Mode: In this mode, the media player device interacts with an Internet- based source of music or video, such as the portal or other sites capable of streaming audio or video data." Lipscomb, at 8:32-39; *see also id.* at 3:19-20; '063 app., p. 15-16; '829 app., p. 11 (thousands of Internet radio sites).<br><br>"Network Playback Mode: In this mode, the media player is connected to a networked server or a mounted hard drive on a computer, which is on its local network."  Lipscomb, at 8:22-31. |
| ii) receive and play the Internet radio broadcast when the desired mode of operation is the Internet radio mode of operation; and | Lipscomb discloses that the electronic device is adapted to receive and play the Internet radio broadcast when the desired mode of operation is the Internet radio mode of operation.<br><br>"In addition, as described above the portal 300 provides connections to other source sites, such as sources of streaming Internet radio providers." Lipscomb, at 3:19-20; *see also id.* at 8:32-39; '829 app., p. 11 (access to thousands of Internet radio stations); '063 app., p. 16. |
| iii) when the desired mode of operation is the playlist mode of operation: receive the playlist assigned to the electronic device from the central system, the playlist identifying a plurality of songs, | Logan discloses that the electronic device is adapted, when the desired mode of operation is the playlist mode of operation, to receive the playlist assigned to the electronic device from the central system, the playlist identifying a plurality of songs.<br><br>"[T]he audio program player plays program segments in an order determined by a session schedule which identifies an ordered sequence of program segments. The session schedule is preferably created in the first instance by a server subsystem which develops and periodically transmits the session schedule to the player." Logan, at 2:44-54; *see also id.* at 6:51-55;12: 3-15; 18:60-65. |
| Wherein ones of the plurality of songs | Logan discloses that ones of the plurality of songs are not stored on the electronic device. |

| | |
|---|---|
| are not stored on the, electronic device; | "The download compilation file 145, though represented as a single file in FIG. 1, preferably takes the form of one or more subscriber and session specific files which contain the identification of separately stored sharable files. By way of example, the recommended order and the identification of the program files making up an individual playback session are stored in a session schedule file (to be described in detail in connection with FIG. 5) which contains program identifiers of the program segments to be played during an upcoming session. The player 103 downloads the session schedule file and then issues download requests for those identified program segment files which are not already available in the player's local storage unit 107" Logan, at 7:1-13; *see also id.* at 19:4-8, 14:53-15:20. |
| receive information from the central system enabling the electronic device to obtain the ones of the plurality of songs from at least one remote source; | Logan discloses that the electronic device is adapted to receive information from the central system enabling the electronic device to obtain the ones of the plurality of songs from at least one remote source.<br><br>"At the conclusion of a session, subscriber is given the opportunity at 217 to select programming which should be included in the next programming download. To facilitate this selection process, additional programming which fits the subscriber's indicated subject matter preferences, along with additional programming which the server includes as being of particular interest, is identified in a catalog (as periodically supplemented by a download file seen at 308 in FIG. 4) and presented to the user in the form of a proposed program schedule together with a catalog of additional selections which may be substituted or inserted into the proposed schedule." Logan, at 9:31-42.<br><br>"Downloading of actual program segments therefore preferably occurs at the request of the player which ... issues a request for the needed segments using the URLs contained in the players catalog of Program_Segment records." Logan, at 27:24-29. |
| obtain the ones of the plurality of | Logan discloses that the electronic device is adapted to obtain ones of the plurality of songs from at least one |

| songs from the at least one remote source; and | remote source.<br><br>"Downloading of actual program segments therefore preferably occurs at the request of the player which scans the Schedule for program and advertising segments not already available and issues a request for the needed segments using the URLs contained in the players catalog of Program_Segment records." Logan, at 27:24-29. |
|---|---|
| play the audio content indicated by the playlist. | Logan discloses that the electronic device is adapted to play the audio content indicated by the playlist.<br><br>"At the request of the user, the sequence of programming defined by the program sequence file (the selections file illustrated at 351 in FIG. 5) is then reproduced for the listener. . . ." Logan, at 8:54-9:10. |

| Claim 42 | Lipscomb and Logan Patents |
|---|---|
| A method of operation for an electronic device comprising: | Logan discloses a method of operation of an electronic device.<br><br>"The player 103 may be advantageously implemented by a conventional laptop or desktop personal computer including a processor (the client CPU 105), a time of day clock 106, and a data storage system consisting of both high speed RAM storage and a persistent mass storage device, such as a magnetic disk memory, the data storage system being used for storing audio, text and image data at 107 and for storing usage data at 109 which records the nature of the programming reproduced by the player 103" Logan, 4:33-41; *see also id.* at 11:41-45. |
| a) enabling a user of the electronic device to select a desired mode of operation from a plurality of modes of operation comprising an Internet radio mode | Lipscomb discloses a method of operation for an electronic device comprising enabling a user of the electronic device to select a desired mode of operation from a plurality of modes of operation comprising an Internet radio mode of operation and a playlist mode of operation.<br><br>"Local Playback Mode In this mode, the media player engine plays assets that reside on locally internal hard |

| | |
|---|---|
| of operation and a playlist mode of operation; | drives, CD, DVD, floppy or other removable media." Lipscomb, at 8:16-21; '063 app., pp. 15, 20-21.<br><br>"Internet Streaming Mode In this mode, the media player device interacts with an Internet-based source of music or video, such as the portal or other sites capable of streaming audio or video data." Lipscomb, at 8:32-39; *see also id.* at 3:19-20; '063 app., p. 15-16; '829 app., p. 11 (thousands of Internet radio sites).<br><br>"Network Playback Mode In this mode, the media player is connected to a networked server or a mounted hard drive on a computer, which is on its local network." Lipscomb, at 8:22-31 |
| b) playing an Internet radio broadcast when the desired mode of operation is the Internet radio mode of operation; and | Lipscomb discloses playing the Internet radio broadcast when the desired mode of operation is the Internet radio mode of operation.<br><br>"In addition, as described above the portal 300 provides connections to other source sites, such as sources of streaming Internet radio providers." Lipscomb, at 3:19-20; *see also id.* at 8:32-39; '829 app., p. 11 (access to thousands of Internet radio stations); '063 app., p. 16. |
| c) when the desired mode of operation is the playlist mode of operation: i) receiving a playlist assigned to the electronic device via a central system, the playlist identifying a plurality of songs, | Logan discloses, when the desired mode of operation is the playlist mode of operation, receiving the playlist assigned to the electronic device from the central system, the playlist identifying a plurality of songs.<br><br>"According to a further feature of the invention, the audio program player plays program segments in an order determined by a session schedule which identifies an ordered sequence of program segments. The session schedule is preferably created in the first instance by a server subsystem which develops and periodically transmits the session schedule to the player." Logan, at 2:44-54; *see also id.* at 6:51-55,12:3-15, 18:60-65. |
| wherein ones of the plurality of songs are not stored on the | Logan discloses that ones of the plurality of songs are not stored on the electronic device.<br><br>"The download compilation file 145 . . . preferably takes |

| electronic device; | the form of one or more subscriber and session specific files which contain the identification of separately stored sharable files. . . The player 103 downloads the session schedule file and then issues download requests for those identified program segment files which are not already available in the player's local storage unit 107" Logan, at 7:1-13; *see also id.* at 19:4-8, 14:53-15:20. |
|---|---|
| ii) receiving information from the central system enabling the electronic device to obtain the ones of the plurality of songs from at least one remote source; | Logan discloses receiving information from the central system enabling the electronic device to obtain the ones of the plurality of songs from at least one remote source.<br><br>"At the conclusion of a session, subscriber is given the opportunity at 217 to select programming which should be included in the next programming download. To facilitate this selection process, additional programming which fits the subscriber's indicated subject matter preferences, along with additional programming which the server includes as being of particular interest, is identified in a catalog (as periodically supplemented by a download file seen at 308 in FIG. 4) and presented to the user in the form of a proposed program schedule together with a catalog of additional selections which may be substituted or inserted into the proposed schedule." Logan, at 9:31-42.<br><br>"Downloading of actual program segments therefore preferably occurs at the request of the player which scans the Schedule for program and advertising segments not already available and issues a request for the needed segments using the URLs contained in the players catalog of Program_Segment records." Logan, at 27:24-29. |
| iii) obtaining the ones of the plurality of songs from the at least one remote source; and | Logan discloses obtaining ones of the plurality of songs from at least one remote source.<br><br>"Downloading of actual program segments therefore preferably occurs at the request of the player which scans the Schedule for program and advertising segments not already available and issues a request for the needed segments using the URLs contained in the players catalog of Program_Segment records." Logan, at 27:24-29. |

| Claim 63 | Lipscomb and Logan Patents |
|---|---|
| An electronic device comprising:<br><br>a) a wireless transceiver communicatively coupling the electronic device to a base station, the wireless transceiver enabling the electronic device to receive an Internet radio broadcast and communicate with a central system; | Logan discloses an electronic device.<br><br>"The player 103 may be advantageously implemented by a conventional laptop or desktop personal computer including a processor (the client CPU 105), . . . and a data storage system consisting of both high speed RAM storage and a persistent mass storage device, such as a magnetic disk memory, the data storage system being used for storing audio, text and image data at 107 and for storing usage data at 109 which records the nature of the programming reproduced by the player 103." Logan, at 4:33-41.<br><br>Lipscomb discloses an electronic device comprising a wireless transceiver enabling the electronic device to receive an Internet radio broadcast and being further adapted to communicatively couple the electronic device to a central system.<br><br>"Briefly, the present invention is directed to a system and method for distributing digital media assets to a plurality of users. A portal is provided comprising at least one server computer. The portal executes a media library database server application that manages access to a master library of media assets that can be accessed by users via one or more communication networks. Each of a plurality of media player devices communicates with the portal to access media assets for use. Each media player device assists in managing media assets licensed for use by a user." Lipscomb, at 1:33-42; '063 app., p. 18; '829 app., p. 13.<br><br>"The media player device interacts with an Internet-based source of music or video. . . ." Lipscomb, at 8:32-39; '736 app., pp. 1-2; '829 app., p. 11 (access to thousands of Internet radio sites) |
| b) a system enabling playback of audio | Logan discloses a system enabling playback of audio content from a playlist assigned to the electronic device via |

| content from a playlist assigned to the electronic device via the central system; and | a central system.<br><br>"According to a further feature of the invention, the audio program player plays program segments in an order determined by a session schedule which identifies an ordered sequence of program segments. The session schedule is preferably created in the first instance by a server subsystem which develops and periodically transmits to the session schedule to the player." Logan, at 2:44-54; *see also id.* at 6:51-55,12:3-15, 18:60-65.<br><br>"At the request of the user, the sequence of programming defined by the program sequence file (the selections file illustrated at 351 in FIG. 5) is then reproduced for the listener. . . ." Logan, at 8:54-9:10. |
|---|---|
| c) a control system associated with the wireless transceiver interface and the system enabling playback of the audio content indicated by the playlist and adapted to: | Logan discloses a control system associated with the wireless transceiver and the system enabling playback of the audio content indicated by the playlist.<br><br>"The player 103 may be advantageously implemented by a conventional laptop or desktop personal computer including a processor (the client CPU 105),. . . and a data storage system consisting of both high speed RAM storage and a persistent mass storage device, such as a magnetic disk memory, the data storage system being used for storing audio, text and image data at 107 and for storing usage data at 109 which records the nature of the programming reproduced by the player 103." Logan, at 4:33-41; *see also id.* at 9:64-10:6.<br><br>"At the request of the user, the sequence of programming defined by the program sequence file (the selections file illustrated at 351 in FIG. 5) is then reproduced for the listener." Logan, at 8:54-9:4. |
| i) enable a user of the electronic device to select a desired mode of operation from a plurality of modes of operation | Lipscomb discloses that the electronic device is adapted to enable a user of the electronic device to select a desired mode of operation from a plurality of modes of operation comprising an Internet radio mode of operation and a playlist mode of operation. |

| | |
|---|---|
| comprising an Internet radio mode of operation and a playlist mode of operation; | "Local Playback Mode: In this mode, the media player engine plays assets that reside on locally internal hard drives, CD, DVD, floppy or other removable media." Lipscomb, at 8:16-21; '063 app., pp. 15, 20-21.<br><br>"Internet Streaming Mode: In this mode, the media player device interacts with an Internet- based source of music or video, such as the portal or other sites capable of streaming audio or video data." Lipscomb, at 8:32-39; *see also id.* at 3:19-20; '063 app., p. 15-16; '829 app., p. 11 (thousands of Internet radio sites).<br><br>"Network Playback Mode: In this mode, the media player is connected to a networked server or a mounted hard drive on a computer, which is on its local network."  Lipscomb, at 8:22-31. |
| ii) receive and play the Internet radio broadcast when the desired mode of operation is the Internet radio mode of operation; and | Lipscomb discloses that the electronic device is adapted to receive and play the Internet radio broadcast when the desired mode of operation is the Internet radio mode of operation.<br><br>"In addition, as described above the portal 300 provides connections to other source sites, such as sources of streaming Internet radio providers." Lipscomb, at 3:19-20; *see also id.* at 8:32-39; '829 app., p. 11 (access to thousands of Internet radio stations); '063 app., p. 16. |
| iii) when the desired mode of operation is the playlist mode of operation: receive the playlist assigned to the electronic device from the central system, the playlist identifying a plurality of songs, | Logan discloses that the electronic device is adapted, when the desired mode of operation is the playlist mode of operation, to receive the playlist assigned to the electronic device from the central system, the playlist identifying a plurality of songs.<br><br>"[T]he audio program player plays program segments in an order determined by a session schedule which identifies an ordered sequence of program segments. The session schedule is preferably created in the first instance by a server subsystem which develops and periodically transmits the session schedule to the player." Logan, at 2:44-54; *see also id.* at 6:51-55,12: 3-15, 18:60-65. |
| Wherein ones of the | Logan discloses that ones of the plurality of songs are not |

| | |
|---|---|
| plurality of songs are not stored on the, electronic device; | stored on the electronic device.<br><br>"The download compilation file 145, though represented as a single file in FIG. 1, preferably takes the form of one or more subscriber and session specific files which contain the identification of separately stored sharable files. By way of example, the recommended order and the identification of the program files making up an individual playback session are stored in a session schedule file (to be described in detail in connection with FIG. 5) which contains program identifiers of the program segments to be played during an upcoming session. The player 103 downloads the session schedule file and then issues download requests for those identified program segment files which are not already available in the player's local storage unit 107." Logan, at 7:1-13; *see also id.* at 19:4-8, 14:53-15:20. |
| receive information from the central system enabling the electronic device to obtain the ones of the plurality of songs from at least one remote source; | Logan discloses that the electronic device is adapted to receive information from the central system enabling the electronic device to obtain the ones of the plurality of songs from at least one remote source.<br><br>"At the conclusion of a session, subscriber is given the opportunity at 217 to select programming which should be included in the next programming download. To facilitate this selection process, additional programming which fits the subscriber's indicated subject matter preferences, along with additional programming which the server includes as being of particular interest, is identified in a catalog (as periodically supplemented by a download file seen at 308 in FIG. 4) and presented to the user in the form of a proposed program schedule together with a catalog of additional selections which may be substituted or inserted into the proposed schedule." Logan, at 9:31-42.<br><br>"Downloading of actual program segments therefore preferably occurs at the request of the player which ... issues a request for the needed segments using the URLs contained in the players catalog of Program_Segment records." Logan, at 27:24-29. |
| obtain the ones of the | Logan discloses that the electronic device is adapted to |

55

| plurality of songs from the at least one remote source; and | obtain ones of the plurality of songs from at least one remote source.<br><br>"Downloading of actual program segments therefore preferably occurs at the request of the player which scans the Schedule for program and advertising segments not already available and issues a request for the needed segments using the URLs contained in the players catalog of Program  Segment records." Logan, at 27:24-29. |
| --- | --- |
| play the audio content indicated by the playlist. | Logan discloses that the electronic device is adapted to play the audio content indicated by the playlist.<br>"At the request of the user, the sequence of programming defined by the program sequence file (the selections file illustrated at 351 in FIG. 5) is then reproduced for the listener. . . ." Logan, at 8:54-9:10. |

Accordingly, Logan when combined with the Lipscomb renders Claims 1, 42 and 63 of the '652 Patent obvious and unpatentable.

## VI.   <u>CONCLUSION</u>

Petitioner respectfully submits that this Petition shows a reasonable likelihood that Petitioner will prevail with respect to at least one of the claims of the '652 Patent for which Petitioner seeks Review. Accordingly, Petitioner requests that the USPTO grant this Petition, initiate *Inter Partes* Review of Claims 1, 21, 42 and 63 of the '652 Patent, and cancel these claims as unpatentable.

Date:  January 21, 2015                    /George I. Lee Reg. No. 39,269/
                                           George I. Lee

                                           George I. Lee (USPTO Reg. No. 39,269)
                                           Sean M. Sullivan (USPTO Reg. No. 40,191)
                                           Rory P. Shea (USPTO Reg. No. 60,529)
                                           John Dan Smith (USPTO Reg. No. 66,743)
                                           Lee Sullivan Shea & Smith LLP
                                           150 South Wacker Drive
                                           Suite 2400
                                           Chicago, Illinois 60606
                                           Tel:  (312) 754-9602
                                           Fax:  (312) 754-9603
                                           *lee@leesullivanlaw.com*
                                           *sullivan@leesullivanlaw.com*
                                           *shea@leesullivanlaw.com*
                                           *smith@leesullivanlaw.com*

                                           *Attorneys for Petitioner Sonos, Inc.*

## **CERTIFICATE OF SERVICE**

In accordance with 37 CFR § 42.105, I hereby certify that on January 21, 2015, a true copy of the accompanying PETITION FOR *INTER PARTES* REVIEW OF U.S. PATENT NO. 8,050,652, including all exhibits, was served via Federal Express upon the Patent Owner at the following correspondence address of record for the '652 Patent:

> Eugene Farrelly (USPTO Reg. No. 70,631)
> Hugh Svendsen (USPTO Reg. No. 67,925)
> Concert Technology Corporation
> 5400 Trinity Road, Suite 303
> Raleigh NC 27607

Date:  January 21, 2015          /George I. Lee Reg. No. 39,269/
                                 George I. Lee

                                 Lee Sullivan Shea & Smith LLP
                                 150 South Wacker Drive
                                 Suite 2400
                                 Chicago, Illinois 60606
                                 Tel:  (312) 754-9602
                                 Fax:  (312) 754-9603
                                 *sullivan@leesullivanlaw.com*