# **EXHIBIT 12**

| | |
|---|---|
| **From:** | Paige Amstutz <pamstutz@scottdoug.com> |
| **Sent:** | Friday, April 16, 2021 4:25 PM |
| **To:** | mark waltfairpllc.com; Hannah Santasawatkul; txwdml_lawclerks_judgealbright@txwd.uscourts.gov |
| **Cc:** | QE-Sonos3; Sonos-WDTX0881-service |
| **Subject:** | RE: Sonos v. Google - 6:20-cv-00881-ADA - Sonos's Request for Reservation of Pages |

**[EXTERNAL EMAIL]**

Dear Hannah:

Google has, in fact, provided to Sonos a list of terms it intends to ask the Court to construe or hold indefinite, along with its proposed constructions. Google also previously told Sonos that it intends to provide further explanation about its indefiniteness positions later today (which is the deadline for the exchange and narrowing of terms). That is not the issue.

The ripe dispute is that, despite multiple meet and confers, the parties have reached an impasse regarding narrowing terms for claim construction and what is required by the Court's OGP to meet and confer in advance of claim construction briefing. Dkt. 48 at 2 (April 16, 2021: "Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions."). The parties have collectively disclosed more than 20 terms across the five (5) patents that Sonos asserts. Sonos has suggested that each side identify up to 10 terms for construction, which would be twice the presumptive limit under the Court's OGP. Google has met and conferred with Sonos to seek to narrow the number of terms and identify the most important terms for construction, but Sonos has refused to identify grounds for potential compromise for many terms. Accordingly, Google is unable to determine the nature of the claim construction dispute, and indeed, whether there's a dispute at all. Google is thus unable to determine the most important terms to construe because it is unclear what the disputes are for many terms. Given this, Google asks the Court to order Sonos to meaningfully participate in the meet and confer process as required by the Court's scheduling order, so that the parties can seek to identify a reasonable number of terms within the presumptive limit for the Court to construe. To the extent the parties cannot sufficiently narrow after an appropriate meet and confer, Google seeks leave as necessary to construe more terms than the presumptive limit.

Google, too, appreciates the Court's guidance on this issue. As always, let me know if the Court has questions or needs additional information from Google.

All my best,

Paige

---

**From:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Sent:** Friday, April 16, 2021 2:31 PM
**To:** Hannah Santasawatkul <Hannah_Santasawatkul@txwd.uscourts.gov>; txwdml_lawclerks_judgealbright@txwd.uscourts.gov
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Paige Amstutz <pamstutz@scottdoug.com>; Sonos-WDTX0881-service <Sonos-WDTX0881-service@orrick.com>
**Subject:** Sonos v. Google - 6:20-cv-00881-ADA - Sonos's Request for Reservation of Pages

EXTERNAL

Dear Hannah,

Sonos respectfully requests to reserve up to 10 pages from our opening brief to use in our reply claim construction brief. Sonos's opening claim construction brief is due next Friday, and – despite the parties conferring on Tuesday this week and exchanging several other correspondences throughout the week – Google has yet to provide Sonos the list of terms Google is asking the Court to construe or hold indefinite.  Nor has Google provided (either in its invalidity contentions, its proposed constructions, or in response to Sonos seeking this information this week) any of its indefiniteness positions.

As such, Sonos's ability to present a meaningful position, when Sonos does not know Google's position concerning the terms it believes are indefinite (or even what terms Google intends to present to the Court), is severely prejudiced. The reservation of 10 pages provides Sonos the ability to adequately respond to any alleged indefinite term presented by Google, does not increase the number of pages used for briefing, and provides the Court with a responsive argument, as compared to Sonos's "best guess" as to why Google believes a term is indefinite.

The Court's guidance on this matter would be greatly appreciated.

Sincerely,

**Mark Siegmund**
**Walt Fair, PLLC**
mark@waltfairpllc.com
1508 North Valley Mills Drive
Waco, Texas  76710-4462
Telephone: (254) 772-6400
Fax: (254) 772-6432
waltfairpllc.com

---

IMPORTANT - SCOTT DOUGLASS & McCONNICO DISCLAIMER: This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone at (512) 495-6300 and/or email and delete the original message. Thank you.