**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SONOS, INC., <br>           Plaintiff <br><br> v. <br><br> GOOGLE LLC, <br><br>           Defendant | No. 6:20-cv-881-ADA |

**GOOGLE LLC'S MOTION TO STAY CLAIM CONSTRUCTION PROCEEDINGS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1
II. STATEMENT OF FACTS ................................................................................................. 2
III. LEGAL STANDARDS ...................................................................................................... 2
IV. ARGUMENT ...................................................................................................................... 3
    A. Google's Petition Presents A Strong Showing Of A Likelihood Of Success The Merits .................................................................................................................... 4
    B. Google Would Be Irreparably Harmed Absent A Stay If The *Markman* Hearing Proceeds ............................................................................................................... 5
    C. A Brief Stay Of Claim Construction Proceedings Will Not Prejudice Sonos ........ 6
    D. The Public Interest Favors A Stay ......................................................................... 7
V. CONCLUSION .................................................................................................................. 8

# TABLE OF AUTHORITIES

**Page**

### Cases

*American Dredging Co. v. Miller,*
    510 U.S. 443 (1994) ............................................................................................. 7

*B.E. Tech., LLC v. Sony Computer Entm't*,
    No. 12-2826, 2013 WL 524893 (W.D. Tenn. Feb. 11, 2013) ........................................ 8

*Cruson v. Jackson Nat'l Life Ins. Co.*,
    No. 16-cv-00912, 2018 WL 2937471 (E.D. Tex. June 12, 2018) .................................. 8

*E-Watch, Inc. v. Lorex Canada, Inc.*,
    No. 12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ........................................ 7

*General Protecht Group, Inc. v. Leviton Mfg. Co.*,
    651 F.3d 1355 (Fed. Cir. 2011) .............................................................................. 5

*Hilton v. Braunskill*,
    481 U.S. 770 (1987) ............................................................................................. 3

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. 2020) ........................................................................ 3, 4, 5

*In re EMC Corp*,
    501 Fed. App'x. 973 (Fed. Cir. 2013) ..................................................................... 6

*In re Google Inc.*,
    2015 WL 5294800 (Fed. Cir. 2015) ........................................................................ 5

*In re Horseshoe Ent.*,
    337 F.3d 429 (5th Cir. 2003) ................................................................................. 3

*In re Nintendo Co.*, Ltd.,
    544 F. App'x 934 (Fed. Cir. 2013) .......................................................................... 3

*In re SK Hynix Inc.*,
    835 F. App'x. 600 (Fed. Cir. 2021) .................................................................. 3, 4, 7

*In re TracFone, Inc.*,
    848 F. App'x. 899 (Fed. Cir. 2021) ..................................................................... 3, 4

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ............................................................................................. 2

*McDonnell Douglas Corp. v. Polin*,
    429 F.2d 30 (3d Cir. 1970) ............................................................................................... 8

*Nken v. Holder*,
    556 U.S. 418 (2009) ........................................................................................................ 3

*Sparling v. Doyle*,
    No. 13-cv-00323, 2014 WL 12489985 (W.D. Tex. Mar. 3, 2014) ................................... 3

*Weingarten Realty Inv'rs v. Miller*,
    661 F.3d 904 (5th Cir. 2011) ........................................................................................... 8

*YETI Coolers, LLC v. Home Depot U.S.A., Inc.*,
    No. 17-cv-342, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018) ......................................... 3

### **Statutes**

28 U.S.C. § 1404(a) ................................................................................................................ 2, 5

**I.      INTRODUCTION**

Defendant Google LLC ("Google") respectfully requests a brief stay of claim construction proceedings, including the *Markman* hearing scheduled for August 10, 2021, until the Federal Circuit rules on Google's *mandamus* petition which will be filed shortly.

Google expeditiously prepared and filed on January 8, 2021 its motion to transfer to the Northern District of California. However, Sonos, Inc. ("Plaintiff" or "Sonos") insisted on moving forward with venue discovery and did not file its opposition to Google's motion to transfer until the six-month window for discovery permitted by this Court's November 19, 2020 Standing Order Regarding Venue and Jurisdictional Discovery had completely elapsed. As a result, Google's motion to transfer lingered on the docket for seven months and the Court did not issue its opinion denying transfer until August 2, 2021, just eight days before the *Markman* hearing is currently set to proceed.

Controlling Federal Circuit precedent provides that patent cases should be stayed where, as here, the district court is unable to rule on a transfer motion sufficiently in advance of substantial litigation activity—such as the *Markman* hearing—to allow for meaningful appellate review. This principle applies with even greater force where, as here, the request for transfer involves a mandatory forum selection clause requiring that this dispute be litigated in California. While this Court held that the forum selection clause is inapplicable here, Google respectfully disagrees and should have the opportunity to raise this issue with the Federal Circuit and thereby ensure that there are no substantive rulings from a potentially improper venue. Claim construction proceedings are among the most important events in the case and permitting a party to obtain claim-construction rulings from an improper venue would be inappropriate. Further, if the Federal Circuit were to grant mandamus, this Court would have unnecessarily invested substantial time to familiarize itself with the asserted patents and conduct a *Markman* hearing. The parties likewise

would need to re-familiarize a new court with the same patents if this case is dismissed or transferred to another district.

A short stay of claim construction proceedings while the transfer issue is resolved thus will ensure that the correct venue decides the issues of claim construction, and will further judicial economy without causing undue prejudice to Sonos.

## II.   STATEMENT OF FACTS

On September 29, 2020, Sonos filed its original complaint initiating this action.

On January 8, 2021, Google filed a motion to transfer to the Northern District of California pursuant to 28 U.S.C. § 1404(a).  *See* Dkt. No. 34.  Because Sonos was permitted six months to conduct discovery under the Court's November 19, 2020 Standing Order Regarding Venue and Jurisdictional Discovery, Sonos was not required to file its response to Google's motion to transfer until June 15, 2021. Dkt. No. 67.  As a result, the motion was not fully briefed until July 22, 2021, and the Court did not issue its order denying the motion until approximately seven months after Google filed its transfer motion, on August 2, 2021.  Dkt. No. 97.

At the same time, the parties completed claim construction briefing in advance of the transfer motion, pursuant to the Scheduling Order.  Sonos filed its opening claim construction brief months after Google's transfer motion, on April 27, 2021 (Dkt. No. 60), and claim construction briefing was completed on June 29, 2021, just two months later (Dkt. No. 81).  The *Markman* hearing is now scheduled for August 10, 2021.

## III.   LEGAL STANDARDS

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

The Federal Circuit considers four factors in determining whether a case should be stayed pending a mandamus petition: "'(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 425-26 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The factors considered in this district in determining whether a stay is warranted are substantially similar: (1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved by avoiding duplicative litigation. *YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 17-cv-342, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018); *Sparling v. Doyle*, No. 13-cv-00323, 2014 WL 12489985, at *3 (W.D. Tex. Mar. 3, 2014) (using the same three-factor test and granting a stay pending consideration of a motion to transfer). Here, Federal Circuit precedent and all of the factors strongly favor a stay pending the resolution of Google's petition for mandamus.

### IV. ARGUMENT

Federal Circuit precedent makes clear that the Court should issue a stay to provide Google a fair opportunity to seek appellate review of that decision before the *Markman* hearing. Because parties should not be required to undertake substantial litigation activity in an improper or inconvenient forum, the Federal Circuit has repeatedly emphasized that deciding a venue motion is a district court's "top priority." *In re TracFone, Inc.*, 848 F. App'x. 899, 900 (Fed. Cir. 2021); *In re SK Hynix Inc.*, 835 F. App'x. 600, 601 (Fed. Cir. 2021); *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) (citing *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003)); *In re Nintendo Co.*, Ltd., 544 F. App'x 934, 941 (Fed. Cir. 2013) ("[A] trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the

case."). In particular, a "district court must stay all proceedings concerning the substantive issues in the case until such time that it has issued a ruling on the transfer motion *capable of providing meaningful appellate review* …." *In re SK Hynix Inc.*, 835 Fed. App'x at 601 (emphasis added); *see also In re Tracfone Wireless,* 848 F. App'x. at 900 (same).

This precedent establishes the need for a stay here. There is no question that the *Markman* hearing and a potential decision on claim construction constitute "substantial issues" in the litigation, as they are among "the most important and time-intensive tasks a district court undertakes in a patent case." *In re Apple*, 979 F.3d at 1338. And absent a stay, the denial of a transfer motion is not "capable of providing meaningful appellate review" if it occurs only days before the *Markman* hearing. Furthermore, as explained below, each of the stay factors strongly support a stay.

### A. Google's Petition Presents A Strong Showing Of A Likelihood Of Success The Merits

While Google recognizes that the Court denied its transfer motion, Google respectfully submits that its showing of likelihood of success in the Federal Circuit is strong for multiple reasons.

First, Google respectfully submits that the Court erred by refusing to enforce the mandatory exclusive forum selection clauses between Google and Sonos. Google and Sonos began collaborating on the functionality that Sonos now accuses of infringing two patents-in-suit in 2013, and executed at least six contracts that contain or specifically incorporate a mandatory exclusive forum selection clause. Under the forum selection clause, all disputes related to the agreements are to be litigated in California, and this case relates to the agreements because Sonos' Complaint puts the parties' collaboration directly at issue, and Google asserts six affirmative defenses that rely in whole or in part on one of those agreements. Because a non-frivolous nexus exists between

this case and the collaboration agreements (*General Protecht Group, Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011)), there is a strong likelihood that Google will succeed on the merits.

Second, Google also respectfully submits that the Court committed legal and factual errors in analyzing the factors that govern transfer under 28 U.S.C. § 1404(a). The public interest factors—the only factors relevant to the analysis given the presence of a controlling forum selection clause—strongly favor transfer. The Northern District of California ("NDCA") has a substantial local interest in this case given that both parties maintain offices there, Google was founded there, maintains its headquarters and largest U.S. offices there, and designed and developed the accused functionalities there. NDCA is also more familiar with California law, which governs the contractual issues presented by the CIA. And, to the extent court congestion is relevant, it favors NDCA where the parties have an open case assigned to Judge William H. Alsup, who has fewer active cases and faster average time to trial than this district court. Similarly, the private interest factors, including access to these sources of proof, the convenience of the willing witnesses, and the California court's ability to compel any that are unwilling all point strongly toward transfer.

  **B. Google Would Be Irreparably Harmed Absent A Stay If The *Markman* Hearing Proceeds**

Google will face irreparable harm absent a stay by having to litigate the *Markman* hearing and receive claim construction rulings from a forum that the Federal Circuit may deem improper. The Federal Circuit has recognized the prejudice resulting from being forced to engage in claim construction briefing and the claim construction hearing—both of which are either completed or imminent in this case—while transfer issues are pending. *In re Google Inc.*, 2015 WL 5294800, at *1-2 (Fed. Cir. 2015); *see also In re Apple Inc.*, 979 F.3d at 1338 ("[A] *Markman* hearing and

claim construction order are two of the most important and time-intensive substantive tasks a district court undertakes in a patent case."). That prejudice is severe here because the case involves important claim construction issues, including constructions of terms that may be dispositive of certain claims or patents that Sonos has asserted in the litigation. That prejudice is also irreparable because the parties entered into a mandatory forum selection clause that requires that this dispute be litigated in California. If the Court were to move forward with the *Markman* hearing and issue claim construction rulings, Sonos will have circumvented the provision in a manner that Google may not be able to undo.

Additionally, if this case is transferred to NDCA, that court has its own local rules and the court may also wish to conduct its own analysis and hearing, thus causing additional burden and expense. Thus, going forward with the *Markman* hearing in this Court may generate unnecessary added expense, duplicative work, and potentially inconsistent results. Courts resolve transfer motions prior to addressing substantive matters precisely for this reason, *i.e.*, to "prevent the waste 'of time, energy, and money' and protect litigants, witnesses and the public against unnecessary inconvenience and expense … when defendants are forced to expend resources litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket." *In re EMC Corp*, 501 Fed. App'x. 973, 975-76 (Fed. Cir. 2013). A temporary stay of the claim construction proceedings, including the *Markman* hearing scheduled for August 10, 2021, will ensure that the case proceeds in an orderly fashion in the proper venue, avoiding substantial prejudice to Google.

### C. A Brief Stay Of Claim Construction Proceedings Will Not Prejudice Sonos

Plaintiff will not be unduly prejudiced if this case is temporarily stayed pending resolution of Google's mandamus petition. "[T]he mere fact of a delay alone does not constitute prejudice sufficient to deny a request for stay." *E-Watch, Inc. v. Lorex Canada, Inc.*, No. 12-3314, 2013

WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013). This is especially true here because the stay sought by Google should be of a very limited duration and would be narrowly tailored simply to ensure the transfer issues are decided before the *Markman* hearing proceeds. Indeed, the Federal Circuit has addressed similar *mandamus* petitions quickly, in less than a month. *See, e.g., In re SK Hynix Inc. et al.*, No. 2021-113 (Fed. Cir. 2021) (Petition filed on January 22, 2021 and order issued on February 3, 2021). That Sonos did not seek preliminary injunctive relief also confirms that a short, additional stay will not cause undue prejudice.

In fact, a brief stay pending resolution of Google's mandamus petition would be beneficial to both Google and Sonos. It is inefficient and uneconomical for both parties to litigate the merits of the case in this Court while significant uncertainty lingers about whether the case should be here at all, and still more so if certain parts of the proceeding have to be relitigated after transfer to the appropriate forum. And Sonos has failed to identify any time-sensitive reason that the case must proceed with a *Markman* hearing imminently. Indeed, if Sonos wanted to proceed with fact discovery while the mandamus petition is pending, Google would be amenable to doing so, as such discovery would have to be conducted regardless of which forum is ultimately deemed proper.

Accordingly, a brief stay while the transfer issue is resolved will not result in any undue prejudice to Plaintiff. This factor thus weighs in favor of granting the stay.

### D. The Public Interest Favors A Stay

The public interest also favors a stay. As Google demonstrated in its motion to transfer (Dkt. No. 34 at 10), it is in the public interest to try this case in the forum with the strongest ties to the case, which is the Northern District of California. *See American Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994) ("There is a local interest in having localized controversies decided at home.").

Further, a stay would serve the "general public policy of preserving judicial resources from the risk of reversal." *Cruson v. Jackson Nat'l Life Ins. Co.*, No. 16-cv-00912, 2018 WL 2937471, at *5 (E.D. Tex. June 12, 2018) (quoting *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011)). By granting a stay until transfer is fully resolved, this Court can avoid investing its limited time and resources learning about the patents at issue here as part of claim construction when another court may ultimately be responsible for ruling on motions for summary judgment and presiding over trial. *See B.E. Tech., LLC v. Sony Computer Entm't*, No. 12-2826, 2013 WL 524893, at *1 (W.D. Tenn. Feb. 11, 2013) ("Staying the proceedings . . . will allow the Court to properly decide the pending Motions to Change Venue in light of judicial economy and comity."). Further, a temporary stay ensures that the court that will ultimately try this case will be well-informed and properly afforded the benefits of hearing and deciding pretrial issues. *Id*. If this case belongs in NDCA, that court should hear the case from start to finish and make claim construction and other rulings in the first instance. As *McDonnell Douglas Corp. v. Polin*, cited by the Federal Circuit in *In re Fusion-io*, makes clear, "[j]udicial economy requires that . . . the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering [the merits] in two courts." 429 F.2d 30, 30 (3d Cir. 1970).

In sum, a stay pending resolution of the transfer issues ensures that only one court will familiarize itself with the patents at issue here and opine on their proper interpretation. Accordingly, this factor weighs in favor of granting a stay.

## V.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court issue a brief stay of claim construction proceedings until the Federal Circuit rules on Google's forthcoming *mandamus* petition.

DATED:  August 3, 2021                    Respectfully submitted,

By   */s/ Charles K. Verhoeven*

Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice*)
melissabaily@quinnemanuel.com
Jordan Jaffe (*pro hac vice*)
jordanjaffe@quinnemanuel.com
Lindsay Cooper (*pro hac vice*)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875 6600
Facsimile:      (415) 875 6700

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX  78701
Telephone:  (512) 495-6300
Facsimile:  (512) 495-6399
pamstutz@scottdoug.com

*Counsel for Defendant Google LLC*

## CERTIFICATE OF CONFERENCE

I hereby certify that, on August 2, 2021 and August 3, 2021, counsel for defendant conferred with counsel for plaintiff by email regarding the relief requested in Google's Motion to Stay and motion to expedite the briefing schedule. Counsel for plaintiff indicated it opposes Google's motions.

DATED: August 3, 2021                                   /s/ *Charles K. Verhoeven*_____

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 3, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system

DATED: AUGUST 3, 2021                                   */s/Charles K. Verhoeven*_