**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| SONOS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 6:20-cv-00881-ADA |
| | § | |
| GOOGLE LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**SONOS, INC.'S RESPONSE TO GOOGLE LLC'S MOTION TO STAY CLAIM
<u>CONSTRUCTION PROCEEDINGS</u>**

**I.      INTRODUCTION**

Google's motion to stay makes grave misstatements of fact and law.  Sonos must respond to correct the record.  Under the actual facts of this case and the governing legal standard, the Court should deny the stay.  Google cannot demonstrate a "strong" showing of success as this Court clearly found that the present dispute does not arise from the CIA and thus does not trigger the venue selection clause and the facts weighing against transfer are much stronger in this case than even recent cases denying mandamus (including one involving Google).  Google would not be irreparably harmed by a stay because holding a *Markman* hearing does not "harm" either party nor would it result in duplicative work even if mandamus is granted.  Sonos will be irreparably harmed as any stay will likely result in at least a three-to-four-month delay of the *Markman* hearing, which likely jeopardizes the set trial date.

Remarkably, Google attempts to paint Sonos as the party responsible for the time between the order denying transfer and the *Markman* hearing.  But an examination of the facts of this case reveals that it was Google's actions time and time again that have resulted in the posture of this case.  Google should not be rewarded with a stay for its obvious dilatory tactics.

Contrary to Google's claims, Google did not "expeditiously" file its transfer motion. Google first sought an extension of time to Answer Sonos's September 29, 2020 complaint despite having already filed a Declaratory Judgment action ("Google's DJ Case") in the NDCA on the very same patents just one day prior.  Google then filed a motion to dismiss this case under the "first-to-file" rule on November 19, 2020.  The very next day Judge Alsup in the NDCA stayed Google's DJ Case, which Google conceded mooted its motion to dismiss.  Google then waited *seven weeks* to file its motion to transfer on January 8, 2021.

Contrary to Google's claims, Sonos did not wait until the six-month window for venue discovery had elapsed to file its opposition. This Court's orders closed venue discovery on July 8 and permitted Sonos to file its opposition on July 22, 2021. Nevertheless, Sonos filed its opposition to Google's motion to transfer on ***June 15, 2021*** – five months and one week after Google filed its motion to transfer on January 8, 2021. As such, Sonos filed its opposition early, not late.

Despite Google's claims, Google's transfer motion did not "linger[] on the docket for seven months." The Court issued its order less than seven months after Google filed its motion to transfer. In fact, this Court held a hearing on Google's transfer motion a mere two days after the motion was fully briefed and issued an opinion and order on the motion 6 business days later.

Contrary to Google's claims, Sonos has not "failed to identify any time-sensitive reason that the case must proceed with a *Markman* hearing imminently."[1] In fact, Google made zero attempt to meet and confer with Sonos before filing its motion for a stay or its motion to expedite briefing – a violation of this Court's Rule CV-7(G). To be sure, Google asked via email at 6:06pm on August 2 if Sonos opposed this relief. At 7:33pm, Sonos responded that it opposed but nonetheless requested Google's basis in seeking a stay and what briefing schedule it proposed and indicated its availability to confer ***that very night***. Google ignored this and filed this motion the very next day. Had Google opted to confer with Sonos, Sonos would have explained that the time-sensitive reason to conduct the *Markman* hearing according to the Court's schedule is that the Court has already indicated to the parties that its calendar is quite full. In fact, the Court indicated

---

[1] It's unclear what Google is referring to when it claims "Sonos failed to identify any time-sensitive reason." Google never asked Sonos to identify a "time-sensitive reason" and Sonos has had no opportunity (or reason) to provide one. Indeed, this paper is Sonos's first opportunity to provide such a "time-sensitive reason" (to the extent it even needs to).

to the parties that if the parties could not proceed with the *Markman* hearing in August, the Court could not accommodate a rescheduled *Markman* hearing ***until November 2021***.  This undoubtedly prejudices Sonos because it significantly delays the prosecution of this case and jeopardizes the trial schedule.  Google has only increased its infringement since Sonos sought judicial intervention in the beginning of 2020.  Sonos cannot afford to let Google continue its willful infringement with no reckoning.

The proximity of the *Markman* hearing to the order denying transfer was in all practical effect due to Google's failure to expeditiously file its transfer motion at the outset of this case, Google's repeated requests to delay briefing—including its request for two additional weeks to prepare its responsive *Markman* brief and its request for more time to file its reply in support of its transfer motion—and its several-week delay in producing venue discovery after a June 14 court order to do so, which necessitated a sur-reply by Sonos to address it.

After being the cause of nearly every delay of this case, Google has suddenly become imbued with a spirit of urgency to "further judicial economy" by staying *Markman* proceedings. But contrary to Google's allegations, Federal Circuit precedent does not support a stay just because a ruling was provided close to meaningful litigation activity, such as the *Markman* hearing.  A review of Google's cited authority reveals Google's misreading of this authority.

Google's request for a stay is an obvious Hail Mary attempt to relitigate the "mandatory" forum selection in the Content Integration Agreement ("CIA") (which does not apply) and the § 1404(a) transfer factors (which reveal that the Northern District of California ("NDCA") is not a *clearly* more convenient venue than the Western District of Texas ("WDTX")).  Thus, Google's relief should be denied by this Court.

## II.     BACKGROUND

Mid-day on September 28, 2020, Sonos sent an email to Google attaching a draft WDTX Complaint noting that it intended to file this complaint in WDTX on the following day.  Within hours of this email, Google rushed to the NDCA courthouse and filed Google's DJ Case.  The next day, on September 29, Sonos filed its complaint in this case.  After seeking an extension to answer Sonos's complaint in this case, on November 19 Google filed a motion to dismiss this case under Rule 12(b)(3) citing the first-to-file rule.  The next day, November 20, Judge Alsup in the NDCA stayed Google's DJ Case, which Google conceded mooted its motion to dismiss.  ECF No. 27 at 1 ("Google acknowledges its motion was rendered moot by the first-filed court's order staying the first-filed case.").

Google then waited seven more weeks until January 8 when it finally filed an Answer to Sonos's complaint along with a motion to transfer this case to NDCA pursuant to 28 U.S.C. § 1404(a). ECF No. 34.  At that time, this Court's venue discovery rules permitted six months of venue discovery followed by two weeks to file an opposition.[2]  This set a default close of venue discovery at July 8, 2021 and Sonos's opposition due on July 22, 2021.  Despite this, Sonos filed its opposition on June 15, 2021. ECF No. 67.  Shortly after Sonos filed its response, Google requested an extension of time (and additional pages) to file its reply brief.  ECF No. 80.  Sonos filed its sur-reply brief on July 21, 2021. ECF No. 91.  Less than one month after the actual close of venue discovery, and only twelve days after completed briefing, the Court issued its order denying Google's motion on August 2, 2021. ECF No. 97.

---

[2] *See* Standing Order Regarding Venue and Jurisdictional Discovery Limits For Patent Cases, entered November 19, 2020, available at https://www.txwd.uscourts.gov/wp-content/uploads/ Standing%20Orders/Waco/Albright/Standing%20Order%20Regarding%20Venue%20And%20J urisdictional%20Discovery%20Limits%20For%20Patent%20Cases%20111920.pdf.

## III.   ARGUMENT

Google's argument that Federal Circuit precedent requires this Court to provide Google an opportunity to seek appellate review is not only wrong, but lacks common sense.  As an initial matter, and contrary to Google's assertion, this Court affirmatively made the motion to transfer venue a "top priority."  *First*, the Court issued a standing order that ensures motions to transfer are given top priority because, as the order states, "the Court will either promptly enter an order resolving the pending motion(s) prior to the Markman hearing or it will postpone the Markman hearing until it has had the opportunity to do so."  Am. Standing Order Regarding Motion For Inter-District Transfer at 1.  *Second*, the Court permits both the movant and non-movant to engage in venue discovery, which provides the Court and the parties the most accurate information concerning the § 1404(a) factors.  *Third*, the Court issued a written order, over twenty pages in length, within *six* business days of briefing on the issue being completed.  Therefore, it strains credulity that this Court did not give Google's motion "top priority."

More importantly, Google's reliance on *In re SK Hynix Inc.* for the extraordinary proposition that a Court must rule on a motion to transfer with enough time for Google to seek a writ of mandamus is wholly without merit.  While Google cites the phrase "capable of providing meaningful appellate review," Google misleadingly omits the immediately following phrase, which altogether reads as follows:

> . . . a ruling on the motion capable of providing meaningful appellate review ***of the reasons for its decision***.

*In re SK Hynix Inc*., 835 F. App'x 600, 601 (Fed. Cir. 2021) (emphasis added).  Thus, in the proper context, it is indisputable that by "capable of providing meaningful appellate review" the Federal Circuit did not mean that the issuing Judge must issue a ruling with enough time for a party to seek a writ of mandamus prior to whatever that party considered to be further significant litigation

activity.  Rather, the Federal Circuit simply meant that the issuing Judge must set out his or her reasoning in a thoughtful written opinion (as opposed to, say, an oral order or mere minute entry sans reasoning) so that appellate review was capable of being carried out at all.  *See id.* at 601 (citing *In re Lloyd's Reg. N. Am., Inc*., 780 F.3d 283, 290 (5th Cir. 2015) (finding a clear abuse of discretion where district court fails to provide written or oral explanation for a grant or denial of a motion)).

Moreover, the parties in *SK Hynix* were engaged in fact discovery for several months, and the *Markman* hearing was to be held ***before*** the defendant's motion to transfer was decided.  *In re SK Hynix Inc.*, 835 F. App'x 600, 601 (Fed. Cir. 2021).  Here, no fact discovery has begun, nor was the *Markman* hearing set to be held before the Court's written order.  Additionally in *SK Hynix*, the Federal Circuit required this Court to stay fact discovery and other proceedings ***until*** it issued a ruling.  *Id.* at 601 ("we fully expect that the district court will expeditiously rule on its motion.").  Here, the Court has already done just that: it issued a twenty-three-page order setting forth the reasons why Google's motion was denied within ten days of completed briefing in advance of the *Markman* hearing and fact discovery opening.[3]  *See also In re Nintendo Co., Ltd.,* 544 F. App'x 934, 941 (Fed. Cir. 2013) ("[A] trial court must first address whether it is a proper and convenient venue *before* addressing any substantive portion of the case.") (emphasis added).

Google's motion should be thus denied.  But as further detailed below, Google fails to carry its burden to establish that a stay should be entered pending a mandamus petition.

A.      **Google's Petition Is Not Likely to Succeed on the Merits**

---

[3] Additionally, Google's argument would literally require the Court to issue orders on all motions to transfer venue a substantial amount of time before a significant litigation event just so a party can appeal a decision if it does not come out in their favor.  Such a requirement finds no support in any of the cases cited by Google, nor is it practicable.

The Court has twice found that the "mandatory" forum selection clause simply does not apply to the facts of this case no matter how many times Google repeats that it does.  First, during venue discovery, Google requested information from Sonos regarding the parties' collaboration.  *See* Ex. 1.  The Court denied Google's discovery request stating "Google's requested information regarding how the parties collaborated, subject matter of collaboration, and proprietary information shared is not relevant to the venue transfer analysis . . . ."  Ex. 1.  Undaunted, Google again requested this type of information, and at a hearing on the issue, pressed the Court to compel Sonos to produce information regarding "certain forum selection clauses in certain agreements between the parties."  Ex. 3 at 7:12-14.  The Court again denied Google's requested relief, stating "I certainly understand why [the CIA] may be – it may be the key document at trial, I get that.  But for right now all I'm – all I care about for right now is:  Does the case belong here or somewhere else?  And I can't figure out why this document would change my mind in one direction or the other."  *Id.* at 11:17-22.

Google repeats its unsupported arguments once more insofar as it argues that Sonos put the "parties' collaboration directly at issue" and its hypothetical yet-to-be asserted affirmative defenses rely on the CIA, thus allegedly establishing a non-frivolous nexus.  Mot. at 4.  However, as Sonos clearly and unambiguously demonstrated in its briefing (ECF No. 67, 91), there is no nexus between the CIA and this case because this action does not involve a breach or any other dispute ***of the CIA***; rather, this is a patent infringement case concerning *Google's* media players and apps.  Because this dispute does not fall within the scope of the CIA's forum selection clause, the clause is not triggered.  *See Saint Lawrence Commc'ns LLC v. Amazon.com, Inc.,* 2019 WL 2904756, at *4 (E.D. Tex. July 5, 2019) (holding that the dispute at issue "must still fall *within* the scope of the agreement") (emphasis in original).  Thus, Google's forum selection clause arguments

are without merit, and Google cannot maintain its burden to demonstrate any showing – let alone a "strong showing" – it will succeed on this issue.  *See Nken v. Holder,* 556 U.S. 418, 425-26 (2009).

Google's arguments concerning the 1404(a) factors fare no better.  The facts of this case are markedly different from other cases in which the Federal Circuit has required the Court to transfer cases.  For example, the Federal Circuit in *In re Samsung Elect. Co., Ltd.,* noted that "not a single witness has been identified as residing in or near the Western District of Texas."  *See also In re Google LLC,* Case No. 21-144, *Sip Op.* at 3 (Fed. Cir. Aug. 4, 2021) ("the district court found that one or more Google employees in Austin, Texas are potential witnesses, and we are not prepared on mandamus to disturb those factual findings.").  Unlike the plaintiff in *In re Samsung*, Sonos has identified **both** non-party and party relevant witnesses located in this District.  *See* ECF No. 91.  Moreover, Sonos provided evidence that each of the factors disfavors transfer, or at worst for Sonos, is neutral.  Therefore, Google has not come close to carrying its burden to make a "strong showing that it is likely to succeed on the merits."  *Nken*, 556 U.S. at 425.

### B.      Google is Not Irreparably Harmed

Google's claim of irreparable harm is without merit.  First, the cases relied on by Google are inapposite to the facts of this case.  Google cites to both *In re Google* and *In re Apple* for the proposition that it will be harmed because it will be forced into a *Markman* hearing during the time it wants to mandamus this Court.  2015 WL 5294800, at *1 (Fed. Cir. 2015); 979 F.3d 1332, 1337 (Fed. Cir. 2020).  However, Google overlooks a critical distinction – timing.  Here, the Court has already ruled on Google's motion and provided a substantive ruling on the issue.  In the cases cited above, the district court proceeded with fact discovery and *Markman*, despite the pendency of a motion to transfer.  There is no longer any pending motion here.

Additionally, there is no merit to Google's implicit claim that *Markman* briefing would need to be re-done if this case is transferred to California.  For example, in *Fractus S.A. v. ZTE Corporation et al,* No. 3:18-CV-02838 (N.D. Tex. March 15, 2019), the parties completed *Markman* briefing in the Eastern District of Texas.  The case was transferred to the Northern District of Texas after *Markman*.  However, in a seven-page *Markman* ruling, Judge Kinkeade adopted all but one of Judge Gilstrap's claim constructions.  *Id.*  The work done by the parties and Judge Gilstrap on *Markman* prior to transfer was no additional burden on the parties and *eased* the burden on Judge Kinkeade once the case was transferred.  The same rationale applies to this case.

C.      **Conversely, Sonos Will Be Harmed by a Stay**

A stay pending resolution of Google's mandamus petition would irreparably harm Sonos. First, the "short delay" cited by Google is illusory.  Instead, there is likely to be a delay of at least three to four months, as the Court has already indicated to the parties that its schedule is quite full, and a hearing would likely take place no earlier than late November.[4]  Ex. 2.  Additionally, the Federal Circuit decision cited by Google did not involve a substantive review of an order denying transfer; rather, the decision was merely an order directing the Court to rule on the defendant's motion before *Markman*.  *See In re SK Hynix*, 835 Fed. App'x at 601.  Thus, this case is inapposite to the facts here.

Second, a stay is an act against efficiency in its own right.  Even if this case were to be transferred, fact discovery will need to be conducted in either forum.  Indisputably, a patent holder has "an interest in the timely enforcement of its patent right."  *Multimedia Content Management LLC v. DISH Network L.L.C.*, No. 6:18-CV-00207-ADA, Dkt. 73 at 4 (W.D. Tex. May 30, 2019)

---

[4] Although late November is likely inaccurate now as the Court's calendar has undoubtedly filled up between its advisement of this date to the parties and now.

(Albright, J.). Sonos and Google are direct competitors. A three to four month delay significantly prejudices Sonos by continuing to allow Google to infringe Sonos's patents. A stay would also tactically disadvantage Sonos, "as the longer this matter persists, the more likely it is that evidence and witnesses' memories will disappear or deteriorate." *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9:13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015).

## IV.    CONCLUSION

Because Federal Circuit precedent does not support Google's "entitlement" to an automatic review of this Court's venue ruling, and because Google has not carried its burden to justify any stay of the proceedings, the Court should deny Google's motion to stay.

Dated:  August 5, 2021                              Respectfully submitted,

By_____/s/ Mark D. Siegmund___ __
Mark D. Siegmund

Jeffrey L. Johnson
Texas Bar No. 24029638
ORRICK, HERRINGTON & SUTCLIFFE LLP
609 Main Street, 40th Floor
Houston, TX 77002
Telephone:  713.658.6400
Facsimile:  713.658.6401
jj@orrick.com

Clement Seth Roberts (admitted *pro hac vice*)
California Bar No. 209203
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard St.
San Francisco, CA 94105
Telephone:  415.773.5484
Facsimile:  415.773.5759
croberts@orrick.com

Bas de Blank (admitted *pro hac vice*)
California Bar No. 191487
ORRICK, HERRINGTON & SUTCLIFFE LLP

10

1000 Marsh Blvd.
Menlo Park, CA 94205
Telephone:  650.614.7343
Facsimile:  650.614.7401
bdeblank@orrick.com

Alyssa Caridis (admitted *pro hac vice*)
California Bar No. 260103
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa St., Suite 3200
Los Angeles, CA 90017
Telephone:  213.612.2372
Facsimile:  213.612.2499
acaridis@orrick.com

George I. Lee (admitted *pro hac vice*)
Illinois Bar No. 6225430
Sean M. Sullivan (admitted *pro hac vice*)
Illinois Bar No. 6230605
Rory P. Shea (admitted *pro hac vice*)
Illinois Bar No. 6290745
J. Dan Smith (admitted *pro hac vice*)
Illinois Bar No. 6300912
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph St., Floor 5W
Chicago, IL 60661
Telephone:  312.754.9602
Facsimile:  312.754.9603
lee@ls3ip.com
sullivan@ls3ip.com
shea@ls3ip.com
smith@ls3ip.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Attorneys for Plaintiff Sonos, Inc.*