# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| SONOS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 6:20-cv-00881-ADA |
| | § | |
| Google LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFF SONOS, INC.'S SUPPLEMENTAL PRELIMINARY**
**INFRINGEMENT CONTENTIONS AND IDENTIFICATION OF PRIORITY**
**DATES**

Plaintiff Sonos, Inc. ("Sonos" or "Plaintiff") serves its supplemental preliminary infringement contentions ("Supplemental Contentions") and identification of priority dates ("Supplemental Disclosure") regarding infringement by Defendant Google LLC ("Google" or "Defendant") of U.S. Patent No. 10,848,885 ("the '885 Patent.")  Previously, on December 11, 2020, Sonos served its Preliminary Infringement Contentions.  These Supplemental Contentions are intended to supplement those contentions.

Sonos bases this Disclosure on its current knowledge, understanding, and belief as to the facts and information available as of the date of this Disclosure. Sonos has not yet completed its investigation, collection of information, discovery, or analysis relating to this action, and additional discovery, including discovery from Google and third parties, may lead Sonos to amend, revise, and/or supplement this Supplemental Disclosure.  Indeed, discovery in this action has only just begun, Google has not yet produced any documentation regarding the accused products, and Sonos has also not yet had the opportunity to inspect Google's source code for the accused products.  However, the accused functionalities of the accused products are implemented, at least in part, by Google's proprietary and specialized electronics, firmware, and/or software, and the precise designs, processes, and algorithms used to perform the accused functionalities are held secret, at least in part, and are not publicly available in their entirety.  As such, an analysis

of Google's documentation and source code may be necessary to fully and accurately describe every infringing functionality.

For these reasons, Sonos specifically reserves the right to amend, revise and/or supplement this Supplemental Disclosure and/or accompanying exhibits in accordance with any Orders of record in this matter, and Federal Rule of Civil Procedure 26(e), as additional documents and information become available and as discovery and investigation proceed.

Sonos also reserves the right to supplement, modify or amend this Supplemental Disclosure to include additional products or services made, used, sold, or offered for sale in or imported into the United States by Google.

This Supplemental Disclosure is made without prejudice to any position Sonos may take with respect to claim construction. Sonos reserves its right to supplement this Supplemental Disclosure and exhibits based on the Court's claim construction. Sonos further reserves the right to introduce and use such supplemental materials at trial.

The information in this Supplemental Disclosure is not an admission regarding the scope of any claims or the proper construction of those claims or any terms contained therein. The production of documents accompanying this Supplemental Disclosure is not an admission that such documents are admissible and Sonos does not waive any objections regarding admissibility. Sonos reserves the right to supplement its production of documents accompanying this disclosure upon identification or receipt of additional documents, including documents from third parties.

## I.       PRELIMINARY INFRINGEMENT CONTENTIONS

Sonos contends that the '885 Patent is infringed, either individually or in combination, by the following products (individually or collectively, "Accused Product(s)"):

- Cast-enabled media players, including Chromecast, Chromecast Ultra, Chromecast Audio, Chromecast with Google TV, Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Audio, and Nest Wifi Point media players.

Sonos's Supplemental Contentions are attached hereto as Exhibit A. At this stage, Sonos provides charts for the following claims:

- '885 Patent: claims 1-3, 5-10, 12-17, and 19-20 (Exhibit A)

## A. Direct Infringement Under 35 U.S.C § 271(a)

*'885 Patent*: As set forth in Exhibit A, each Cast-enabled media player infringes every asserted claim of the '885 Patent.  Thus, Google has directly infringed and continues to directly infringe each asserted claim of the '885 Patent at least by offering to sell, selling, and/or importing into the United States, Cast-enabled media players.

Further, on information and belief, Google has directly infringed and continues to directly infringe each asserted claim of the '885 Patent by virtue of installing firmware updates onto Cast-enabled media players, which constitutes "mak[ing]" an infringing device under 35 U.S.C § 271(a).

Further yet, on information and belief, Google has directly infringed and continues to directly infringe each asserted claim of the '885 Patent by virtue of Cast-enabled media players installed with firmware, which constitutes "us[ing]" an infringing device under 35 U.S.C § 271(a).

## B. Induced Infringement Under 35 U.S.C § 271(b)

Pursuant to 35 U.S.C. § 271(b), Google also actively, knowingly, and intentionally induced (and continues to actively, knowingly, and intentionally induce) others to make, use, offer to sell, sell, and/or import the Accused Products into the United States.  As noted in Sonos's Amended Complaint, Google had actual knowledge of the Asserted Patents prior to the filing of the Amended Complaint.

*'885 Patent*: As set forth in Exhibit A, each Cast-enabled media player infringes every asserted claim of the '885 Patent.  Despite knowing of the '885 Patent, Google has actively, knowingly, and intentionally induced (and continues to actively, knowingly, and intentionally induce) others to directly infringe the asserted claims by actively encouraging others to make, use, offer to sell, sell, and/or import Cast-enabled media players into the United States in violation of 35 U.S.C. § 271(b).

For example, through Google's website, advertising and promotional material, user guides, the Google Home app (among other apps offered by Google), and/or the Google Play Store, Google has actively, knowingly, and intentionally encouraged and induced (and continues to actively, knowingly, and intentionally encourage and induce) others to install firmware updates onto Cast-enabled media players, and thereby "make[]" an infringing device, which constitutes direct infringement of the asserted claims of the '885 Patent under 35 U.S.C § 271(a).

As another example, through Google's website, advertising and promotional material, user guides, the Google Home app (among other apps offered by Google), and/or the Google Play Store, Google has actively, knowingly, and intentionally encouraged and induced (and continues to actively, knowingly, and intentionally encourage and induce) others to "use" Cast-enabled media players, which constitutes direct infringement of the asserted claims of the '885 Patent under 35 U.S.C § 271(a).

As yet another example, Google has actively, knowingly, and intentionally induced (and continues to actively, knowingly, and intentionally induce) distributors and retailers to "offer[] to sell" and "sell[]" Cast-enabled media players, which constitutes direct infringement of the asserted claims of the '885 Patent under 35 U.S.C § 271(a).

Along with its actual knowledge of the '885 Patent, Google also knew (or should have known) that its actions would induce others to directly infringe the asserted claims of the '885 Patent. For instance, Google has supplied and continues to supply Cast-enabled media players (as well as firmware updates) to users while knowing that the use of Cast-enabled media players will infringe the asserted claims of the '885 Patent.

**B. Contributory Infringement Under 35 U.S.C § 271(c)**

Pursuant to 35 U.S.C § 271(c), Google has also contributorily infringed (and continues to contributorily infringe) the asserted claims of the Asserted Patents by supplying software components in the United Sates to be installed and/or used by users of the Accused Products – each of which is a material component of the Accused Products that has no substantial noninfringing use – with knowledge that the software components were especially made or

-4-

adapted for use in an Accused Product such that the installation and/or use of the software components would result in direct infringement.  As noted in Sonos's Amended Complaint, Google had actual knowledge of the '885 Patent prior to the filing of the Amended Complaint.

*'885 Patent*: Google has contributorily infringed (and continues to contributorily infringe) the asserted claims of the '885 Patent by virtue of the fact that, in addition to importing and selling Cast-enabled media players that come pre-installed with firmware, Google supplies firmware updates for Cast-enabled media players in the United States, and each time a user installs such a firmware update, the user "makes" an infringing device and thereby directly infringes the asserted claims of the '885 Patent under 35 U.S.C. § 271(a).  The software components included in the firmware updates are material components of Cast-enabled media players that are not staple articles or commodities of commerce suitable for substantial noninfringing use because the only possible use for these software components is to be installed and run on Cast-enabled media players.

Along with its actual knowledge of the '885 Patent, Google knew (or should have known) that the software components included in the firmware updates were especially made or adapted for installation on Cast-enabled media players, and that installation of these software components by others resulted in (and continues to result in) direct infringement of the '885 Patent under 35 U.S.C. § 271(a) because each such installation "makes" an updated player that meets every element of every asserted claims.

Moreover, as a result of Google's contributory conduct, others have directly infringed the asserted claims of the '885 Patent.  For example, users have installed the supplied firmware updates onto Cast-enabled media players in the United States, thereby "making" updated Cast-enabled media players, which constitutes direct infringement.  As another example, after installing the firmware updates onto Cast-enabled media players, users have used Cast-enabled media players, which also constitutes direct infringement of the asserted claims.

## II.    IDENTIFICATION OF THE PRIORITY DATE FOR EACH CLAIM OF THE ASSERTED PATENTS

Sonos sets forth that the priority date for each asserted claim is at least as early as:

- '885 Patent (claims 1-3, 5-10, 12-17, and 19-20): September 12, 2006

## III. DOCUMENT PRODUCTION

Accompanying this Disclosure, Sonos produces, *inter alia*, copies of the file history for

each Asserted Patent. The foregoing documents are included in the Bates range SONOS-SVG2-

_____ - SONOS-SVG2-_____.

Dated:  January ___, 2020.                  Respectfully submitted,

By_____
                        /s/ Jeffrey L. Johnson

Jeffrey L. Johnson
Texas Bar No. 24029638
ORRICK, HERRINGTON & SUTCLIFFE LLP
609 Main Street, 40th Floor
Houston, TX 77002
Telephone:  713.658.6400
Facsimile:  713.658.6401
jj@orrick.com

Clement Seth Roberts
California Bar No. 209203
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard St.
San Francisco, CA 94105
Telephone:  415.773.5484
Facsimile:  415.773.5759
croberts@orrick.com

Bas de Blank
California Bar No. 191487
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Blvd.
Menlo Park, CA 94205
Telephone:  650.614.7343
Facsimile:  650.614.7401

bdeblank@orrick.com

Alyssa Caridis
California Bar No. 260103
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa St., Suite 3200
Los Angeles, CA 90017
Telephone:  213.612.2372
Facsimile:  213.612.2499
acaridis@orrick.com

George I. Lee
Illinois Bar No. 6225430
Sean M. Sullivan
Illinois Bar No. 6230605
Rory P. Shea
Illinois Bar No. 6290745
J. Dan Smith
Illinois Bar No. 6300912
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph St., Floor 5W
Chicago, IL 60661
Telephone:  312.754.9602
Facsimile:  312.754.9603
lee@ls3ip.com
sullivan@ls3ip.com
shea@ls3ip.com
smith@ls3ip.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

ATTORNEYS FOR PLAINTIFF SONOS, INC.